UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **C.R. ENGLAND, INC.** | * | **CIVIL ACTION NO. 21-CV-264** |
| Plaintiff | | |
| | * | **SECTION: "R"** |
| **v.** | | |
| | * | |
| **JASON F. GILES, THE KING FIRM,** | | |
| **LLC, GILES LAW, LLC, DAMIAN K.** | * | |
| **LABEAUD, RODERICK HICKMAN,** | | |
| **ANTHONY ROBINSON, AUDREY** | * | |
| **HARRIS, JERRY SCHAFFER, AND** | | |
| **KEISHIRA ROBINSON** | * | |
| Defendants | | |

                        *       *       *

GOVERNMENT'S UNOPPOSED MOTION
AND INCORPORATED MEMORANDUM IN SUPPORT
OF MOTION TO INTERVENE AND STAY PROCEEDINGS

The United States Attorney's Office, through the undersigned Assistant United States

Attorneys, moves this Honorable Court to intervene under Rule 24 of the Federal Rules of Civil

Procedure to stay the instant proceeding filed by C.R. England, Inc. ("C.R. England") until the

conclusion of ongoing federal criminal cases and investigations involving, among others, Damian

Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer, and Keishira

Robinson. Recent indictments and factual basis documents accompanying guilty pleas establish

that the criminal and civil proceedings concern the same facts and circumstances. The criminal

proceedings involve the same witnesses and evidence as the civil trial. Thus, the government

respectfully submits that prudential considerations and interest of the public weigh in favor of a

complete stay of these proceedings until the completion of the criminal case. Counsel for C.R.

England has informed the undersigned Attorneys that C.R. England does not oppose a temporary

stay of the instant proceedings. Judge Lemelle recently stayed a similar civil proceeding arising

out of the same ongoing criminal investigation into staged accidents. *See Southeastern Motor Freight, Inc. v. Patrick Keating et al.*, 20-2398 "B."

I.  **BACKGROUND**

The United States is in the midst of an ongoing criminal investigation involving several conspiracies to intentionally cause motor vehicle accidents with tractor-trailers for the purpose of obtaining money through fraudulent lawsuits. Though the Grand Jury for this district has returned indictments regarding staged car accidents in five cases, the following three are particularly relevant here:

- On December 5, 2019, in *United States v. Damien Labeaud et al.*, 19-219 "L," the Grand Jury returned a superseding indictment against Damien Labeaud, Lucinda Thomas, Mary Wade, Judy Williams, Dashontae Young, Genetta Isreal, Mario Solomon, and Larry Williams. Rec. Doc. 60. This indictment alleges that Damien Labeaud and Mario Solomon staged two car accidents for the purpose of making money from fraudulent lawsuits, one on June 6, 2017, and one on June 12, 2017. *Id*. A jury trial is presently set for Isreal on May 10, 2021. Rec. Doc. 199. Of note, Isreal was in the car accident with Larry Williams on or about June 12, 2017. *Id*. at 9-10. All other defendants have pleaded guilty, but none have been sentenced.

- On August 21, 2020, in *United States v. Roderick Hickman et al.*, 20-080 "I," the Grand Jury returned an indictment against Roderick Hickman, Lois Russell, James Williams, Tanya Givens, John Diggs, Henry Randle, Ryan Wheaten, Dakota Diggs, Bernell Gale, Marvel Francois, and Troy Smith. Rec. Doc. 1. Though this indictment did not charge Labeaud, it alleges that Labeaud and others staged a car accident on March 27, 2017, and that Labeaud and others staged two car accidents on May 17, 2017. *Id*. Hickman, Gale,

Francois, and Smith have pleaded guilty, but have not been sentenced. Russell, Givens, and John Diggs are scheduled for a rearraignment hearing on March 17, 2021. Rec. Doc. 154. The remaining defendants – Williams, Randle, Wheaten, and Dakota Diggs – are set for trial on May 24, 2021.  Rec. Doc. 132.

- On October 16, 2020, in *United States v. Anthony Robinson et al.*, 19-108 "B," the Grand Jury returned an indictment against Anthony Robinson, Audrey Harris, Jerry Schaffer, and Keishira Robinson. Rec. Doc. 1. This indictment alleges that Damien Labeaud and "Co-Conspirator A" (subsequently identified in guilty pleas as Roderick Hickman) staged a car accident for the purpose of making money from fraudulent lawsuits on October 13, 2015. *Id.* All four defendants have pleaded guilty, but none have been sentenced.

Several unnamed co-conspirators are discussed in these indictments. The criminal investigation is ongoing and the government anticipates that additional charges are forthcoming. While certain non-public facts cannot be disclosed due to grand jury rules, the public charging documents in the record indicate that the conspiracies will be proven through phone records, civil lawsuit filings, deposition transcripts, video footage, 9-1-1 call recordings, police reports, medical records, bank records, and witness testimony.

The Complaint in the instant matter names six of the same defendants and covers the same conduct as the criminal cases. Indeed, approximately half of the Complaint, or 44 pages, consists of explicitly detailing the government's Indictments and the Factual Basis documents in the criminal cases. *See* Complaint at 18-62.  For example, the Complaint concerns a lawsuit filed against C.R. England on behalf of Anthony Robinson, Audrey Harris, Jerry Schaffer, and Keishira Robinson regarding a car accident on October 13, 2015. The Complaint alleges that this lawsuit was fraudulent because the accident was staged by Labeaud and Hickman. Documents from the

criminal case form a large part of the allegations that the accident was staged. The Complaint alleges that the fraud is further proven by the fact that similar car accidents occurred on June 6, 2017, June 12, 2017, March 27, 2017, and May 17, 2017. *See* Complaint at 7-8. The two June 2017 car accidents are the same accidents charged in *United States v. Damien Labeaud et al.*, 19-219 "L," and the three March and May 2017 accidents are the same accidents charged in *United States v. Roderick Hickman et al.*, 20-080 "I." In light of this extensive overlap, C.R. England's case will necessarily involve testimony from the same witnesses the government will use in its investigation: passengers, getaway drivers, tractor-trailer drivers, and police officers, among others.

The government has a significant interest in intervening in this case to stay the proceeding in its entirety to manage the scope and manner of discovery in the criminal case and to protect the integrity and truth-seeking function of the criminal proceeding. Further, the government has a significant interest in protecting its prosecution and ongoing investigation from factual and legal arguments in this civil case that would characterize the very same facts at issue in the criminal case before they have been fully developed in the criminal proceeding. The Fifth Circuit and district courts have created a six-factor test based on *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), that guides trial courts in determining whether a stay is warranted pending the outcome of a criminal proceeding. As discussed below, all six factors weigh toward granting a complete stay of the civil case. If a stay is granted, prejudice to the Plaintiff will be minimal because it is unlikely that the Plaintiff will be able to obtain the evidence it needs to prove their case while the criminal case is ongoing. The testimony it needs will necessarily come from witnesses in the parallel criminal case, some of whom will invoke their Fifth Amendment privilege against self-incrimination. Thus, Plaintiff would not be able to proceed to trial until the criminal proceeding is

complete. Relatedly, should the Court permit the civil case to proceed, the criminal investigation will be prejudiced and its truth-seeking mission thwarted.

## II.   ARGUMENT AND AUTHORITIES

### A.   The Court Should Grant the Government's Motion to Intervene.

Rule 24 provides for intervention as "of right" and "permissive" intervention. Intervention as of right "must" be granted when the movant timely files a motion "claim[ing] an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Permissive intervention may be granted where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). The government's Motion satisfies both of these provisions.

The Court should grant leave to intervene as of right because the government has an interest in the civil action that is not adequately protected by the parties in this case. Specifically, the United States has a strong law enforcement interest in managing the scope and manner of discovery in the criminal case, protecting the integrity of the criminal proceedings and the truth-seeking process, and preventing the civil discovery process from impairing or influencing the evidence and testimony that is expected to be offered in the criminal case. *See SEC v. Mutuals.com, Inc.*, No. 3:03-CV-2912-D, 2004 WL 1629929, at *1-2 (N.D. Tex. July 20, 2004) (granting U.S. Attorney leave to intervene as of right to stay discovery in SEC enforcement action in deference to related criminal case based on law enforcement interest, and inadequacy of SEC to protect U.S. Attorney's interest given SEC's obligation to follow civil discovery rules).

Alternatively, the Court should grant permissive intervention because the civil and criminal cases share common questions of law and fact. The cases charged by the government thus far arise

out of the same scheme (staged motor vehicle accidents with fraudulent lawsuits) involving the same evidence and witnesses to these events. Indeed, the civil case focuses most directly on a specific car accident that occurred on October 13, 2015, and none of these defendants have been sentenced yet. Courts routinely allow the government to seek a stay civil cases until the resolution of related criminal cases because "the similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Dominguez v. Hartford Fin. Servs. Grp., Inc.,* 530 F. Supp. 2d 902, 906-07 (S.D. Tex. 2008); *see also Waste Management of Louisiana, LLC v. River Birch, Inc.*, Civil Action No. 11–24052012, 2012 WL 520660, at *4 (E.D. La. Feb. 15, 2012); *Southeast Recovery Group, LLC v. BP America, Inc.*, 278 F.R.D. 162, 168 (E.D. La. 2012).

Intervention is especially justified where, as here, the government seeks to intervene to stay the proceeding to avoid disrupting the progress of a criminal investigation. *See Official Comm. of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan, et al.,* 2019 WL 3858953, at * 2 (E.D. La. August 16, 2019) (granting stay of entire proceeding); *Warren v. Geller,* No. Civ. A. No. 11-2282, 2013 WL 1455688, at *9 (E.D. La. Apr. 9, 2013) (granting government's motion to intervene and stay of the proceeding where civil discovery could disrupt criminal investigation). Here, the government is presently conducting ongoing criminal investigations and anticipates additional charges being filed. Accordingly, the government respectfully submits that the Court should grant the government's Motion to Intervene.

**B.     Courts Routinely Grant Stays of Civil Proceedings Pending the Outcome of Criminal Investigations.**

This Court has the authority to stay civil proceedings pending the outcome of an ongoing criminal investigation. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *Waste Management of Louisiana*, 2012 WL 520660, at *3; *Southeast Recovery Group*, 278 F.R.D. at 165-168;

*Dominguez*, 530 F. Supp. 2d at 905. The seminal case on this issue in this circuit is *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), wherein the government sought a stay of civil proceedings. In *Campbell*, Judge Wisdom outlined the following roadmap for the trial courts considering whether to grant a stay of proceedings pending the result of an ongoing criminal investigation or prosecution:

> There is a clearcut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial, and between the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. [B]ut these distinctions do not mean that a civil action and a criminal action involving the same parties and some of the same issues are so unrelated that in determining good cause for discovery in the civil suit, a determination that requires the weighing of effects, the trial judge in the civil proceeding should ignore the effect discovery would have on a criminal proceeding that is pending or just about to be brought. The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Id.* at 487. *Campbell* advised trial courts to be sensitive to the differences of the policies and objectives of the "well-stocked battery of discovery procedures" of the Federal Rules of Civil Procedure and the "far more restrictive" rules governing criminal procedure. *Id.* Otherwise, defendants in a criminal proceeding may be able to access information through the civil discovery that they would not have been able to receive under the more stringent criminal discovery rules. *Id.* at n. 12. Courts have repeatedly stressed this concern when considering whether to grant a stay. *Campbell*, 307 F.2d at 487; *Southeast Recovery Group*, 278 F.R.D. at 167; *Dominguez*, 530 F. Supp. 2d at 907-08; *S.E.C. v. Mutuals.com, Inc.*, No. Civ.A.3:03-CV-2912-D, 2004 WL 1629929, *2 (N.D. Tex. July 20, 2004); *Agran v. City of New York*, No. 95 CIV. 2170 (JFK), 1996 WL 263023, at *2 (S.D.N.Y. May 16, 1996); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992).

District courts within the Fifth Circuit have considered several factors in determining whether a stay should be granted, including: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Official Comm. of Unsecured Creditors of First NBC Bank Holding Co.*, 2019 WL 3858953, at * 2; *Waste Management*, 2012 WL 520660, at *3-4; *Southeast Recovery Group*, 278 F.R.D. at 166-67; *Dominguez*, 530 F. Supp. 2d at 905; *Mutuals.com*, 2004 WL 1629929, at *3; *State Farm Lloyds v. Wood*, Civil Action No. H-06-503, 2006 WL 3691115, at *1-2 (S.D. Tex. Dec. 12, 2006).

### C. The Government Has Demonstrated the Special Circumstances and Prejudice Necessary to Support a Stay in This Matter.

As set forth below, all six factors weigh in favor of the government's request to intervene and stay this civil case.

#### 1. Many facts of the criminal investigation are identical to the facts of the civil case.

Courts are clear that the similarities in the facts and issues between the civil suit and the criminal matter must be compelling if not "the most important" factor in the analysis of whether to grant a stay. *See Federal Deposit Ins. Corp. v. Ernst & Young LLP*, Civ. A. No. 20-1259 (E.D. La. July 13, 2020) (Fallon, J.), Rec. Doc. 55, at 10 (staying civil matter because "the allegations FDIC-R raises are inherently related to the specific factual circumstances underlying the criminal charges that have already been filed and those that are forthcoming."); *Cont'l Cas. Co. v. St. Angelo*, No. CV 19-13382-WBV-DMD, 2020 WL 425865, at *3 (E.D. La. Jan. 27, 2020) (staying proceeding, in part, because there was substantial overlap between the civil and criminal case); *Official Comm. of Unsecured Creditors of First NBC Bank Holding Co.*, 2019 WL 3858953, at

8

* 2 (same); *Waste Management,* 2012 WL 520660, at *4 (citing cases); *Dominguez,* 530 F. Supp. 2d at 907-08 (staying civil proceeding and finding that "the similarities of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."); *Wood,* 2006 WL 3691115, at *2 (same).

In fact, an earlier civil suit concerning the same facts and circumstances as the ongoing criminal investigation was filed last year by Southeastern Motor Freight Inc. ("Southeastern") against another personal injury attorney, Patrick Keating, as well as Labeaud and Hickman. *See Southeastern Motor Freight, Inc. v. Patrick Keating et al.,* 20-2398 "B." The Complaint in that civil suit concerned a lawsuit filed against Southeastern on behalf of Larry Williams regarding a car accident on June 12, 2017. That car accident was one of the two accidents charged in *United States v. Damien Labeaud et al.,* 19-219 "L," one of the above-mentioned indictments. On September 28, 2020, Judge Lemelle granted a similar motion to intervene and stay by the government pending resolution of the criminal proceedings. *See* Rec. Doc. 10.

Here, as was the case in *Southeastern Motor Freight, Inc. v. Keating et al.,* there is a common nucleus of operative facts in both the civil and criminal matters. This is best illustrated by the fact that a large portion of the Complaint consists of summarizing the criminal Indictments and Factual Basis documents. *See* Complaint at 18-62. The Complaint in this matter details the same October 13, 2015 accident that is the subject of criminal indictment.

The importance of granting a stay is heightened where, as here, a party in the civil case is a criminal defendant, because "self-incrimination is more likely if there is significant overlap" of issues between the criminal and civil cases." *Librado v. M.S. Carriers, Inc.,* No. CIV.A. 3:02-CV-2095D, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002). Here, six of the defendants – Labeaud, Hickman, Anthony Robinson, Harris, Schaffer, and Keishira Robinson – are named

defendants in both actions.  Though all have pleaded guilty, none have been sentenced, and the privilege against self-incrimination remains intact. *See, e.g., Mitchell v. United States*, 526 U.S. 314, 326 (1999) (explaining that the Fifth Amendment right against self-incrimination applies before sentencing because "[w]here the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony."); *Kincy v. Dretke*, 92 F. App'x 87, 91 (5th Cir. 2004).

Additionally, several of the defendants in the pending criminal cases are still set for trial. Specifically, Genetta Isreal is set for trial in *United States v. Damien Labeaud et al.*, 19-219 "L." At this trial, the government would need to call Labeaud as a witness. Moreover, James Williams, Henry Randle, Ryan Wheaten, and Dakota Diggs are set for trial in *United States v. Roderick Hickman et al.*, 20-080 "I." Both Labeaud and Hickman are co-conspirators in this case, and at trial, the government would need to call them both as witnesses. The government would also need to call many other individuals who would also be witnesses in the civil case. These cases could be explored in discovery in the civil case. Accordingly, the similarity of these allegations in the Complaint and indictment, and the necessity to avoid developing inconsistent facts weigh in favor of a stay. *See Ernst & Young LLP*, Civ. A. No. 20-1259 (Fallon, J.), Rec. Doc. 55, at 10 (staying entire proceeding); *Official Comm. of Unsecured Creditors of First NBC Bank Holding Co.*, 2019 WL 3858953, at * 2 (same); *Waste Management,* 2012 WL 520660, at *4 (same); *Southeast Recovery Group*, 278 F.R.D. at 168 (same); *Dominguez,* 530 F. Supp. 2d at 907-08 (same).

### 2.    The criminal investigation is active and ongoing.

The second factor—the status of the criminal investigation—also supports a stay. While the criminal investigation has produced some charges and guilty pleas, the investigation into potential criminal violations of other co-conspirators is ongoing. While grand jury secrecy rules prevent the government from disclosing details of ongoing criminal investigations, the documents

in the record state that some of the defendants assisted in staging a large number of car accidents. To date, the government has only charged a handful of these accidents. The indictments also allege the participation of several co-conspirators who have not been charged at this time.  *Cf. Official Comm. of Unsecured Creditors of First NBC Bank Holding Co.,* 2019 WL 3858953, at * 2 ("The Bill of Information charging St. Angelo with criminal wrongdoing . . . indicates that others, including the unidentified Bank President A and Bank Officer B, may have committed criminal acts. Based on those facts, the Court believes that several of the defendants in this matter have a real and appreciable risk of self-incrimination by proceeding with discovery in this case.").

Courts, including the Fifth Circuit, have held that a stay of parallel civil proceedings is appropriate where a criminal investigation is ongoing. *See Cont'l Cas. Co.*, 2020 WL 425865, at *3 (granting stay where additional indictments were possible); *Waste Management*, 2012 WL 520660, at *3-6 (same); *Mutuals.com,* 2004 WL 1629929, at *3 (noting that civil cases may be stayed where there is the possibility of a criminal charge). Indeed, grounds for granting a stay prior to an indictment are "often strongest before an indictment is handed down" because it is necessary to "protect an ongoing criminal investigation[] and pending grand jury hearings." *See Southeast Recovery Group*, 278 F.R.D.162, 167-68 (E.D. La. 2012) (citation omitted).

While some indictments have been returned, the government can represent that the investigation is ongoing. Future charges are expected. Therefore, prudence favors a stay of all proceedings in this case.

> **3.      The prejudice to plaintiffs based on a delay of the civil proceedings will not be substantial.**

While the Plaintiff has a financial incentive to proceed expeditiously in this matter, any delay caused by a stay will not operate as a substantial prejudice. Once any criminal trial ends, civil discovery and motion practice could be conducted, as necessary. *See SEC v. Chestman*, 861

F.2d 49, 50 (2d Cir. 1988) ("so far as preparation for trial in the civil action is concerned, appropriate opportunities for discovery can be allowed when the stay is lifted"). Further, C.R. England may benefit from a stay because it may be able to use information that comes to light during the criminal investigation, resolve issues that would otherwise be disputed, and even facilitate settlement, avoiding costly litigation and trial. *See Waste Management*, 2012 WL 520660, at *4. Additionally, on February 11, 2021, Doug Williams, counsel for C.R. England, informed the undersigned Assistant United States Attorneys that the plaintiff consents to a stay of the instant proceedings to allow the criminal case to proceed.

### 4. The interests of the defendants support the Government's request for a stay.

The fourth factor—the interest of the civil defendants—likewise weighs in favor of the United States' request for a stay. David Courcelle, counsel for attorney Jason Giles, Giles Law, LLC, and The King Firm, LLC; Steve Lemoine, counsel for Damien Labeaud; Clarence Roby, counsel for Roderick Hickman; John Fuller, counsel for Anthony Robinson and Audrey Harris; Gary Wainright, counsel for Jerry Schaffer; and Gregory Carter, counsel for Keishira Robinson; have informed the undersigned that they agree that a stay is necessary. As noted above, defendants still have a Fifth Amendment right against self-incrimination through sentencing. *See Mitchell*, 526 U.S. at 326. Moreover, the civil defendants would be prejudiced in their ability to conduct discovery if forced to defend this civil case while the criminal case is ongoing. Many critical witnesses in the civil matter are named defendants in the criminal case who have not been sentenced, including several defendants who are set for trial. Additional witnesses could possibly include unindicted co-conspirators in the charged criminal cases. Such witnesses still have Fifth Amendment rights. As a result, the defendants to the Complaint will be unable to fully present a defense to their civil case if they are unable to take testimony from these witnesses.

**5.    The public's interests, as well as this Court's interests, weigh in favor of a stay.**

As to the fifth and sixth factors, the role of the United States as prosecutor of federal crimes is designed to serve not only the victims of the crime, but also the general public. In that sense, it can be fairly stated that "the public has a well-deserved interest in seeing that criminal matters are handled thoroughly and expeditiously, without being compromised by concurrent civil matters." *Official Comm. of Unsecured Creditors of First NBC Bank Holding Co.*, 2019 WL 3858953, at * 2; *see Campbell*, 307 F.2d at 487 ("administrative policy gives priority to the public interest in law enforcement"). In this case, the public interest in law enforcement greatly outweighs any interest in resolving the civil action first or in a way that would jeopardize the criminal investigation.

First, allowing the civil case to proceed could damage the integrity of the criminal case by inhibiting the government's ability to preserve the usefulness of its anticipated trial witnesses. *See In re WorldCom Sec. Litig.*, 2002 WL 31729501, at *9 (S.D.N.Y. Dec. 5, 2003) (observing that U.S. Attorney "has a significant interest in preserving the usefulness of cooperating defendants as Government witnesses"). Whereas in a criminal case, the United States can carefully interview and prepare anticipated trial witnesses in a manner designed to avoid educating those witnesses about matters outside of the scope of their personal knowledge to preserve their usefulness and avoid confusion, civil discovery affords litigants broad rights to examine non-party witnesses under oath about "any non-privileged matter that is relevant to any party's claim or defense" or, for good cause, "any matter relevant to the subject matter involved in the action[,]" even if the information would not be admissible at trial. Fed. R. Civ. P. 26(b)(1). For example, if a deposition question calls for speculation and objections are made, the party is permitted to ask the question and the witness is required to answer. Fed. R. Civ. P. 30(c)(2). The party is thus permitted to show the witness documents that the witness has never seen and ask questions about them, ask about

meetings or conversations to which they were not privy, and inquire about other matters outside the scope of the witness's personal knowledge. This procedure upsets the truth-seeking process by polluting the witness's memory with information outside of his personal knowledge. Zealous advocacy on behalf of the Plaintiff and defendants in this civil matter contravenes the government's compelling law enforcement interest in preserving, untainted, the integrity of an anticipated trial witness's memory, perception, and personal knowledge necessary for the criminal proceedings.

Next, even issues that may first appear to be purely legal questions are likely to evolve into factual disputes that could compromise the criminal investigation. For example, should the defendants file a motion to dismiss or motion to compel arbitration, it is very possible the parties will need to flesh out factual questions that will impact the criminal case. It will be difficult for the government to follow these disputes and prevent them from affecting the criminal investigation. Although the parties may believe that their disputes are purely legal at this time, no one knows how the proceedings will unfold and no one can guarantee that the parties will be able to navigate their disputes without making factual representations or developing evidence. In other words, the United States Attorney's Office cannot effectively pursue its criminal investigation if witnesses, targets, and defendants are suing and deposing each other or making characterizations about the investigation in court filings. A stay of all proceedings would be in the best interests of justice and judicial economy. As Judge Fallon noted in another recent case:

> [T]he Court is concerned that anything save a complete stay would impair the criminal proceeding because the legal issues involved in the resolution of 12(b) motions and arbitration-related motions will inherently spillover into factual disputes. This fear is not merely speculative, as FDIC-R claims, because legal issues do not exist in a vacuum. Legal issues are contextualized by facts and the Court's ruling on those issues would invariably require it to consider and comment upon the facts presented by both sides.

*Ernst & Young LLP*, Civ. A. No. 20-1259 (Fallon, J.), Rec. Doc. 55.

Additionally, interests of judicial economy counsel in favor of a stay of civil proceedings pending the outcome of an ongoing criminal matter. Permitting the criminal case to proceed first, unhindered by the civil proceeding, will streamline issues in this civil case, since there will be no need to make rulings on evidentiary or discovery issues in the civil case which may be disposed of by the criminal matter. *See Waste Management,* 2012 WL 520660, at *5 (noting that stay of civil case was warranted because criminal matter may streamline the civil case). The "conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil case and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges." *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 406 (S.D. Tex. 2009). Resolution of the criminal case could also preclude the defendants from relitigating issues that were conclusively determined by the higher standard of proof in a criminal proceeding, thus substantially streamlining any future civil proceedings. *See United States v. Thomas*, 709 F.2d 968, 972 (5th Cir. 1983) ("Because of the existence of a higher standard of proof and greater procedural protection in a criminal prosecution, a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action."). If a stay is not granted, it is almost certain that duplicative legal findings would occur. With a stay, collateral estoppel or res judicata could narrow some or all of the overlapping issues and prevent inconsistent rulings. *United States v. Acadiana Cardiology, LLC*, Civil Action No. 04-732, 2014 WL 1320157, at *3 (W.D. La. 2014) ("It is well established that a prior criminal conviction may work [as] estoppel . . . in a subsequent civil proceeding.").

For these reasons, when faced with a similar situation arising out of the same criminal

prosecution of staged accidents, a court in this district recently stayed the civil case in favor of allowing the criminal cases to proceed. *See Southeastern Motor Freight, Inc. v. Patrick Keating, et al.*, No. CV 20- 2398 (E.D. La. Sept. 28, 2020). Other courts in this district have similarly stayed civil cases in favor of allowing criminal cases for bank fraud to proceed. *See Fed. Deposit Ins. Corp. v. Ernst & Young LLP*, No. CV 20-1259, 2020 WL 3960345 (E.D. La. July 13, 2020); *Cont'l Cas. Co. v. St. Angelo*, No. CV 19-13382-WBV-DMD, 2020 WL 425865, at *3 (E.D. La. Jan. 27, 2020; *Official Comm. of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan, et al.,* 2019 WL 3858953 (E.D. La. August 16, 2019); *Academy Place, LLC v. Ryan*, No. CV 18-10881, 2019 WL 3974793, at *1 (E.D. La. Aug. 22, 2019). The government respectfully asserts that much of the reasoning in those decisions applies with equal force to this case.

## III.   <u>CONCLUSION</u>

For the reasons stated herein, grounded in well-established Fifth Circuit law, the United States respectfully requests that this Court grant its Unopposed Motion to Intervene and Stay this civil proceeding until the conclusion of the parallel criminal matter.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY


*s/Shirin Hakimzadeh*
SHIRIN HAKIMZADEH
MARIA M. CARBONI
BRIAN M. KLEBBA
EDWARD RIVERA
Assistant United States Attorneys
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone:  (504) 680-3144
E-Mail: shirin.hakimzadeh@usdoj.gov

16

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_s/Shirin Hakimzadeh_
SHIRIN HAKIMZADEH
Assistant United States Attorney
