**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **C.R. ENGLAND, INC.** | § | **CIVIL ACTION NO. 21-264** |
| **Plaintiff** | | |
| | § | |
| **VERSUS** | | **SECTION: "R" (5)** |
| | § | |
| **JASON F. GILES, THE KING FIRM, LLC, GILES LAW, LLC, DAMIAN K. LABEAUD, RODERICK HICKMAN, ANTHONY ROBINSON, AUDREY HARRIS, JERRY SCHAFFER AND KEISHIRA ROBINSON** | § | **JUDGE: SARAH S. VANCE** |
| | § | |
| | § | |
| **Defendants** | § | **MAGISTRATE: MICHAEL B. NORTH** |

### RICO CASE STATEMENT
### IN RESPONSE TO RICO STANDING ORDER (R. DOC. 4)

NOW INTO COURT, through undersigned counsel, comes Plaintiff, C.R. England, Inc. ("C.R. England"), which submits the following RICO Case Statement in response to the RICO Standing Order (R. Doc. 4), providing the following statement including the facts relied upon by Plaintiff to initiate the RICO Complaint (R. Doc. 1) as a result of the "reasonable inquiry" required by Federal Rule of Civil Procedure 11.

### CASE STATEMENT REGARDING
### RICO CLAIMS AND UNLAWFUL CONDUCT IN VIOLATION OF
### 18 U.S.C. SECTION 1962(C) and (D)

1. **State whether the alleged unlawful conduct is in violation of 18 U.S.C. Sections 1962(a), (b), (c), and/or (d). If you allege violations of more than one Section 1962 subsection, treat each as a separate RICO claim**.

C.R. England has alleged in its RICO Complaint two separate RICO causes of action against all Defendants in violation of 18 U.S.C. Sections 1962(c), and in violation of 18 U.S.C. Sections 1962(d).

- 1 -

C.R. England instituted this RICO Complaint against Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson (R. Doc. 1), regarding an "Enterprise" which they established, financed, owned, operated and/or participated in to recruit individuals to knowingly participate in a scheme to stage numerous automobile accidents in the New Orleans area in an effort to defraud insurance and trucking companies, including the staged accident at issue of October 13, 2015. The purpose of the Enterprise to stage these automobile accidents was to file personal injury claims on behalf of the occupants of the vehicles knowingly involved in the staged accidents in order to fraudulently recover monies from the trucking company and/or insurance company through settlement or otherwise, and conspiring to commit and actually committing wire and mail fraud in furtherance of the fraudulent scheme and Enterprise.

Plaintiff, C.R. England, Inc., was the employer of tractor trailer driver, Ronan Ryan, who was operating the C.R. England owned tractor trailer at the time of the staged accident of October 13, 2015, and was a defendant in the lawsuits filed regarding the alleged injury resulting to the occupants of the vehicle in the staged accident which were complicit with the Enterprise and knowingly engaged in the staged accident. C.R. England was insured by ACE American, a Pennsylvania corporation which is an indirect, wholly owned subsidiary of Chubb Limited (NYSE: CB), a public entity. C.R. England was self-insured for vehicle accidents for claims up to its self-insured limits, and ACE American provided excess insurance coverage for C.R. England for claims which exceeded C.R. England's self-insured limits. C.R. England utilized law firms based in Louisiana to provide legal representation with respect to the staged accident that occurred on October 13, 2015. Pursuant to the insurance contract, C.R. England contributed the entirety of its self-insured retention for the payment of all attorney's fees, costs and expenses

2033285.v1

in defense of the Harris Lawsuit and Robinson Cross-Claim. This included contribution of $2,013,422.87 of the total settlement amount of $4,725,000.00, of the entirety of the fraudulent claims made in the Harris Lawsuit and Robinson Cross-Claim, with the remainder being paid by ACE American. C.R. England has suffered damages and injury as a result of the unlawful conduct in violation of 18 U.S.C. Sections 1962(c) and (d), along with violations of Louisiana state racketeering and other state laws arising out of the same unlawful conduct, i.e., violations of La. Civ. Code art. 1953, *et seq*., La. Civ. Code art. 2324, *et seq*., and La. R.S. 15:1353(A), (B), (C) and (D).

CLAIM 1 – C.R. England contends that all Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, participated in the following unlawful conduct in violation of 18 U.S.C. Section 1962(c), by being a part of an Enterprise engaged in interstate commerce and conduct, or participating in the conduct of, such Enterprise's affairs through a pattern of racketeering activity.

CLAIM 2 - C.R. England contends that all Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, participated in the following unlawful conduct in violation of 18 U.S.C. Section 1962(d), by conspiring to violate the provisions of 18 U.S.C. Section 1962(c), by conspiring to be a part of an Enterprise engaged in interstate commerce and conduct, or conspiring to participate in the conduct of such Enterprise's affairs through a pattern of racketeering activity.

The following facts in Section 2 below are common to all causes of action made in the Complaint (R. Doc. 1) and form the factual basis and "reasonable inquiry" required by Federal

Rule of Civil Procedure 11, including but not limited to the RICO claims herein pursuant to 18 U.S.C. Section 1962(c) and (d). For the reasons set forth in Section 2 below, C.R. England shows that Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, participated in the following unlawful conduct in violation of 18 U.S.C. Section 1962(c) and (d):

2. **List <u>each</u> defendant and state the alleged misconduct and basis of liability of <u>each</u> defendant.**

The Defendants within C.R. England's RICO action pursuant to 18 U.S.C. Section 1962(c) are Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson. The alleged misconduct and basis of liability of each defendant are listed separately below:

<u>**Alleged Misconduct and Basis of Liability Regarding**</u>
<u>**Defendant, JASON F. GILES**</u>

Jason F. Giles (Mr. Giles), James E. Courtenay (Mr. Courtenay) and Anthony J. Milazzo, III (Mr. Milazzo) are attorneys licensed to practice law in the State of Louisiana, who, at all times at issue herein, operated The King Firm, LLC, together with other attorneys in New Orleans. At all times relevant herein, Jason F. Giles was also the sole manager and member of Giles Law, LLC, a law firm domiciled in the State of Louisiana, which is the personal law firm of Jason F. Giles and domiciled at the same address of The King Firm, LLC. Mr. Giles was a member of The King Firm, LLC, in his personal capacity and/or through his personal law firm, Giles Law, LLC. Toni Arnona (Ms. Arnona) is an attorney licensed to practice law in the State of Louisiana, who, at all times at issue herein, operated the law firm of Arnona Rose, LLC, together with other attorneys in New Orleans. Mr. Giles, Mr. Courtenay, Mr. Milazzo and The King Firm

were the attorneys of record for Plaintiffs, Audrey Harris, Jerry Schaffer and Keishira Robinson, in the underlying litigation entitled *Audrey Harris, et al, versus C.R. England, et al*, Suit No. 2016-09608, Div. "A," Civil District Court for the Parish of Orleans, State of Louisiana ("Harris Lawsuit"). The Harris Lawsuit was filed by Mr. Courtenay and The King Firm on behalf of these Plaintiffs to recover damages from C.R. England and its insurer arising out of a staged accident which occurred on October 13, 2015, between a C.R. England tractor trailer and a vehicle owned (and allegedly operated) by Anthony Robinson, in which Audrey Harris, Jerry Schaffer and Keishira Robinson were guest passengers. Mr. Giles of The King Firm referred the alleged driver, Anthony Robinson, to the Arnona Rose law firm. Ms. Arnona of the Arnona Rose law firm filed a Cross-Claim on behalf of Anthony Robinson in the Harris Lawsuit, also seeking damages from C.R. England and its insurer arising out of the staged accident ("Robinson Cross-Claim").

Plaintiff, C.R. England, Inc., was the employer of tractor trailer driver, Ronan Ryan, who was operating the C.R. England tractor trailer at the time of the staged accident of October 13, 2015. C.R. England was insured by ACE American, a Pennsylvania corporation which is an indirect, wholly owned subsidiary of Chubb Limited (NYSE: CB), a public entity. C.R. England was self-insured for vehicle accidents for claims up to its self-insured limits, and ACE American provided excess insurance coverage for C.R. England for claims which exceeded C.R. England's self-insured limits. C.R. England utilized law firms based in Louisiana to provide legal representation with respect to the staged accident that occurred on October 13, 2015. Pursuant to the insurance contract, C.R. England contributed the entirety of its self-insured retention for the payment of all attorney's fees, costs and expenses in defense of the Harris Lawsuit and Robinson Cross-Claim. This included contribution of $2,013,422.87 of the total settlement amount of

$4,725,000.00, of the entirety of the fraudulent claims made in the Harris Lawsuit and Robinson Cross-Claim, with the remainder being paid by ACE American.

As set forth in more detail herein, C.R. England and its excess insurer, ACE American, were fraudulently induced to settle the Harris Lawsuit and Robinson Cross-Claim arising out of a staged accident. After the settlement, the United States Attorney for the Eastern District of Louisiana filed an indictment herein on October 16, 2020, for mail fraud and conspiracy to commit mail fraud arising out of the staged accident of October 13, 2015, entitled *United States of America v. Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson*, Criminal No. 20-00108, United States District Court, Eastern District of Louisiana ("the indictment"). Within the indictment, the details regarding the staged accident at issue, along with the criminal enterprise to stage numerous other accidents, is set forth in detail. The indictment includes the acts and involvement of the previously indicted "slammer," Damien Labeaud (who had previously pled guilty to his role in criminal enterprise to stage numerous accidents with tractor trailers), a "slammer/spotter" referred to as "Co-Conspirator A" (who was subsequently identified in the guilty pleas as Roderick Hickman), and the involvement of the attorneys herein. Upon information and belief, all references within the indictment to "Attorney A" refer to Mr. Giles of The King Firm, all references within the indictment to "Attorney B" refer to Mr. Courtenay of The King Firm, and all references within the indictment to "Attorney C" refer to Ms. Arnona of the Arnona Rose law firm. Moreover, as subsequently identified in the guilty pleas discussed herein, all reference within the indictment to "Co-Conspirator A" refer to Roderick Hickman.

The October 20, 2020, indictment at issue is only one (1) of at least six (6) currently existing indictments entered by the Grand Jury in the Eastern District of Louisiana arising out of

2033285.v1

the criminal enterprise to stage accidents with tractor trailers. To date, thirty-three (33) individuals have been indicted, of which fifteen (15) have entered guilty pleas. Within the current guilty pleas and the factual basis signed by the parties who have pled guilty, there have been admissions that this criminal enterprise has conducted at least one hundred and fifty (150) known separate staged accidents involving tractor trailers in and around the New Orleans area between 2015 and 2018. Notably, members of The King Firm are also implicated in several of the other indictments, specifically Mr. Giles who is alleged to have knowingly paid Mr. Labeaud to stage accidents with tractor trailers since 2015 and to bring the persons involved in the illegally staged accidents to Mr. Giles and The King Firm for representation in personal injury lawsuits as part of a scheme and artifice to defraud tractor trailer companies and their insurers with fraudulent claims of bodily injury to obtain settlements and/or trial awards through fraud, in addition to Mr. Labeaud and Mr. Hickman both working as runners for The King Firm. It is believed that while this RICO Complaint is pending, many more indictments will be filed, guilty pleas will be entered and additional staged accidents will be identified, thereby publicly identifying additional actors and participants in this criminal enterprise. The current existing indictments arising out of this criminal enterprise to stage accidents, and information currently known to C.R. England, are as follows.

On or about October 24, 2019, and December 5, 2019, the U.S. Attorney's Office for the Eastern District of Louisiana issued the initial two (2) indictments regarding the criminal enterprise and fraud scheme to stage numerous accidents, publicly connecting two staged accidents of June 6, 2017, and June 12, 2017, and the lawsuits and participants therein. The criminal matter regarding these staged accidents is entitled *United States of America v. Damian Labeaud, Lucinda Thomas, Mary Wade, Judy Williams, Dashontae Young, Genetta Isreal, Mario*

2033285.v1

*Solomon and Larry Williams*, Criminal No. 19-219, Section L, United States District Court, Eastern District of Louisiana. Attorney, Danny Patrick Keating Jr., was implicated in this indictment as "Attorney A," along with the slammers/spotters who orchestrated these staged accidents, Damian Labeaud and Mario Solomon. Notably, the following have pled guilty from this indictment regarding their roles in the criminal scheme to stage accidents with tractor trailers: Damian Labeaud, Mario Solomon, Mary Wade, Lucinda Thomas, Judy Williams, Dashontae Young and Larry Williams.

On or about August 21, 2020, the U.S. Attorney's Office for the Eastern District of Louisiana issued another indictment in the criminal enterprise and fraud scheme to stage numerous accidents, publicly connecting three additional staged accidents (one on March 27, 2017, and two on May 17, 2017), and the lawsuits and the participants therein. The criminal matter regarding these staged accidents is entitled *United States of America v. Roderick Hickman, Lois Russell, James Williams a/k/a "Curtis Williams," Tanya Givens, John Diggs, Henry Randle, Ryan Wheaten, Dakota Diggs, Bernell Gale, Marvel Francois and Troy Smith*, Criminal Suit No. 20-00080, United States District Court, Eastern District of Louisiana. Attorney, Danny Patrick Keating Jr., was again implicated in this indictment as "Attorney A," along with the slammers/spotters who orchestrated the staged accidents, Damian Labeaud and Mario Solomon, and a newly identified slammer/spotter, Roderick Hickman. Moreover, The King Firm and three attorneys of the firm were also referred to in this indictment as Attorney C, Attorney D and Attorney E, who upon information and belief, are Mr. Giles, Mr. Courtenay and Mr. Milazzo, respectively. The indictment alleges that Mr. Keating and Mr. Giles of The King Firm knowingly conspired to stage accidents with tractor trailers for the purpose of making fraudulent bodily injury claims, including paying the slammers to recruit participants and stage

2033285.v1

these accidents with tractor trailers, and communicating with the slammers by cell phone using coded language to refer to the staged accidents. In fact, the indictment alleges that the slammers also worked as runners for Mr. Keating and Mr. Giles of The King Firm. The known existing cell phone records from 2017 of slammer, Damian Labeaud, who has since plead guilty to his role in the staged accidents, contain numerous communications with the cell phones of Mr. Keating, Mr. Giles, Mr. Milazzo and Mr. Courtenay in 2017. Notably, the following have plead guilty from this indictment regarding their roles in the criminal scheme to stage accidents with tractor trailers: Roderick Hickman (slammer), Bernell Gale, Troy Smith and Marvel Francois.

Notably, the staged accident of May 17, 2017, in the above indictment occurred at the intersection of Calliope and Tchoupitoulas/Hwy 90 in New Orleans. This intersection is within one block of the law firm of Arnona Rose, which is visible from the intersection. Many other lawsuits have been identified to have arisen from "accidents" at this same location in the same manner, and many have also been connected with cell phone communications between the Plaintiffs and the known slammers/spotters. A sample of these lawsuits from "accidents" at this intersection occurred on (1) on May 17, 2017, involving Plaintiffs, Bernell Gale, Troy Smith and Marvel Francois, (2) on June 28, 2017, involving Plaintiffs, Troylynn Brown, Jarvis Brown, Dion Ridley and Herbert Allen, (3) on June 29, 2017, involving Plaintiffs, Mary Park, Warren Johnson, David Garrison and Larry Donahue, (4) on July 21, 2017, involving Plaintiffs, Dominique Matthews, Lavergne Riley and Michael Cobbins, (5) on August 10, 2017, involving Plaintiffs, Tycoria Brown, Velma Whittey, John Washington and Troy Locke, (6) on September 14, 2017, involving Plaintiffs, Kendra Edward and Roderaneka Bovia, (7) on November 6, 2017, involving Plaintiffs, Janard Walton, Nyisha Walton, Leo Tate and Terrell Dorsey, and (8) on November 7, 2017, involving Plaintiffs, Charles Quinn, Leroy Day and Larry Scott. In each of

2033285.v1

these "accidents" listed at this intersection, one or more of the parties in each "accident" were either represented by Mr. Keating and/or The King Firm, with the vast majority being represented by The King Firm.

On or about September 18, 2020, the U.S. Attorney's Office for the Eastern District of Louisiana issued another indictment in the criminal enterprise and fraud scheme to stage numerous accidents, publicly connecting two additional staged accidents which occurred on October 15, 2015, and September 6, 2017, and the lawsuits and the participants therein. The criminal matter regarding these staged accidents is entitled *United States of America v. Cornelius Garrison, Doniesha Gibson, Chandrika Brown, Ishais Price, Aisha Thompson, Dewayne Coleman, Donisesha Lee, Donreion Leee and Erica Lee Thompson*, Criminal No. 20-00092, Section R, United States District Court, Eastern District of Louisiana. This indictment implicated newly identified attorneys in the conspiracy to knowingly stage accidents with tractor trailers, and implicated newly identified slammers, including Cornelius Garrison and two other slammers who died prior to the indictment being issued. This indictment further implicated a representative of a plaintiff medical finance company which paid Mr. Garrison at least $150,000.00 to stage over fifty (50) accidents.

As set forth in more detail herein, on or about October 16, 2020, the U.S. Attorney's Office for the Eastern District of Louisiana issued the indictment at issue in the criminal enterprise and fraud scheme to stage numerous accidents, connecting the staged accident at issue herein of October 13, 2015, which occurred on Alvar Street, and the lawsuits and the participants therein. The criminal matter regarding this staged accident is entitled *United States of America v. Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson,* Criminal No. 20-00108, Section B, United States District Court, Eastern District of Louisiana. The

slammer/spotter who had previously plead guilty, Damian Lebeaud, was again implicated in this indictment, along with member(s) of The King Firm. The indictment alleges that "Attorney A," which is Mr. Giles of The King Firm, knowingly conspired with slammers, including Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) to stage accidents with tractor trailers for the purpose of making fraudulent bodily injury claims on behalf of the willing participants and occupants within the vehicle operated by the slammer, including paying the slammers to recruit participants and stage these accidents with tractor trailers, and communicating with the slammers by cell phone using coded language to refer to the staged accidents. In fact, the indictment alleges that Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) worked as runners for The King Firm, that Mr. Giles of The King Firm had represented both Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) in accidents that each were involved in and concealed subsequent payments to them for staging accidents as advances on their settlement and/or loans, and that The King Firm would employ Mr. Labeaud at the law firm to complete various tasks as another way to conceal payments to him for staging accidents. The indictment further alleges that The King Firm and the Arnona Rose firm gave loans or advances to the Plaintiffs/occupants in the vehicle, made settlement demands on behalf of Plaintiffs and received settlement proceeds on behalf of the Plaintiffs as a further part of the scheme and artifice to defraud.

Notably, Mr. Giles of The King Firm also filed suit in a similar "accident" which also occurred on Alvar Street on August 31, 2015, six weeks prior to the accident at issue on Alvar Street on October 13, 2015. This lawsuit was entitled *Joseph Brewton, Keaire Maze, Diana Maze and Erica Spencer versus Lloyds of London et al*, Suit No. 16-3665, Div. F, Civil District Court for the Parish of Orleans, State of Louisiana. Furthermore, Mr. Giles of The King Firm also filed suit in a similar "accident" which occurred a few weeks prior in the same general location on

August 7, 2015, entitled *Jasper Rockwood, Damian Labeaud, Telisha Kennedy and Troy McKinnis v. Marten Transport, LTD, and Clifton Drummer, III*, Suit No. 16-3758, Div. M., Civil District Court for the Parish of Orleans, State of Louisiana, in which Mr. Giles represented Damian Labeaud. Additionally, Mr. Giles of The King Firm also filed suit in a similar "accident" which also occurred in the same general area on September 1, 2016, and represented Roderick Hickman as a Plaintiff in that litigation entitled "*Roderick Hickman v. Great West Casualty Company, Hirschbach Motor Lines, Inc., and Samuel Taylor*, Suit No. 17-7754, Div. G, Civil District Court for the Parish of Orleans, State of Louisiana". Moreover, Damian Labeaud and Roderick Hickman have been involved in "accidents" with tractor trailers wherein both are alleged to have been occupants of the same vehicle, with Mr. Labeaud driving, since at least December 13, 2011, pursuant to the allegations in the personal injury suit arising out of that "accident" entitled "*Sasha Bell, Trevelle Roundtree and Roderick Hickman v. R-Star Logistics, Great West Casualty Insurance Company and Gregory John Spina*, Suit No. 12-5344, Div. L, Civil District Court for the Parish of Orleans, State of Louisiana".

On or about November 5, 2020, the U.S. Attorney's Office for the Eastern District of Louisiana issued another indictment in the criminal enterprise and fraud scheme to stage numerous accidents, publicly connecting and identifying attorney, Danny Patrick Keating, Jr., to the fraudulent scheme to stage accidents and the lawsuits and participants therein. The criminal matter regarding this indictment is entitled *United States of America v. Danny Patrick Keating, Jr.*, Criminal No. 20-00117, Section G, United States District Court, Eastern District of Louisiana. This indictment formally named Mr. Keating as one of the attorneys knowingly involved in the criminal enterprise to stage numerous accidents with tractor trailers. This indictment once again implicated The King Firm and references three attorneys of the firm in the

2033285.v1

indictment as "Attorney A," "Attorney B" and "Attorney C," who upon information and belief, are Mr. Courtenay, Mr. Giles, and Mr. Milazzo, and to whom Mr. Labeaud is alleged to have referred staged accidents in exchanged for payment of $1,000.00 per passenger for accidents involving tractor trailers. The indictment alleges that Mr. Keating alone paid Mr. Labeaud to stage approximately thirty-one (31) separate accidents with tractor trailers, represented approximately seventy-seven (77) Plaintiffs involved in those staged accidents, in which he fraudulently obtained settlement in seventeen (17) of those accidents. As set forth in the other indictments above, The King Firm is also alleged to have knowingly represented individuals involved in some of those staged accidents in which Mr. Keating represented other occupants of the same vehicle, in addition to The King Firm knowingly representing Plaintiffs in other staged accidents which were not connected to Mr. Keating. Notably, at or about the time of this indictment, attorney Danny Patrick Keating, Jr., voluntarily surrendered his Louisiana license to practice law.

According to the ***current*** indictments and guilty pleas which have been issued, between 2015 and 2018, there have been at least one hundred and fifty (150) ***admitted to and known*** staged accidents with tractor trailers with nearly identical facts, each involving multiple occupants/claimants inside the vehicle. These "accidents" have been connected by the tractor trailer defendants in numerous other cases, and by the FBI and Federal Prosecutor for the Eastern District of Louisiana, and identified as a substantial ring of staged tractor trailer accidents with interconnected players, resulting in *current* Grand Jury indictments of thirty (33) individuals and fifteen (15) guilty pleas. *See* Grand Jury Indictments on December 5, 2019, of Damian Labeaud, Mario Solomon, Lucinda Thomas, Mary Wade, Judy Williams, Dashontae Young, Genetta Isreal and Larry Williams regarding staged accidents of June 5, 2017, and June 12, 2017; *See* Factual

2033285.v1

basis for guilty plea of Damian Labeaud on August 6, 2020, wherein Labeaud admits to staging numerous accidents for *various* attorneys and acting as the "slammer" and the "spotter," including at least forty (40) staged accidents with tractor-trailers for a *single* attorney (Mr. Keating), that he recruited several others including Mario Solomon to serve as his spotter, and that he understood that as part of the scheme, that attorney would instruct the passengers to be treated by certain doctors and healthcare providers, often at an inflated cost, in order to obtain larger settlements; *See* Factual basis for guilty plea of Mario Solomon on May 29, 2020, wherein Solomon admits to staging accidents with Labeaud and acting as Labeaud's spotter; *See* Grand Jury Indictments on August 21, 2020, of Roderick Hickman, Lois Russell, James "Curtis" Williams, Tanya Givens, John Diggs, Henry Randle, Ryan Wheaten, Dakota Diggs, Bernell Gale, Marvel Francois and Troy Smith, regarding a staged accident on March 27, 2017, and two staged accidents which both occurred on May 17, 2017, wherein it is alleged that Roderick Hickman was trained by Damian Lebeaud to stage accidents, and further alleging that Roderick Hickman and Damian Labeaud worked together to stage at least one hundred (100) accidents with tractor trailers for attorneys, including for "Attorney A" (Mr. Keating) and "Attorney C" (Mr. Giles); *See* Factual basis for guilty plea of Roderick Hickman on October 21, 2020, wherein Hickman admits that he was trained by Damian Lebeaud to stage accidents, and further admits that he and Damian Labeaud worked together to stage at least one hundred (100) accidents with tractor trailers for attorneys, including for "Attorney A" (Mr. Keating) and "Attorney C" (Mr. Giles); *See* Grand Jury Indictments on September 18, 2020, of Cornelius Garrison, Doniesha Gibson, Chandrika Brown, Ishais Price, Aisha Thompson, Dewayne Coleman, Donisesha Lee, Donreion Lee, and Erica Lee Thompson, regarding staged accidents of October 15, 2015, and September 6, 2017, wherein it is alleged that Cornelius Garrison staged over fifty (50) accidents

with tractor-trailers <u>for a *single* co-conspirator/attorney</u>; *See* Grand Jury Indictments on October 16, 2020, of Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, regarding the staged accident of October 13, 2015, wherein it is alleged that Damian Labeaud and "Co-Conspirator A" (later identified as Roderick Hickman) worked together as slammers and spotters in staged accidents, shared proceeds they obtained for accidents that they staged together, and that from 2015 to 2017, <u>Damian Labeaud and "Co-Conspirator A" staged at least one hundred (100) accidents</u>; *See* Factual basis for guilty pleas of Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson filed on December 17, 2020, wherein each admitted to their roles in the fraudulent scheme and the conspiracy to commit mail fraud, along with the facts concerning the roles of Damian Labeaud, Roderick Hickman, and the attorneys and law firms, including Mr. Giles, Giles Law, LLC, and The King Firm, LLC, in the fraudulent scheme.

Moreover, of these thirty-three (33) individuals indicted arising out of eight (8) of the at least one hundred and fifty (150) admitted to staged accidents, guilty pleas have been entered by fifteen (15) individuals, which include three (3) of the ringleaders involved in staging the accidents (Damian Labeaud, Mario Solomon and Roderick Hickman), two of which were involved in staging the accident at issue as spotters and slammers (Damian Labeaud and Roderick Hickman), and all four of the "occupants" of the vehicle involved in the staged accident at issue of October 13, 2015 (Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson).

Three of the major players in organizing the staged accidents have already pled guilty to their roles in the criminal enterprise to fraudulently stage accidents (Damian Labeaud, Mario Solomon and Roderick Hickman) and have admitted to **<u>over 100 staged accidents</u>** (while Cornelius Garrison is accused of staging at least another 50 accidents for just a single attorney).

2033285.v1

Four (4) of the "ringleaders" <u>which have been publicly identified by name</u> in the Federal Prosecution include Damian LaBeaud, Mario Solomon, Cornelius Garrison and Roderick Hickman; all four (4) have been indicted by the Grand Jury in the above identified criminal proceedings of the Federal Prosecutor for the Eastern District in separate indictments. Two other "slammers" and ringleaders mentioned by acronyms in the indictments died prior to the indictments being issued and therefore were not publicly named. In the current indictments, six (6) slammers and spotters have been implicated, with four (4) being publicly named. Notably, three (3) of the four (4) publicly named ringleaders have pled guilty to their role in this criminal scheme, and the fourth was murdered two weeks prior to his plea hearing. Regardless, as set forth in the guilty pleas of the three surviving publicly identified ringleaders of this interconnected scheme, the scheme in general was set up as follows:

Around 2015, several "ringleaders" including Mr. Labeaud, Mr. Solomon and Mr. Hickman (and two other deceased slammers) began working together to intentionally stage accidents with tractor trailers. Mr. Labeaud and Mr. Hickman staged over one hundred accidents together beginning in 2015, with each serving as slammers and spotters. Mr. Labeaud also staged accidents with Mr. Solomon, with Mr. Solomon serving as a spotter. Mr. Hickman was trained by Mr. Labeaud, staged accidents with Mr. Labeaud, and then began staging accidents by himself. The indictments do not indicate how many total accidents Mr. Labeaud staged with Mr. Solomon or the two deceased slammers/spotters. The slammers and spotters would recruit, and also had other co-conspirators recruit, individuals to knowingly participate and be occupants in a vehicle for the purpose of colliding with a tractor trailer, and then bringing a fraudulent bodily injury claim for the purpose of defrauding the trucking companies and their insurers. Typically, one person would intentionally crash the vehicle into the tractor trailer (typically a side swipe

2033285.v1

with the rear axles) who was known as the "slammer," and another person would act as the "spotter" which is the independent witness to chase down the tractor trailer if it did not stop and/or to allege that they witnessed the accident and that the tractor trailer was at fault. Some or all of these slammers/spotters worked as runners for The King Firm, were paid by member(s) of The King Firm (and other attorneys) to knowingly stage accidents for the attorney(s), and conspired with The King Firm (and other attorneys) to knowingly stage accidents and defraud trucking companies and their insurers.

Moreover, it is alleged that another ringleader, Mr. Garrison, was also staging at least fifty (50) similar accidents for attorneys and a plaintiff medical finance company, which funneled fraudulent cases to physicians which his company would finance and also funneled the cases to other attorneys.

Based upon these commonalities, there is an established pattern of reported crashes in and around the New Orleans area within the past several years wherein the crashes are staged and intentionally committed by passenger vehicle drivers and their occupants. To date, the Federal Prosecutor has obtained thirty-three (33) Grand Jury Indictments and fifteen (15) guilty pleas regarding this ring of staged accidents, which is continuing to grow, along with admissions that there are ***at least one hundred and fifty (150) staged accidents*** from the participants thereto, although ***only eight (8) staged accidents*** have been identified and made public by the Federal Prosecutor.

Investigation revealed that Mr. Labeaud has filed five (5) personal injury lawsuits as a plaintiff during the past eight (8) years, all of which involve similar sideswipe automobile accidents at or near the location of the alleged subject accident in the instant lawsuit.[1]

---

[1] *See Damian LaBeaud v. American International Group, Inc. et al.,* CDC Docket #10-11083; *Damian LaBeaud v. Great West Casualty Company, et al.;* CDC Docket #12-6987 (removed to EDLA, Docket #12-02044); *Damian*

Additionally, Mr. Labeaud's relatives and/or associates have filed other lawsuits as plaintiffs involving accidents with strikingly similar factual scenarios as the subject accident alleged in this case.[2]

The staged accident at issue in this Complaint occurred at or around 6:18 p.m. on October 13, 2015, at the intersection of Alvar Street and France Road, which is at the base of the Danziger Bridge/Chef Menteur Highway where numerous staged accidents have occurred as identified in the above indictments. The "accident" involved a tractor trailer owned by C.R. England, operated by C.R. England's employee and insured by ACE American, which allegedly sideswiped a 2002 Chevrolet Tahoe. According to the false reports given to the investigating officer, and the deposition testimony of Plaintiffs in the subsequent lawsuit, the accident involved a 2002 Chevrolet Tahoe which was allegedly operated by Anthony Robinson. Other alleged occupants in the vehicle were Mr. Robinson's girlfriend, Audrey Harris (rear passenger side), his daughter, Keishira Robinson (rear driver's side), and his friend, Jerry Schaffer (front passenger side). All alleged occupants, except for Ms. Robinson, lived at the Willowbrook Apartments located at 7001 Bundy Road in New Orleans East. Following the issuance of the indictment in October, 2020, it was discovered that Mr. Labeaud lived at the same apartment complex.

Prior to suit being filed, all alleged occupants of the Tahoe were initially represented by The King Firm. However, The King Firm referred the alleged driver, Anthony Robinson, to the

*LaBeaud v. Allstate Fire and Casualty Ins. Co.*; CDC Docket #18-5963; *Damian LaBeaud v. Hallmark Specialty Insurance Company, et al.*; CDC Docket #16-7003; *Damian LaBeaud v. The Hertz Corporation;* CDC Docket #15-11372 (removed to EDLA 16-00322).

[2] *Damian LaBeaud v. Marten Transport, LTD, et al.*; CDC Docket #16-3758 (NOTE: Damian LaBeaud in that case is Damian LaBeaud's Daughter); *Michael Dumas and Kim Dumas v. AIG Insurance Company, et al*; CDC Docket #17-8113 (Michael Dumas and Kim Dumas are Damian LaBeaud's uncle and aunt); *Sabrina Randolph v. Great West Casualty Co*; CDC Docket #17-4303 (Sabrina Randolph is known to be Damian LaBeaud's girlfriend); *Sabrina Randolph v. Energi In. Services et al.*; CDC Docket #16-4982; *Angel Mathieu v. Scottsdale Insurance Company et al*; CDC Docket #08-3000 (Angel Mathieu is known to be Damian LaBeaud's girlfriend).

2033285.v1

Arnona Rose firm under a fee arrangement. On September 26, 2016, The King Firm filed a Petition for Damages against C.R. England on behalf of Ms. Harris, Ms. Robinson and Mr. Schaffer, which was signed by Mr. Courtenay. On October 3, 2016, the Arnona Rose firm filed a Cross-Claim in that lawsuit against C.R. England on behalf of Mr. Robinson, which was signed by Ms. Arnona. The Harris Lawsuit and Robinson Cross-Claim each named C.R. England and its driver as Defendants. On or about February 9, 2017, Ms. Arnona filed an Affidavit of Service of Process by Long Arm into the Court Record, thereby certifying that she was employed by Arnona Rose, LLC, and that she mailed a copy of the Cross-Claim which she filed, by Certified U.S. Mail, to the Defendant driver for C.R. England, from her office in New Orleans, Louisiana, to his home address in Rochester, Michigan, on October 25, 2016. On or about May 19, 2017, Mr. Courtenay of The King Firm filed an Affidavit of Service of Process by Long Arm into the Court Record which was notarized by Mr. Milazzo of The King Firm, thereby certifying that the Harris Petition which he filed was mailed, by Certified U.S. Mail, to the Defendant driver for C.R. England, from The King Firm in New Orleans, Louisiana, to the home address of the C.R. England driver in Rochester, Michigan, on October 5, 2016.

Both the Harris Lawsuit and Robinson Cross-Claim alleged that Anthony Robinson was operating his Tahoe in the left lane of Alvar Street, that C.R. England's driver was operating his tractor-trailer in the right lane of Alvar Street, and the tractor trailer driver negligently and improperly changed lanes from the right lane to the left lane and struck the Tahoe. The Harris Lawsuit further claimed that Ms. Harris, Mr. Schaffer and Ms. Robinson were occupants in the Tahoe. These Petitions/Cross-Claim allege that this "accident" caused severe and disabling injuries to their respective clients, and that C.R. England was liable for those damages.

2033285.v1

Moreover, all four Plaintiffs/claimants gave deposition testimony in this matter. Anthony Robinson's deposition was taken on September 28, 2017, which was attended by Ms. Arnona and Mr. Courtenay. Although Mr. Robinson was represented by Ms. Arnona, multiple objections and instructions to the witness were made by Mr. Courtenay. Mr. Robinson confirmed that he lived at an apartment complex located at 7001 Bundy Road in New Orleans East, with his fiancé, Audrey Harris, and that Mr. Schaffer also lived in the same complex. In furtherance of the fraudulent scheme, Mr. Robinson gave perjured testimony. He testified that, prior to the accident, his daughter, Keishira Robinson, came to see him at his apartment, and Ms. Harris was also present. Then, they all left the apartment complex together in his vehicle so that he could bring his daughter home. As they were leaving, he saw Mr. Schaffer in the parking lot and offered him a ride also just to keep them company, and Mr. Schaffer got in the Tahoe. After leaving the apartment complex and while Mr. Robinson was allegedly driving, the tractor trailer allegedly changed lanes and side swiped his Tahoe while he was operating the same.

Nearly identical testimony was given by the other claimants, Keishira Robinson, Audrey Harris and Jerry Schaffer, who also gave their sworn deposition testimony on the same date of September 28, 2017. Each gave false testimony that Anthony Robinson was allegedly operating the Tahoe at the time of the accident. Additionally, Mr. Schaffer testified that at the time of impact, Mr. Robinson was driving and speaking to his fiancé, Audrey Harris, who was in the rear passenger seat behind Mr. Schaffer. Mr. Schaffer testified that, when Mr. Robinson realized the tractor trailer was coming into his lane, Mr. Robinson said an expletive and hit the brakes. Ms. Harris testified that she was "napping" while riding in the vehicle and had little memory of what occurred. Ms. Robinson testified that she was texting on her phone while her father was driving, that she heard him say "whoa" and she looked up, and her father blew his horn and swerved to

2033285.v1

the left to avoid the collision with the tractor trailer; however, the tractor trailer came into their lane and struck their vehicle. Ms. Robinson testified that immediately after the collision, her father's fiancé, Ms. Harris, became "hysterical" yelling and screaming that their vehicle was hit and that she needed an ambulance. Ms. Robinson testified that her attorney, Jason Giles of The King Firm, referred her to the chiropractor after the accident. Moreover, she testified that after she was referred to orthopaedic surgeon, Dr. Shamieh, someone from Dr. Shamieh's office came and picked her up in a black GMC at her mother's house in New Orleans, and drove her to Dr. Shamieh's office at in Baton Rouge. All of these depositions were attended by both Mr. Courtenay of The King Firm and Ms. Arnona of Arnona Rose, LLC. In fact, all four of the claimants were in attendance at the deposition of each, and all of the depositions were taken on the same date at the law office of The King Firm.

It was part of the scheme and artifice to defraud that, on September 28, 2017, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, each knowingly provided false testimony in the depositions taken in conjunction with the Harris Lawsuit and the Robinson Cross-Claim in the presence of Mr. Courtenay of The King Firm and Ms. Arnona of Arnona Rose, LLC.

Moreover, on February 28, 2018, Mr. Courtenay of The King Firm took the deposition of C.R. England's driver, who was also a Defendant in the matter. The deposition was also attended by Ms. Arnona of Arnona Rose. The deposition was taken in St. Clair Shores, Michigan. The defendant-driver, counsel for the C.R. England Defendants, and Mr. Courtenay of The King Firm attended the deposition in person in Michigan. Ms. Arnona of Arnona Rose attended the deposition via video conference from her office in New Orleans, Louisiana, and asked questions in the deposition. This deposition was taken in furtherance of their fraudulent scheme, as pointed

2033285.v1

out by Mr. Courtenay in the deposition that "My job here today is to find out as much information as I can about you and the accident so that we know if a trial happens what you'll say and what you won't say." In the deposition, the driver testified that while he was attempting to make a left turn traveling approximately 3 mph, he noticed the Tahoe coming up behind him very fast. He believed the Tahoe was going to hit him, so he completely stopped his tractor trailer. However, the Tahoe missed the trailer and came to a complete stop next to the trailer. Seconds later, the driver of the Tahoe "punched the gas" and ran the Tahoe along the side the tractor trailer and "gently" scraped the Tahoe against the tractor trailer.

In the deposition, Mr. Courtenay referred to the occupants of the Tahoe as victims, and after an objection was made, Mr. Courtenay stated "Victim indicates they didn't do anything wrong." Moreover, the driver testified that the purported occupants of the Tahoe left the scene by ambulance, that he was given a citation by the investigating officer, that he missed his delivery in New Orleans because of the "accident," and had to sleep in his truck overnight to complete the delivery the next day before returning to Michigan. The day after the "accident" and while the driver was still in New Orleans, he was terminated from C.R. England as a result of this "accident" in which he received a citation and serious injury was alleged to four occupants. Mr. Courtenay also questioned the driver regarding the facts of the accident, and attempted to have the driver agree that he merged into Plaintiff's lane, did not see their vehicle, and side swiped Plaintiff's vehicle. The driver testified he "totally" disagreed. Moreover, after establishing on the record that it became dark outside immediately after the "accident," Mr. Courtenay further asked the driver if he had knowledge of anyone else coming to the scene to speak to the occupants of the Tahoe, to which the driver responded that he did not see anybody else.

2033285.v1

The entirety of the questioning in deposition of C.R. England's driver in person and by video conference in Michigan was done in furtherance of the fraudulent scheme. In hindsight, it is believed that the questioning was also done to determine whether or not the driver observed (1) "Co-conspirator A"/Roderick Hickman actually driving the Tahoe and leaving the scene after causing the collision, (2) Mr. Robinson following the Tahoe as a passenger in another vehicle being operated by Damian Labeaud, or (3) Mr. Robinson exiting Mr. Labeaud's vehicle and getting behind the wheel of the Tahoe immediately after the "accident" to make it appear that he was driving the vehicle at the time of the "accident".

Allegedly as a result of the "accident" of October 13, 2015, and as part of the scheme and artifice to defraud, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson received "treatment" by doctors and healthcare providers at the direction of their attorneys, and specifically by member(s) of The King Firm.

As part of the scheme and artifice to defraud, Anthony Robinson alleged that the "accident" of October 13, 2015, caused injury to his neck, upper and low back and left knee. Ultimately, Mr. Robinson underwent "treatment" allegedly arising out of the staged accident of October 13, 2015, by doctors and healthcare providers to whom he was referred by Mr. Giles and Mr. Courtenay of The King Firm, which included spinal injections and a cervical fusion performed by Dr. Samer Shamieh at Champion Medical Center, and a lumbar fusion recommended by Dr. Shamieh for which he could not be cleared for surgery, along with a recommendation by Dr. Chad Domangue for a spinal cord stimulator. Mr. Robinson's alleged medical specials were $285,888.17, with alleged future medical specials of $1,400,804.00. Upon information and belief, the medical charges for the fusion surgery and multiple injections totaling over $120,000.00, were billed to and guaranteed by The King Firm (although Plaintiff was

formally represented by Arnona Rose). On September 15, 2018, Ms. Arnona of Arnona Rose, LLC forwarded an email to prior counsel for C.R. England in the Robinson Cross-Claim, making a settlement demand on behalf of Anthony Robinson in the amount of $4,800,000.00.

As part of the scheme and artifice to defraud, Audrey Harris alleged that the "accident" of October 13, 2015, caused injury to her neck, back, left arm and right leg. Ultimately, Ms. Harris underwent "treatment" allegedly arising out of the staged accident of October 13, 2015, by doctors and healthcare providers to whom he was referred by Mr. Giles and Mr. Courtenay of The King Firm, which included spinal injections and both a cervical and a lumbar fusion performed by Dr. Shamieh at Champion Medical Center. Ms. Harris' alleged medical specials were $504,336.25, with allegations that Dr. Shamieh recommended a third spinal surgery and that Dr. Domangue recommended a pain stimulator. The alleged future medical specials were alleged to be $7,741,150.00. Upon information and belief, the charge in the amount of $146,200.00 for the cervical and lumbar surgeries, was submitted to medical finance company, Elite Medical Enterprises, LLC. On August 21, 2017, Mr. Courtenay of The King Firm forwarded a letter to prior counsel for C.R. England in the Harris Lawsuit, making a settlement demand on behalf of Keishira Robinson in the amount of $4,000,000.00. On August 7, 2018, Mr. Courtenay of The King Firm forwarded another email to prior counsel for C.R. England, again attaching the prior settlement demands made on behalf of Jerry Schaffer, Audrey Harris and Keishira Robinson.

As part of the scheme and artifice to defraud, Jerry Schaffer alleged that the "accident" of October 13, 2015, caused injury to his neck, back and left shoulder. Ultimately, Mr. Schaffer underwent "treatment" allegedly arising out of the staged accident of October 13, 2015, by doctors and healthcare providers to whom he was referred by Mr. Giles and Mr. Courtenay of

2033285.v1

The King Firm, which included a lumbar surgery performed by Dr. Marco Rodriguez at Omega Hospital. Mr. Schaffer's alleged medical specials were $145,596.68, with alleged future medical specials of $45,007.00. Upon information and belief, the charge in the amount of $117,250.00 for lumbar surgery of March 23, 2017, was submitted to medical finance company, DMA, which upon information and belief paid only $46,900.00. On August 21, 2017, Mr. Courtenay of The King Firm forwarded a letter to prior counsel for C.R. England in the Harris Lawsuit, making a settlement demand on behalf of Mr. Schaffer in the amount of $1,000,000.00. On August 7, 2018, Mr. Courtenay of The King Firm forwarded another email to prior counsel for C.R. England, again attaching the prior settlement demands made on behalf of Jerry Schaffer, Audrey Harris and Keishira Robinson.

As part of the scheme and artifice to defraud, Keishira Robinson alleged that the "accident" of October 13, 2015, caused injury to her neck, back, and left shoulder, with alleged cervical and lumbar disc injury. She underwent treatment with Dr. Shamieh, who performed a lumbar ESI. Ms. Robinson's alleged medical specials were $24,891.45. On August 21, 2017, Mr. Courtenay of The King Firm forwarded a letter to prior counsel for C.R. England in the Harris Lawsuit, making a settlement demand on behalf of Ms. Robinson in the amount of $175,000.00. After it was discovered that Ms. Robinson had been involved in multiple intervening accidents, on July 9, 2018, Mr. Courtenay of The King Firm forwarded an email to prior counsel for C.R. England in the Harris Lawsuit, recognizing the same and making another settlement demand on behalf of Keishira Robinson citing the same medical care and expenses, but lowering the demand to the amount of $135,000.00. On August 7, 2018, Mr. Courtenay of The King Firm forwarded another email to prior counsel for C.R. England, again attaching the prior settlement demands made on behalf of Jerry Schaffer, Audrey Harris and Keishira Robinson.

2033285.v1

A trial on the claims of all claimants in the Harris Lawsuit and Robinson Cross-Claim was scheduled to begin on June 24, 2019. On April 23, 2019, Mr. Courtenay of The King Firm forwarded prior counsel for C.R. England an email thereby notifying Defendants that Audrey Harris was scheduled to have a C4-5-6 ACDF and C6-7 Exploration of Fusion performed by Dr. Shamieh, which would take place on July 9, 2019, i.e., approximately two weeks after trial was scheduled to begin. Clearly this mention of a surgery being scheduled to take place right after trial, which Mr. Courtenay intended to present as evidence at trial, would dramatically increase the damages at trial. Moreover, in May, 2019, prior counsel for C.R. England received information that the alleged facts of this "accident" potentially aligned with other "accidents" which were rumored to be part of a fraudulent scheme to stage accidents with tractor trailers and which was being investigated by the Federal Government. (The first criminal indictment arising out of the staged accidents was not until October 24, 2019.) Although it was rumored that phone records had potentially connected the fraud scheme, C.R. England was only able to obtain the limited cell phone records of one claimant, i.e., Keishira Robinson, due to the cell providers only keeping records for a limited period of time. At the time, the cell phone records of Keishira Robinson did not appear to contain any glaring connection to fraud.

As a result of this newly acquired information which was previously unavailable to C.R. England relating to the potential fraud and newly discovered medical treatment, on June 3, 2019, prior counsel for C.R. England filed a Motion to Continue the trial on the matter scheduled to begin on June 24, 2019, thereby setting forth all information known to C.R. England at the time. The hearing on the matter was set before Judge D. Nicole Sheppard of the Civil District Court for the Parish of Orleans on June 12, 2019.

2033285.v1

On June 3 and 4, 2019, Mr. Courtenay of The King Firm initiated and exchanged emails with prior counsel for C.R. England berating counsel for the alleged lack of evidence of fraud, and that this "is becoming the 'go to' defense in all 18 wheeler cases out here." Curiously, counsel further claimed that The King Firm had been looking into and trying to find out what is happening regarding the allegations of staged accidents and find out if any of the cases they have are being investigated, but have never been told that their cases are being investigated. Counsel concluded the email as follows: "So ultimately, I'm trying to figure out what is happening here. I'm also curious as to how people find out about what is and is not being investigated when we have done everything in our power to learn that for ourselves, and we are always told none of our cases are under investigation. I'm curious what number I can start calling to avoid the time, energy, and money that gets tied up in these things. Let me know." Mr. Courtenay refused to agree to a short continuance of the trial in order to investigate the same.

In furtherance of the fraudulent scheme, on June 5, 2019, Mr. Giles of The King Firm signed and caused to be filed in the Harris Lawsuit and Robinson Cross-Claim a Memorandum in Opposition to C.R. England's Motion to Continue Trial. Within the Opposition, Mr. Giles argued that there is "no evidence of staging or fraud," that the "accident" at issue was not under investigation, and that "Defendants have no good faith basis for a continuance." Mr. Giles alleged in his Opposition that prior counsel for C.R. England's allegations were "both incredulous and insulting to undersigned counsel and this tribunal" were "disingenuous" and "not in good faith". Mr. Giles argued in his Opposition as follows: "Rumor. Innuendo. That is the basis of this continuance, which seeks not only additional time to investigate the rumors but a completely new set of deadlines. This continuance is bad faith tactics by C.R. England merely to reopen full discovery (discovery has been happening and continues to happen), likely hire new

2033285.v1

experts, and get another bite at the apple." Furthermore, Mr. Giles argued as follows: "Specifically, as this Court is no doubt aware, allegations have continuously and frivolously been made that the King Firm had numerous cases believed to be fraud. Despite these baseless assertions, no evidence whatsoever has been produced or shown that links the King Firm to any alleged fraudulent cases. In fact, it has been to the contrary. Nonetheless, to pretend to not have heard such rumors is simply unbelievable. Especially in light of the fact that defense counsel's firm was contacted to defend a firm that made unfounded allegations in a bar complaint on these very issues." Finally, addressing the new revelation that Audrey Harris was scheduled to have another surgery two weeks after trial as a basis for the continuance, Mr. Giles argued as follows: "The surgery reference is nothing more than an effort to throw in something concrete, given that the fraud references are like snowflakes – they look pretty but they melt when they hit your hand." Mr. Giles concluded The King Firm's Opposition with a final argument – that "one last item that is being overlooked here" is that the King Firm has "spent thousands of dollars on trial exhibits and graphics for use at trial" and has paid doctors to attend trial. Mr. Giles argument to the Court is that C.R. England is in bad faith, that The King Firm has no involvement in any rumored fraud ring to stage accidents, and that any "innuendo" that this accident is staged is simply a bad faith tactic to delay trial and cost The King Firm thousands of dollars. The signing and filing of this Opposition Memorandum by Mr. Giles of The King Firm was in furtherance of the fraudulent scheme, particularly as the Court denied the Motion to Continue.

On June 5, 2019, Ms. Arnona of Arnona Rose, LLC, also signed and caused to be filed in the Harris Lawsuit and Robinson Cross-Claim a Memorandum in Opposition to C.R. England's Motion to Continue Trial on behalf of their client, Anthony Robinson, who was allegedly driving the Tahoe. Within the Opposition, Ms. Arnona also took the position that "Rumors, new stories,

allegations and even pleading about 'fraud rings' in the greater New Orleans area have been circulating…," that counsel for C.R. England's allegations in the Motion were "very disingenuous," and that rumors of fraud had been discussed in April 2019 as this was a "determining factor in deciding whether or not to reschedule a mediation, as Plaintiff in Cross-Claim had no intention of participating in a mediation if an unsubstantiated 'fraud' allegation was going to be recklessly made during said mediation." Ms. Arnona further alleged that "Thus, as a tactic to obstruct justice and delay the trial of this matter, Defendants now make very serious accusations <u>with no evidence or veracity to support same</u>."

On June 12, 2019, the Motion to Continue Trial came for hearing before Judge D. Nicole Sheppard of the Civil District Court for the Parish of Orleans. Present in Court and in furtherance of the fraudulent scheme were Mr. Giles, Mr. Milazzo and Mr. Courtenay of The King Firm and Ms. Arnona of Arnona Rose, LLC. In furtherance of the fraudulent scheme, counsel for the Plaintiffs vehemently argued against the continuances of trial. As a result, Judge Nicole Sheppard denied C.R. England's request to continue the trial set to begin on June 24, 2019.

The day after the denial of the Motion to Continue and two weeks before trial, a mediation was held on this matter. Notably, it was discovered for the first time pursuant to the "Factual Basis" formulating the guilty pleas of Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson which were filed on December 17, 2020, that "around the time of the mediation, Attorneys A [Mr. Giles] and B [Mr. Courtenay] told Harris and Schaffer to settle their case because the FBI was investigating staged accidents, and that C.R. England suspected that their case was fraudulent." As a direct result of an upcoming trial, while being denied the opportunity to investigate the fraud, and the potential of millions in damages and an excess judgment being awarded at trial, C.R. England and its excess insurer agreed to a settlement of

2033285.v1

these claims. On June 19, 2019, Mr. Courtenay of The King Firm forwarded an email to counsel for C.R. England, which also copied Ms. Arnona of Arnona Rose, LLC, thereby confirming an agreement to settle the entirety of the claims of all four (4) claimants for a total of $4,725,000.00 plus the costs of mediation.

On July 18, 2019, Mr. Courtenay of The King Firm picked up from counsel for C.R. England's office five (5) settlement checks in settlement of the claims of all four (4) claimants, which are described as follows: (1) a C.R. England check in the amount of $898,422.87 made payable to Anthony Robinson and Arnona Rose; (2) a ACE American check in the amount of $601,577.13 made payable to Anthony Robinson and Arnona Rose; (3) a ACE American check in the amount of $2,100,000.00 made payable to Audrey Harris and The King Law Firm; (4) a C.R. England check in the amount of $125,000.00 made payable to Keishira Robinson and The King Firm; and (5) a C.R. England check in the amount of $1,000,000.00 made payable to Jerry Schaffer and The King Law Firm.

On July 19, 2019, the law firm of Arnona Rose, LLC, deposited the following settlement checks: (1) a C.R. England check in the amount of $898,422.87 made payable to Anthony Robinson and Arnona Rose; and (2) a ACE American check in the amount of $601,577.13 made payable to Anthony Robinson and Arnona Rose.

On July 19, 2019, The King Firm deposited the following settlement checks: (1) a ACE American in the amount of $2,100,000.00 made payable to Audrey Harris and The King Law Firm; (2) a C.R. England check in the amount of $125,000.00 made payable to Keishira Robinson and The King Firm; and (3) a C.R. England check in the amount of $1,000,000.00 made payable to Jerry Schaffer and The King Law Firm.

2033285.v1

Prior to the issuance of the indictment at issue, a guilty plea was entered by Damian Labeaud on or about August 6, 2020, for Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 371, arising out of his involvement in the specific staged accidents at issue in the previous indictment, along with admitting to his role in staging numerous other accidents with tractor trailers for the purpose of defrauding the trucking companies and their insurers.

Over one year after the settlement of the Harris Lawsuit and Robinson Cross-Claim, the U.S. Attorney's Office for the Eastern District of Louisiana issued Grand Jury indictments on October 16, 2020, in the alleged fraud scheme involving the staged accident at issue of October 13, 2015, which was the subject matter of the Harris Lawsuit and Robinson Cross-Claim (hereinafter referred to as "the indictment"). The criminal matter regarding this staged accident is entitled *United States of America v. Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson,* Criminal No. 20-00108, Section B, United States District Court, Eastern District of Louisiana. The indictment provided critical information and evidence not available to the C.R. England defendants, thereby setting forth the conspiracy to and staging of the accident of October 13, 2015, set forth below.

Notably, while defending the Harris Lawsuit and Robinson Cross-Claim, C.R. England was only able to obtain the cell phone records of one of the four occupants of the vehicles, i.e., Keishira Robinson (504-654-7430). The "accident" at issue occurred on October 13, 2015, at approximately 6:18 p.m. Claimants informed the police, and testified in deposition, that Keishira Robinson was a passenger in Plaintiffs' vehicle, and her father, Anthony Robinson, was driving the vehicle. Curiously however, the cell records of Keishira Robinson show that she received a call from her father's cell phone (504-830-6222) at 6:28 p.m., ten (10) minutes after the accident

occurred. Many of the facts pled within the indictment at issue and as set forth below, were unknown to C.R. England at the time of the settlement. After the indictment was filed in this matter, C.R. England discovered the reason why the purported driver of Plaintiffs' vehicle, Anthony Robinson, would call and speak to his daughter who was sitting in the backseat of the vehicle. Anthony Robinson called his daughter because Anthony Robinson was not even inside the vehicle. Rather, he was in a separate vehicle following Plaintiffs' vehicle and watching the fraudulently staged accident take place. This phone call was made in furtherance of their conspiracy to commit fraud.

Within the indictment, references were made to "Attorney A," which is Mr. Giles of The King Firm, to "Attorney B," which is Mr. Courtenay of The King Firm, and also to "Attorney C," which is Ms. Arnona of Arnona Rose, LLC. The slammer/spotter who had previously plead guilty, Damian Labeaud, was again implicated in this indictment, along with members of The King Firm, and a slammer and spotter referred to as "Co-Conspirator A" who was not publicly named. "Co-Conspirator A" was later identified as Roderick Hickman within the Factual Basis for the guilty pleas of Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson filed on December 17, 2020. The indictment alleges that a member(s) of The King Firm, and specifically "Attorney A," which is Mr. Giles, knowingly conspired to stage accidents with tractor trailers for the purpose of making fraudulent bodily injury claims, including paying the slammers to recruit participants and stage these accidents with tractor trailers, and communicating with the slammers by cell phone using coded language to refer to the staged accidents. In fact, the indictment alleges that Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) worked as runners for Mr. Giles of The King Firm, and that Mr. Giles of The King Firm would also employ Mr. Labeaud to complete various tasks at the law firm as another way to

2033285.v1

conceal payments to him for staging accidents. The indictment further alleges that The King Firm and the Arnona Rose firm gave loans or advances to the Plaintiffs, made settlement demands on behalf of Plaintiffs and received settlement proceeds on behalf of the Plaintiffs as a further part of the scheme and artifice to defraud.

Pursuant to the seventeen (17) page indictment, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson were charged with Mail Fraud in violation of Title 18, United States Code, Section 371, and Conspiracy to Commit Mail Fraud in violation of Title 18, United States Code, Section 1341. Each plead guilty to their roles in this staged accident in formal pleas which were filed on December 17, 2020.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that, beginning on a date unknown, but before on or about 2015, Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) worked as "runners" for Mr. Giles of The King Firm, in that Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) would refer persons involved in legitimate accidents to Mr. Giles of The King Firm in exchange for money. It was agreed that Mr. Giles of The King Firm would pay Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) $1,000.00 per passenger for accident with tractor trailers and $500.00 per passenger for accidents that did not involve tractor trailers. While working together as runners, Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) brought at least twenty (20) accidents to Mr. Giles of The King Firm.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that, in and around 2015, Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) also began working together to stage accidents, and that they agreed to share the proceeds they obtained for accidents that they staged together. Mr. Labeaud and "Co-Conspirator A" (Roderick

2033285.v1

Hickman) brought persons involved in illegally staged accidents to Mr. Giles of The King Firm in exchange for money, and Mr. Giles knew that Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) were staging accidents.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that Mr. Labeaud, "Co-Conspirator A" (Roderick Hickman), and Mr. Giles of The King Firm would sometimes discuss the staging of accidents before they happened. In order to conceal their activity, Mr. Labeaud, "Co-Conspirator A" (Roderick Hickman), and Mr. Giles of The King Firm communicated through coded language, including fishing terms, to refer to staged accidents.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that Mr. Giles of The King Firm would pay Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) via cash and check for staged and legitimate accidents. Mr. Giles of The King Firm would sometimes loan Mr. Labeuad and "Co-Conspirator A" (Roderick Hickman) money and then subtract the loan amount when calculating how much was owed to Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) for a staged accident. Mr. Giles of The King Firm represented Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) in accidents that they were each involved in, and concealed subsequent payments to them for staging accidents as advances on their settlement and/or loans. Mr. Giles of The King Firm also employed Mr. Labeaud to complete various tasks at the law firm as another way to conceal payments to him for staging accidents.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that, from 2015 to approximately 2017, Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) staged at least one hundred (100) accidents.

2033285.v1

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that on October 13, 2015, Anthony Robinson met with Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) at an apartment complex located at 7001 Bundy Road in New Orleans and agreed to stage an automobile accident in order to obtain money through fraud.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that Anthony Robinson paid Mr. Labeaud approximately $2,000.00 cash to participate in the staged accident of October 13, 2015.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that on October 13, 2015, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson departed from the apartment complex with Anthony Robinson driving his 2002 Chevrolet Tahoe. Mr. Labeaud and "Co-Conspirator A" (Roderick Hickman) followed the Tahoe in a separate "spotter" vehicle. After departing the apartment complex but before the staged accident, the two vehicles pulled over so that Anthony Robinson and "Co-Conspirator A" (Roderick Hickman) could switch places. Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson all agreed to allow "Co-Conspirator A" (Roderick Hickman) to drive Anthony Robinson's Tahoe in order to stage an automobile accident, while Mr. Labeaud and Anthony Robinson travelled behind them in a "spotter" vehicle.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that "Co-Conspirator A" (Roderick Hickman) drove Audrey Harris, Jerry Schaffer and Keishira Robinson in the Tahoe to locate another vehicle to collide in the area of Alvar Street and France Road in New Orleans. Mr. Labeaud and Anthony Robinson followed the Tahoe in a separate vehicle.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to

2033285.v1

defraud that at approximately 6:18 p.m. on October 13, 2015, "Co-Conspirator A" (Roderick Hickman), while driving southbound on Alvar Street near the intersection of France Road, observed the 2016 Freightliner semi tractor-trailer operated by C.R. England changing lanes from right to left, and that "Co-Conspirator A" (Roderick Hickman) intentionally collided with the C.R. England tractor-trailer. After the collision, "Co-Conspirator A" (Roderick Hickman) exited Anthony Robinson's Tahoe, and Anthony Robinson got behind the wheel of the Tahoe to make it appear that he was driving the vehicle at the time of the staged accident. Mr. Labeaud then rendezvoused with and picked up "Co-Conspirator A" (Roderick Hickman) in a separate vehicle after "Co-Conspirator A" (Roderick Hickman) fled from the scene.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that Audrey Harris contacted the New Orleans Police Department to report that she and others in the Tahoe had been involved in an automobile accident. The NOPD responded to the scene of the staged accident, and during the investigation, Anthony Robinson falsely reported to the NOPD that he had been the driver of the Tahoe and that the tractor-trailer had struck his vehicle. After the NOPD left the scene of the accident, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson rendezvoused with Mr. Labeaud at a gas station on Louisa Street and Almonaster Street.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that later in the evening following the staged accident of October 13, 2015, Mr. Labeaud took Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson to The King Firm, and they entered the law firm through a rear stair entrance. Mr. Giles of The King Firm then met with Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson in order to discuss Mr. Giles' representation of them in a personal injury lawsuit arising out of the staged accident

2033285.v1

of October 13, 2015.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that Mr. Giles of The King Firm paid Mr. Labeaud in cash and check for staging the accident. Mr. Giles caused approximately $2,000.00 cash to be withdrawn from Mr. Giles' personal law firm account, believed to be Giles Law, LLC, on October 13, 2015. Mr. Giles also caused approximately $1,300.00 cash to be withdrawn from Mr. Giles' personal law firm account, believed to be Giles Law, LLC, on October 13, 2015, based on a check to cash dated October 8, 2015. On October 14, 2015, the day after the staged accident, Mr. Giles paid Mr. Labeaud approximately $1,500.00 from Mr. Giles and Mr. Courtenay's law firm's account, The King Firm. On October 16, 2015, Mr. Giles caused approximately $2,000.00 cash to be withdrawn from Mr. Giles' personal law firm account, based on a check to cash dated the same day. After receiving payment from Mr. Giles, Mr. Labeaud paid "Co-Conspirator A" (Roderick Hickman) in cash for working with him to stage the accident of October 13, 2015.

As part of the scheme and artifice to defraud, on September 26, 2016, Mr. Courtenay of The King Firm filed the Harris Lawsuit in the Civil District Court for the Parish of Orleans.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that, approximately six months after the staged accident, and no later than October 3, 2016, Mr. Giles referred Anthony Robinson to Ms. Arnona of the law firm of Arnona Rose, LLC, for representation arising out of the staged accident.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that, on or about October 3, 2016, Ms. Arnona of Arnona Rose filed the Robinson Cross-Claim in the Civil District Court for the Parish of Orleans.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to

2033285.v1

defraud that Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson were treated by doctors and healthcare providers known to the Grand Jury at the direction of their attorneys. Anthony Robinson subsequently underwent neck and back surgery by doctors and healthcare providers to whom he was referred by Mr. Giles and Mr. Courtenay for "treatment" due to the staged accident. Audrey Harris subsequently underwent neck and back surgery by doctors and healthcare providers to whom she was referred by Mr. Giles and Mr. Courtenay for "treatment" due to the staged accident. Jerry Schaffer subsequently underwent back surgery by doctors and healthcare providers to whom he was referred by Mr. Giles and Mr. Courtenay for "treatment" due to the staged accident.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson were given loans or advances on their settlement by Mr. Giles of The King Firm, Mr. Courtenay of The King Firm, and Ms. Arnona of Arnona Rose. On or about December 28, 2016, and March 2, 2017, Anthony Robinson received checks totaling approximately $3,000.00 as advances on his settlement from The King Firm. Between on or about March, 2017, and June, 2019, Anthony Robinson received approximately $32,700.00 in loans or advances on his settlement from the law firm of Arnona Rose, LLC. Between on or about April, 2017, and March, 2019, Audrey Harris received approximately $14,600.00 in loans or advances on her settlement from The King Firm. Between on or about May, 2017, and July, 2019, Jerry Schaffer received approximately $11,650.00 in loans or advances on his settlement from The King Firm. Between on or about May, 2017, and on or about July, 2019, Keishira Robinson received approximately $2,620.00 in loans or advances on her settlement from The King Firm.

As part of the scheme and artifice to defraud, on August 21, 2017, Mr. Courtenay of The

2033285.v1

King Firm demanded approximately $4,000,000.00 in settlement for Audrey Harris, approximately $1,000,000.00 in settlement for Jerry Schaffer, and approximately $175,000.00 in settlement for Keishira Robinson.

As part of the scheme and artifice to defraud, on September 28, 2017, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson each provided false testimony in depositions taken in conjunction with the Harris Lawsuit and Robinson Cross-Claim. Mr. Courtenay of The King Firm and Ms. Arnona of Arnona Rose were present at each of the depositions.

As part of the scheme and artifice to defraud, on August 21, 2017, Ms. Arnona of Arnona Rose demanded approximately $4,800,000.00 in settlement for Anthony Robinson.

As part of the scheme and artifice to defraud, on June 19, 2019, Mr. Courtenay of The King Firm forwarded an email to counsel for C.R. England, which also copied Ms. Arnona of Arnona Rose, LLC, thereby confirming an agreement to settle the entirety of the claims of all four (4) claimants for a total of $4,725,000.00 plus the costs of mediation.

All Defendants herein, for the purpose of executing or attempting to execute the scheme and artifice to defraud set forth herein, knowingly caused to be delivered by mail, according to the directions therein, the following: (1) on July 17, 2019, C.R. England mailed an envelope via FedEx from West Valley City, Utah, to their counsel in the underlying proceeding in New Orleans, Louisiana, containing three settlement checks in the amount of $1,000,000.00 for Jerry Schaffer and The King Firm, $125,000.00 for Keishira Robinson and The King Firm and $898,422.87 for Anthony Robinson and Arnona Rose/The King Firm, and (2) on July 17, 2019, ACE American mailed an envelope via FedEx from Wilmington, Delaware, to counsel for C.R. England in the underlying proceeding in New Orleans, Louisiana, containing two settlement

checks in the amount of $2,100,000.00 for Audrey Harris and The King Firm, and for $601,577.13 for Anthony Robinson and Arnona Rose/The King Firm.

As part of the scheme and artifice to defraud, on July 18, 2019, Mr. Courtenay of The King Firm picked up from counsel for C.R. England's office five (5) settlement checks in settlement of the claims of all four (4) claimants, which are described as follows: (1) a C.R. England check in the amount of $898,422.87 made payable to Anthony Robinson and Arnona Rose; (2) an ACE American check in the amount of $601,577.13 made payable to Anthony Robinson and Arnona Rose; (3) an ACE American check in the amount of $2,100,000.00 made payable to Audrey Harris and The King Law Firm; (4) a C.R. England check in the amount of $125,000.00 made payable to Keishira Robinson and The King Firm; and (5) a C.R. England check in the amount of $1,000,000.00 made payable to Jerry Schaffer and The King Law Firm.

As part of the scheme and artifice to defraud, on July 19, 2019, the law firm of Arnona Rose, LLC, deposited the following settlement checks: (1) a C.R. England check in the amount of $898,422.87 made payable to Anthony Robinson and Arnona Rose; and (2) an ACE American check in the amount of $601,577.13 made payable to Anthony Robinson and Arnona Rose.

As part of the scheme and artifice to defraud, on July 19, 2019, The King Firm deposited the following settlement checks: (1) a ACE American check in the amount of $2,100,000.00 made payable to Audrey Harris and The King Law Firm; (2) a C.R. England check in the amount of $125,000.00 made payable to Keishira Robinson and The King Firm; and (3) a C.R. England check in the amount of $1,000,000.00 made payable to Jerry Schaffer and The King Law Firm.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that, on or about July 24, 2019, Keishira Robinson cashed a settlement check in the amount of approximately $40,080.84 from The King Firm.

2033285.v1

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that, on or about July 29, 2019, Audrey Harris deposited a settlement check in the amount of approximately $675,000.00 from The King Firm.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that, on or about July 29, 2019, Jerry Schaffer deposited a settlement check in the amount of approximately $430,463.99 from The King Firm.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that, on or about July 30, 2019, Anthony Robinson endorsed a settlement check in the amount of approximately $534,983.33 from the law firm of Arnona Rose, LLC, of which he deposited approximately $524,983.33 and withheld approximately $10,000.00 in cash.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that, on or about July 26, 2019, and August 6, 2019, The King Firm issued checks to the personal law firm of Mr. Giles, believed to be Giles Law, LLC, for attorney fees in the amount of approximately $481,338.14 related to this staged accident.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that, on or about August 5, 2019, The King Firm issued checks to the personal law firm of Mr. Courtenay for attorney fees in the amount of approximately $233,865.78 related to this staged accident.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice to defraud that, beginning on or about July 26, 2019, and continuing until on or about August 18, 2019, The King Firm issued checks to other associates of The King Firm for attorney fees totaling approximately $235,164.35 related to this staged accident.

Pursuant to the allegations within the indictment, it was part of the scheme and artifice

2033285.v1

to defraud that, on or about July 29, 2019, the law firm of Arnona Rose, LLC, issued checks to The King Firm totaling approximately $135,386.64 for fees and costs associated with representing Anthony Robinson in this staged accident.

C.R. England shows, alleges and avers herein that up to and at the time of settlement agreement of the claims in the Harris Lawsuit and the Robinson Cross-Claim on June 19, 2019, and tendering of the settlement checks on July 18, 2019, there had not been any indictments rendered in this vast conspiracy to commit fraud. As such, C.R. England had no actionable and admissible evidence for the scheduled trial date of June 24, 2019, to prove that fraud had occurred at that time. C.R. England were aware that other defense counsel in other matters suspected that a fraud ring across the New Orleans was being perpetrated, and that the facts of this matter known to C.R. England at that time were similar to the facts of other suspected accidents. These facts were set forth within C.R. England's Motion to Continue trial filed on June 3, 2019, which was denied.

However, C.R. England was not able to obtain cell phone records from the alleged driver (Anthony Robinson) which the indictment shows that he communicated with third parties to orchestrate the fraud. Rather, the only cell records able to be obtained were from a passenger, Keishira Robinson, which did not allow development of the facts of the scheme at the time. Moreover, throughout the entirety of the litigation, the claimants actively conspired to hide their fraudulent scheme, gave false testimony in deposition, and counsel for the claimants actively opposed and prevented C.R. England's Motion to Continue the trial date set for June 24, 2019, which was necessary to conduct additional discovery regarding whether this "accident" was in fact fraud. In fact, Mr. Giles of The King Firm filed an Opposition Memorandum certifying to the Court that this "accident" was not fraud, was not staged and that C.R. England was in bad

2033285.v1

faith and was falsely spreading "rumor" and "innuendo". According to the indictment issued a year later, Mr. Giles was actively participating in this ring of staged accidents since at least 2015, and was paying third parties to fraudulently stage accidents with tractor trailers, including the accident at issue. Moreover, according to the guilty pleas filed on December 17, 2020, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson have each confessed that Mr. Giles and Mr. Courtenay of The King Firm told Ms. Harris and Mr. Schaffer around the time of the mediation on June 13, 2019, to settle their cases because the FBI was investigating staged accidents.

C.R. England shows, alleges and avers herein that the indictment issued on October 16, 2020, contained the first notice to C.R. England that the "accident" of October 13, 2015, was in fact a fraudulently committed staged accident which was orchestrated by the attorney, in which a third party "Co-Conspirator A," was actually operating the vehicle, or that the "slammer," Damian Labeaud, who was separately indicted and plead guilty after the settlement was also involved. Moreover, the identity of "Co-Conspirator A" as Roderick Hickman was not revealed until the guilty pleas filed on December 17, 2020.

All of the facts, acts and omissions set forth above were done by Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, in violation of 18 U.S.C. Sections 1962(c) and (d), La. Civ. Code art. 1953, *et seq.*, La. Civ. Code art. 2324, *et seq.*, and La. R.S. 15:1353(A), (B), (C) and (D).

Between December 15 to 17, 2020, guilty pleas were signed and formally entered by all four of the Plaintiffs in "the Harris Lawsuit" and "the Robinson Cross Claim" arising out of the October 13, 2015, staged accident; i.e., Anthony Robinson, Audrey Harris, Jerry Schaffer and

2033285.v1

Keishira Robinson all plead guilty to Conspiracy to Commit Mail Fraud, in violation of Title 18, United States Code, Section 371, arising out of staged accident at issue, which said guilty pleas and Factual Basis for the same were filed on December 17, 2020. Each of the four (4) signed extensive confessions as a "Factual Basis" regarding their guilty pleas, which admitted to the facts set forth above regarding the indictments, their respective involvement in staging the accident of October 13, 2015, along with the conspiracy to commit wire fraud in connection with these staged accidents, and the involvement of the attorneys, Damian Labeaud and Roderick Hickman (referred to as "Co-Conspirator A" within the indictment) in coordinating the scheme to stage these accidents and commit mail fraud in connection with these staged accidents. The "Factual Basis" and confessions signed between December 15 to 17, 2020, by Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, are all plead herein as if copied *in extenso*.

In the separate "Factual Basis" documents signed by Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, regarding each of their guilty pleas signed between December 15 to 17, 2020, each one of them admitted to the following facts in their confessions regarding their involvement in the staged accident of October 13, 2015, which targeted the tractor trailer owned by C.R. England, Inc., and operated by an employee of C.R. England, Inc.:

That Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, along with their co-conspirators and others, beginning at a time unknown and continuing through the present, in the Eastern District of Louisiana, and elsewhere, conspired to commit mail fraud in connection with a staged accident that occurred on October 13, 2015, in which Mr. Robinson was a purported passenger, and Audrey Harris, Jerry Schaffer and Keishira Robinson were passengers.

2033285.v1

That, prior to October 13, 2015, Mr. Robinson knew Mr. Labeaud through one of his daughters, was aware that Mr. Labeaud staged automobile accidents, and agreed on a plan in which Mr. Labeaud and Mr. Hickman would intentionally collide with a tractor-trailer with Mr. Robinson and others purportedly being in the vehicle at the time of the staged accident. That, as part of this agreement, following the staged accident, Mr. Robinson would attempt to recover monetary damages from the owner and insurer of the tractor-trailer in connection with purported injuries suffered as a result of the staged accident. That, on October 13, 2015, Mr. Robinson met with Mr. Labeaud, who was accompanied by Mr. Hickman, at Mr. Robinson's apartment to discuss staging an automobile accident with a tractor-trailer in order to obtain money through fraud. That, Mr. Labeaud told Mr. Robinson that he had a good lawyer on Canal Street, and that they needed four participants in total. That, for the purposes of this accident, Mr. Hickman would serve as a "slammer," or an individual who drove vehicles and intentionally collided with tractor-trailers in order to stage accidents. That, Mr. Labeaud would serve as a "spotter," or an individual who would follow in a separate vehicle and would pick up the slammer after the accident in order to flee the scene and evade detection.

That, Mr. Robinson paid Mr. Labeaud $2,000.00 in cash in order to participate in a staged accident on October 13, 2015. That, Mr. Robinson arranged for his wife, Audrey Harris, his friend and neighbor, Jerry Schaffer, and his daughter, Keishira Robinson, to go for a ride in his vehicle. That, Mr. Robinson, Mr. Labeaud and Mr. Hickman agreed that the accident would be staged with a burgundy 2002 Chevrolet Tahoe that belonged to Mr. Robinson. That, Mr. Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson departed from the apartment complex in the Tahoe with Mr. Robinson. That, Mr. Labeaud and Mr. Hickman followed the Tahoe in a separate vehicle. That, when they initially got in the car, Ms. Harris, Mr. Schaffer and

- 45 -

Ms. Robinson did not know that they were going to participate in a staged accident. That, after departing the apartment complex but before the staged accident, the two vehicles pulled over so that Mr. Robinson and Mr. Hickman could switch places. That, Mr. Hickman got into the driver's seat of the Tahoe, and Mr. Robinson got into the passenger seat of Mr. Labeaud's vehicle. That, Mr. Labeaud and Mr. Robinson followed behind the Tahoe.

That, at approximately 6:18 p.m. on October 13, 2015, while driving southbound on Alvar Street near the intersection of France Road, Mr. Hickman observed the 2016 Freightliner semi tractor-trailer operated by C.R. England changing lanes from right to left, and that Mr. Hickman intentionally collided with the C.R. England tractor-trailer. That, Mr. Hickman accelerated towards the C.R. England tractor-trailer and caused minimal impact between the Tahoe and the left rear side of the tractor-trailer.

That, after the collision, Mr. Robinson exited Mr. Labeaud's vehicle and resumed his position as the driver of the Tahoe, and Mr. Hickman fled the scene and returned to Mr. Labeaud's vehicle. That, Ms. Harris called 9-1-1 and contacted the New Orleans Police Department to report that she and others in the Tahoe had been involved in an automobile accident with a tractor-trailer and required an ambulance. That, at approximately 7:45 p.m., the NOPD arrived at the scene of the staged accident, and during the investigation, Mr. Robinson falsely reported to the NOPD that he had been the driver of the Tahoe and that the C.R. England tractor-trailer had struck his vehicle. That, after the NOPD left the scene, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson rendezvoused with Mr. Labeaud at a gas station on Louisa Street and Almonaster Street. That, while at the gas station, Mr. Labeaud placed a call to "Attorney A"/Mr. Jason Giles of The King Firm, and told him that he had some "fish" for "Attorney A"/Mr. Jason Giles. That, on the day of the accident, October 13, 2015, Mr.

2033285.v1

Labeaud and "Attorney A"/Mr. Jason Giles spoke approximately three times. That, phone records also indicate that Mr. Labeaud and "Attorney A"/Mr. Jason Giles spoke on the days before and after the accident.

That, after meeting at the gas station, Mr. Labeaud instructed Mr. Robinson, Ms. Harris, Mr. Schaffer and Ms. Robinson to follow him to The King Firm in order to discuss "Attorney A"/Mr. Jason Giles' representation of them in connection with the staged accident. That, Mr. Robinson, Ms. Harris, Mr. Schaffer and Ms. Robinson followed Mr. Labeaud to The King Firm. That, later that same evening, Mr. Robinson, Ms. Harris, Mr. Schaffer and Ms. Robinson entered The King Firm through the rear stair entrance, and once inside, met with "Attorney A"/Mr. Jason Giles. "Attorney A"/Mr. Jason Giles and Mr. Labeaud were the only other people present for the meeting. That, in addition to discussing "Attorney A"/Mr. Jason Giles' representation of them in connection with the accident and completing related paperwork, "Attorney A"/Mr. Jason Giles discussed setting up immediate medical treatment for Mr. Robinson, Ms. Harris, Mr. Schaffer and Ms. Robinson.

That, "Attorney A"/Mr. Giles paid Mr. Labeaud in cash and check for staging the accident. That, on October 14, 2015, the day after the staged accident, "Attorney A"/Mr. Giles paid Mr. Labeaud approximately $1,500.00 from "Attorney A"/Mr. Giles and "Attorney B"/Mr. Courtenay's law firm's account, The King Firm. That, additionally, "Attorney A"/Mr. Giles made several cash withdrawals' from his personal law firm account, Giles Law, LLC, on the day of the accident and later the same week.

That, on September 26, 2016, "Attorney B"/Mr. Courtenay of The King Firm filed the Harris Lawsuit in the Civil District Court for the Parish of Orleans on behalf of Ms. Harris, Mr. Schaffer and Ms. Keishira Robinson. That, approximately six months after the staged accident,

2033285.v1

"Attorney A"/Mr. Giles referred Anthony Robinson to "Attorney C"/Ms. Arnona of the law firm of Arnona Rose, LLC, for representation arising out of the staged accident. That, on or about October 3, 2016, "Attorney C"/Ms. Arnona of Arnona Rose filed the Robinson Cross-Claim in the Civil District Court for the Parish of Orleans on behalf of Mr. Robinson as a personal injury lawsuit seeking damages from C.R. England arising out of the staged accident. That, the allegations in these lawsuits were false in that they did not contain information about how Mr. Hickman intentionally caused the October 13, 2015, accident between the Tahoe and the C.R. England tractor-trailer. That, the lawsuits falsely alleged that Mr. Robinson had been the driver of the Tahoe during the accident and omitted material information about how the passengers had agreed to stage the accident with Mr. Labeaud and Mr. Hickman.

That, before the lawsuits were filed, and throughout the time they were pending, "Attorney A"/Mr. Giles and "Attorney B"/Mr. Courtenay referred Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson to medical providers for "treatment" due to the staged accident. That, Mr. Robinson, Ms. Harris, and Mr. Schaffer underwent extensive medical treatment, including chiropractic treatment, injections, and eventually surgery. That, Mr. Robinson and Ms. Harris both underwent neck and back surgery performed by "Physician A"/Dr. Samer Shamieh to whom they were referred by "Attorney A"/Mr. Giles and "Attorney B"/Mr. Courtenay. That, Mr. Schaffer also underwent back surgery performed by "Physician B"/Dr. Marco Rodriguez to whom he was referred to by "Attorney B"/Mr. Courtenay. That, Keishira Robinson agreed to chiropractic treatment and an injection, but refused to undergo surgery. That, all four individuals (Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson) were either directly told or understood that agreeing to more medical treatment would increase the value of their lawsuits.

That, while the lawsuits were pending, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson were given loans or advances on their settlement by Mr. Giles of The King Firm, Mr. Courtenay of The King Firm, and Ms. Arnona of Arnona Rose. That, Anthony Robinson received checks totaling approximately $3,000.00 as advances on his settlement from The King Firm, and approximately $32,700.00 in loans or advances on his settlement from the law firm of Arnona Rose, LLC. That, Audrey Harris, Jerry Schaffer and Keishira Robinson received approximately $14,600.00, $11,650.00 and $2,620.00, respectively, from The King Firm.

That, on September 28, 2017, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson each provided false testimony in depositions taken in conjunction with the Harris Lawsuit and Robinson Cross-Claim. That, all four individuals lied during their deposition and omitted key material facts. That, they provided false testimony about the circumstances of the October 13, 2015, accident, and covered-up the fact that Mr. Hickman had been the driver in this staged accident and that Mr. Robinson was not in the vehicle at the time of the intentional collision.

That, on August 21, 2017, "Attorney B"/Mr. Courtenay of The King Firm demanded approximately $4,000,000.00 in settlement for Audrey Harris, approximately $1,000,000.00 in settlement for Jerry Schaffer, and approximately $175,000.00 in settlement for Keishira Robinson. That, on August 21, 2017, "Attorney C"/Ms. Arnona of Arnona Rose demanded approximately $4,800,000.00 in settlement for Anthony Robinson.

That, on June 13, 2019, the case went to mediation. That, around the tie of the mediation, "Attorney A"/Mr. Giles and "Attorney B"/Mr. Courtenay, told Ms. Harris and Mr. Schaffer to settle their case because the Federal Bureau of Investigation ("FBI") was investigating staged

2033285.v1

accidents, and that C.R. England suspected that their case was fraudulent. That, shortly after the mediation, on June 19, 2019, the parties agreed to a settlement of the claims of all four (4) claimants for a total of $4,725,000.00 plus the costs of mediation. That, the settlement consisted of $1,500,000.00 for Anthony Robinson, $2,100,000.00 for Audrey Harris, $1,000,000.00 for Jerry Schaffer, and $125,000.00 for Keishira Robinson.

That, in effectuating the settlement, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, their co-conspirators and others caused C.R. England and its excess insurer, ACE American, to issue settlement checks to be delivered by mail to New Orleans. That, (1) on July 17, 2019, C.R. England mailed an envelope via FedEx from West Valley City, Utah, to their counsel in the underlying proceeding in New Orleans, Louisiana, containing three settlement checks in the amount of $1,000,000.00 for Jerry Schaffer and The King Firm, $125,000.00 for Keishira Robinson and The King Firm and $898,422.87 for Anthony Robinson and Arnona Rose/The King Firm, and (2) on July 17, 2019, ACE American mailed an envelope via FedEx from Wilmington, Delaware, to counsel for C.R. England in the underlying proceeding in New Orleans, Louisiana, containing two settlement checks in the amount of $2,100,000.00 for Audrey Harris and The King Firm, and for $601,577.13 for Anthony Robinson and Arnona Rose/The King Firm. That, on July 18, 2019, "Attorney B"/Mr. Courtenay of The King Firm picked up from counsel for C.R. England's office five (5) settlement checks in settlement of the claims of all four (4) claimants, which are described as follows: (1) a C.R. England check in the amount of $898,422.87 made payable to Anthony Robinson and Arnona Rose; (2) an ACE American check in the amount of $601,577.13 made payable to Anthony Robinson and Arnona Rose; (3) an ACE American check in the amount of $2,100,000.00 made payable to Audrey Harris and The King Law Firm; (4) a C.R. England check in the amount of

2033285.v1

$125,000.00 made payable to Keishira Robinson and The King Firm; and (5) a C.R. England check in the amount of $1,000,000.00 made payable to Jerry Schaffer and The King Law Firm.

That, on July 19, 2019, the law firm of Arnona Rose, LLC, deposited the following settlement checks: (1) a C.R. England check in the amount of $898,422.87 made payable to Anthony Robinson and Arnona Rose; and (2) an ACE American check in the amount of $601,577.13 made payable to Anthony Robinson and Arnona Rose. That, on July 19, 2019, The King Firm deposited the following settlement checks: (1) an ACE American check in the amount of $2,100,000.00 made payable to Audrey Harris and The King Law Firm; (2) a C.R. England check in the amount of $125,000.00 made payable to Keishira Robinson and The King Firm; and (3) a C.R. England check in the amount of $1,000,000.00 made payable to Jerry Schaffer and The King Law Firm.

That, on or about July 24, 2019, Keishira Robinson cashed a settlement check in the amount of approximately $40,080.84 from The King Firm. That, on or about July 29, 2019, Audrey Harris deposited a settlement check in the amount of approximately $675,000.00 from The King Firm. That, on or about July 29, 2019, Jerry Schaffer deposited a settlement check in the amount of approximately $430,463.99 from The King Firm. That, on or about July 30, 2019, Anthony Robinson endorsed a settlement check in the amount of approximately $534,983.33 from the law firm of Arnona Rose, LLC, of which he deposited approximately $524,983.33 and withheld approximately $10,000.00 in cash.

That, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson each admit that they conspired to commit mail fraud by causing the filing of the Harris Lawsuit and Robinson Cross-Claim seeking monetary damages that were premised on falsehoods in connection with the October 13, 2015, staged automobile accident, providing false information

2033285.v1

during the course of the lawsuit in an effort to recover monetary damages against the owner and insurer of the C.R. England tractor-trailer, and causing the use of the mailings to facilitate recovery with this staged accident.

Moreover, prior to the indictment at issue being filed on October 16, 2020, Damian Labeaud had already plead guilty to his role in this fraudulent scheme to stage automobile accidents arising out of an earlier indictment related to this scheme. Within Mr. Labeaud's signed Factual Basis for his guilty plea of August 6, 2020, he admitted to staging numerous accidents for various attorneys and acting as the "slammer" and the "spotter," including at least forty (40) staged accidents with tractor-trailers for a _single_ attorney (Mr. Keating), that he recruited several others to serve as his spotter, and that he understood that as part of the scheme, that the attorney would instruct the passengers to be treated by certain doctors and healthcare providers, often at an inflated cost, in order to obtain larger settlements.

Furthermore, days after the indictment at issue being filed on October 16, 2020, Roderick Hickman also plead guilty to his role in this fraudulent scheme to stage automobile accidents arising out of an earlier indictment related to this scheme. Within Mr. Hickman's signed Factual Basis for his guilty plea of October 21, 2020, he admitted to being trained by Damian Labeaud to stage accidents, and further admitted that he and Damian Labeaud worked together to stage at least one hundred (100) accidents with tractor trailers for attorneys, including for Mr. Giles. Furthermore, in the indictment at issue herein, Mr. Hickman was referred to as "Co-Conspirator A," and it was alleged that Mr. Labeaud and "Co-Conspirator A" worked as runners for The King Firm, that Mr. Giles of The King Firm had represented both Mr. Labeaud and "Co-Conspirator A" in accidents that each were involved in and concealed subsequent payments to them for staging accidents as advances on their settlement and/or loans, and that The King Firm

would employ Mr. Labeaud at the law firm to complete various tasks as another way to conceal payments to him for staging accidents.

All of the facts, acts and omissions set forth above were done by Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, in violation of 18 U.S.C. Sections 1962(c) and (d), La. Civ. Code art. 1953, *et seq.*, La. Civ. Code art. 2324, *et seq.*, and La. R.S. 15:1353(A), (B), (C) and (D).

C.R. England shows, alleges and avers herein that the guilty pleas and specifically the signed confessions and "Factual Basis" of Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson signed between December 15 to 17, 2020, and filed and made public on December 17, 2020, was the first notice to C.R. England of any admission that (1) the accident of October 13, 2015, was in fact a staged accident, (2) an admission that a fraudulent scheme existed regarding the staged accident of October 13, 2015, (3) an admission that Roderick Hickman was the "slammer" in the staged accident identified in the indictment as "Co Conspirator A," (4) or an admission that attorneys and law firms reference herein were involved in the fraudulent scheme regarding the staged accident of October 13, 2015. Moreover, the more detailed involvement of the attorneys herein encouraging Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson to undergo increased medical treatment to increase the value of their claims, and the attorneys telling Audrey Harris and Jerry Schaffer around the time of mediation on June 13, 2019, to settle their claims because the FBI was investigating staged accidents, was unknown to C.R. England until the guilty pleas and signed confessions and "Factual Basis" of Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson which were filed and made public on December 17, 2020.

2033285.v1

At all times relevant to the claims set forth herein, Mr. Giles and Mr. Courtenay were personal injury attorneys licensed to practice in Louisiana, operated the law firm of The King Firm, LLC, together with other attorneys, and were acting on behalf of and as agents for The King Firm, LLC. At all times relevant herein, Mr. Giles was also the sole manager and member of Giles Law, LLC, a law firm domiciled in the State of Louisiana, which is the personal law firm of Mr. Giles and domiciled at the same address of The King Firm, LLC. Mr. Giles was a member of The King Firm, LLC, in his personal capacity and/or through his personal law firm, Giles Law, LLC.

At all times relevant to the claims set forth herein, Mr. Labeaud and Mr. Hickman were runners for Mr. Giles and The King Firm, LLC, and were acting on behalf of and as agents for The King Firm, LLC. Moreover, at all times relevant to the claims set forth herein, Mr. Labeaud was employed by The King Firm, LLC, and/or Giles Law, LLC, to complete various tasks for The King Firm, LLC, as a way to conceal payments to him for staging accidents, and was acting on behalf of and as agents for The King Firm, LLC. Mr. Labeaud was also a client of and represented by The King Firm, LLC, in his own personally injury lawsuit arising out of an "accident" on August 7, 2015. Mr. Hickman was also a client of and represented by The King Firm, LLC, in his own personally injury lawsuit arising out of an "accident" on September 1, 2016.

At all times relevant to the claims set forth herein, Ms. Arnona was a personal injury attorney licensed to practice in Louisiana, operated the law firm of Arnona Rose, LLC, together with other attorneys, and was acting on behalf of and as agent for Arnona Rose, LLC. Moreover, pursuant to the referral of the claims of claimant, Anthony Robinson, to Ms. Arnona and Arnona Rose, LLC, by Mr. Giles and The King Firm, and the fee sharing agreement between Ms.

2033285.v1

Arnona and Arnona Rose, LLC, and Mr. Giles and The King Firm, regarding any monies obtained through settlement or otherwise regarding the claims of Anthony Robinson, at all times relevant to the claims set forth herein, Ms. Arnona and Arnona Rose, LLC, was acting on behalf of and as agent for The King Firm.

All four of the individuals currently indicted arising out of the staged accident of October 13, 2015, (Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson) have plead guilty and admitted to their roles in the fraudulent scheme, and signed extensive confessions of "Factual Basis" detailing the conspiracy to commit mail fraud, along with the facts concerning the roles of Damian Labeaud, Roderick Hickman, and the attorneys and law firms, including Mr. Giles, Giles Law, LLC, and The King Firm, LLC, in the fraudulent scheme. Moreover, Mr. Labeaud and Mr. Hickman had previously plead guilty to their roles in this scheme to stage accidents arising out of earlier indictments. The only natural party within this Complaint which has not plead guilty to his roles in this scheme, is the currently unindicted attorney, Mr. Giles (or the legal entities of his law firms, Giles Law, LLC, and The King Firm, LLC).

As set forth in the factual reasons above, there was a racketeering enterprise and scheme existing between Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire and mail fraud in connection with the staged accidents. In fact, the "slammers/spotters" and recruiter in the staged accidents, Mr. Labeaud and Mr. Hickman, have previously pled guilty to their roles in this conspiracy to commit fraud in connections with over one hundred staged accidents involving tractor trailers, and have signed

2033285.v1

detailed statement/factual basis outlining his role in the scheme. Moreover, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson have already plead guilty to their roles in staging this accident and fraudulent personal injury claims.

C.R. England, Inc., is a trucking company involved in interstate commerce, and the excess insurer of C.R. England, Inc., is ACE American Insurance Company, which also entered into a settlement of claims as the excess insurer of C.R. England, Inc. C.R. England, Inc., and ACE American were victims in the staged accident of October 13, 2015, arising out of the fraudulent scheme set forth herein, resulting in real and personal injury and damages to C.R. England, Inc.,  which brings the following causes of action and claims for damages against these Defendants.

C.R. England has instituted this RICO Complaint against Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hikcman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, regarding an "Enterprise" which they and their agents established, financed, owned, operated and/or participated in to recruit individuals to knowingly participate in and conspire to participate in a scheme to stage automobile accidents in the New Orleans area in an effort to defraud insurance and trucking companies, including the staged accident of October 13, 2015. The purpose of the Enterprise to stage these automobile accidents was to file personal injury claims on behalf of the occupants of the vehicles knowingly involved in the staged accidents in order to fraudulently recover monies from the trucking company and/or insurance company through settlement or otherwise, and conspiring to commit and actually committing wire and mail fraud in furtherance of the fraudulent scheme and Enterprise in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1341 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C.

2033285.v1

1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, and Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, and conspiracy to commit Federal Wire and Mail Fraud arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, transfer of funds by wire and check, and use of the postal service and/or private or commercial interstate carriers, which crossed state lines.

C.R. England was the owner of the tractor-trailer involved in the staged accident of October 13, 2015, the employer of the operator of the tractor-trailer, the insured under the ACE American excess policy of insurance and defendant in the lawsuit filed regarding the alleged injury resulting to the occupants of the vehicle in the staged accident which were complicit with the Enterprise and knowingly engaged in the staged accident. C.R. England and its excess insurer entered into a settlement of the fraudulent claims at issue herein. C.R. England has suffered damages and injury as a result of the unlawful conduct in violation of 18 U.S.C. Sections 1962(c) and (d), along with violations of Louisiana state racketeering and other state laws arising out of the same unlawful conduct, i.e., violations of La. Civ. Code art. 1953, *et seq.*, La. Civ. Code art. 2324, *et seq.*, and La. R.S. 15:1353(A), (B), (C) and (D).

C.R. England contends that all Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, participated in the unlawful conduct set forth herein in violation of 18 U.S.C. Section 1962(c), by being a part of an Enterprise engaged in interstate commerce and conduct, or participating in the conduct of, such Enterprise's affairs through a pattern of racketeering activity.

2033285.v1

C.R. England contends that all Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, participated in the unlawful conduct set forth herein in violation of 18 U.S.C. Section 1962(d), by conspiring to violate the provisions of 18 U.S.C. Section 1962(c), by conspiring to be a part of an Enterprise engaged in interstate commerce and conduct, or conspiring to participate in the conduct of such Enterprise's affairs through a pattern of racketeering activity.

The facts set forth above are common to all causes of action made within the Complaint (R. Doc. 1) and form the factual basis and "reasonable inquiry" required by Federal Rule of Civil Procedure 11, including but not limited to the RICO claims herein pursuant to 18 U.S.C. Section 1962(c) and (d), regarding the unlawful conduct participated in by Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents.

C.R. England, Inc., is a trucking company involved in interstate commerce. C.R. England was a victim in the staged accident of October 13, 2015, arising out of the fraudulent scheme set forth herein, resulting in real and personal injury and damages to C.R. England.

Beginning at a time unknown, but prior to the staged accident of October 13, 2015 and continuing to the date of this Complaint, in the Eastern District of Louisiana and elsewhere, Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, willfully and knowingly did combine, conspire, confederate and agree:

a. to devise a scheme and artifice to defraud and to obtain money and property from insurance companies, commercial carriers, and trucking companies by means of

2033285.v1

materially false and fraudulent pretenses, representations and promises, by use of interstate wire transmissions, for the purpose of executing or attempting to execute the scheme and artifice to defraud as set forth above, in violation of 18 U.S.C. 1343; and

b. to devise a scheme and artifice to defraud and to obtain money and property from insurance companies, commercial carriers, and trucking companies by means of materially false and fraudulent pretenses, representations and promises, and willfully causing mail matter to be delivered by the United States Postal Service and/or private or commercial interstate carriers for the purpose of executing or attempting to execute the scheme and artifice to defraud as set forth above, in violation of 18 U.S.C. 1341.

For the reasons set forth above, the misconduct and basis of liability against Defendant, Jason F. Giles, in violation of 18 U.S.C. 1962(c) and (d), arises out of Mr. Giles establishing, financing, owning, operating and/or participating in the management of law offices of Giles Law, LLC, and The King Firm, LLC, presenting the fraudulent claims at issue and/or in the providing of legal services to personal injury plaintiffs for the fraudulent claims at issue in furtherance of the Enterprise. This includes, but is not limited to: (a) recruitment of, conspiring with and paying Damian Labeaud, Roderick Hickman and others to recruit individuals to knowingly participate in a scheme to stage numerous automobile accidents in the New Orleans area in an effort to defraud insurance and trucking companies, including the staged accident of October 13, 2015, (b) paying Damian Labeaud, Roderick Hickman and others via cash and check to commit staged automobile accidents, (c) loaning Damian Labeaud, Roderick Hickman and others money and then subtracting the loan amount when calculating how much was owed to Mr. Labeaud, Roderick Hickman and others for a staged accident, (d) providing legal representation to Mr. Labeaud and

Roderick Hickman in accidents they were each involved in, and concealing the subsequent payments to them for staging accidents as advances on their settlement and/or loans, (e) employing and otherwise paying Damian Labeaud and others personally and/or through The King Firm, LLC, to complete various tasks at The King Firm, LLC, as another way to conceal payment to Damian Labeaud and others for staging accidents, (f) using other attorneys at The King Firm, LLC, and/or referring claimants to other attorneys as agents of The King Firm, LLC, to either knowingly or unknowingly provide legal representation of and file personal injury claims and lawsuits on behalf of the individuals which he knew were involved in staged accidents, and using those employees and/or agents to present false and fraudulent claims on their behalf, (g) directing Damian Labeaud, Roderick Hickman and others to conceal their fraudulent activity and evade detection of the fraudulent scheme and Enterprise, (h) conspiring with and agreeing to act as the legal representative of and file personal injury claims and lawsuits on behalf of the individuals which they knew were involved in staged accidents, and knowingly presenting false and fraudulent claims on their behalf, (i) conspiring with the individuals involved in the staged accidents and directing their medical treatment at an inflated cost in order to maximize the fraudulent recovery of monies from the trucking company and/or insurance company, (j) conspiring with the individuals involved in the staged accidents and suborning these individuals to commit perjury in deposition testimony arising out of the staged accidents, (k) conspiring with the individuals involved in the staged accidents to commit, and actually committing wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, (l) making monetary demands for settlement of fraudulent personal injury claims arising out of the staged accident, (m) receiving monies in settlement of the fraudulent personal injury claims arising out of the staged accident, (n) filing and arguing an Opposition to C.R. England's Motion

2033285.v1

to Continue Trial and falsely certifying to the Court that the "accident" was not a fraudulent or staged accident, for the purpose of preventing C.R. England from discovering evidence of the fraudulent activities in order to prevail on the fraudulent claims at the trial set to begin in weeks, or force a settlement of the fraudulent claims, (o) accepting and depositing checks to the personal law firm of Jason Giles from The King Firm for attorney fees in the amount of approximately $481,338.14 related to the staged accident of October 13, 2015, and (p) causing checks to be issued to other attorneys within and outside of The King Firm, LLC, as payment of attorney fees related to the staged accident of October 13, 2015.

Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are an association in fact and "Enterprise" as that term is defined in Title 18, United States Code, Section 1961(4). The Enterprise has an identifiable structure, with each member fulfilling a specific role to carry out and facilitate its purpose. The Enterprise described herein engages in, and its activities affect, interstate commerce Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, have all been employed by and/or associated with the Enterprise, have participated in the management and operation of the Enterprise, and have deliberately caused fraud to be perpetrated upon Plaintiff herein, C.R. England, and other 18-wheeler trucking companies, drivers and insurers through the scheme of staging numerous automobile accidents throughout the New Orleans area for the purpose of pursuing fraudulent personal injury claims against the victims of the fraud, which includes the staged accident of October 13, 2015, involving Plaintiff herein, C.R. England.

The purpose of the scheme was to illicitly and illegally enrich the Defendants at the

2033285.v1

expense of Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents. As set forth above, which includes but it not limited to the signed confessions and "Factual Basis" of the guilty pleas of six of the individual Defendants herein, the scheme was created to pursue fraudulent bodily injury claims against tractor trailer trucking companies, drivers and their insurers. All Defendants herein have knowingly conducted and/or participated, directly and indirectly, in the conduct of the affairs of the above described Enterprise through a "pattern of racketeering activity" as defined by Title 18, United States Code, Section 1961(5). All Defendants herein conspired to commit and actually committed wire and mail fraud in furtherance of the fraudulent scheme and Enterprise in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1341 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, and Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, and conspiracy to commit Federal Wire and Mail Fraud arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, transfer of funds by wire and check, and use of the postal service and/or private or commercial interstate carriers, which crossed state lines.

These predicate acts are part of a scheme and are not isolated events. Furthermore, the Defendants' pattern of racketeering activity has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise alone, as confessed to by Damian Labeaud and Roderick Hickman, and as alleged in the indictment at issue of October 16, 2020, and other indictments and guilty pleas set forth herein, is potentially

ongoing, and amounts to or poses a threat of continued criminal activity.

As a direct and proximate result of the Defendants' conduct set forth herein, Plaintiff herein, C.R. England, Inc., was injured by paying sums of money in the settlement of the fraudulent bodily injury claims herein and attorney's fees, costs and expenses in the investigation and defense of the fraudulent bodily injury claims, as a direct result of the pattern of racketeering activity, in addition to damage to its reputation, lost income, internal expenses, increase in insurance premiums, and other actual and pecuniary injury and damages which will be shown at the trial on this matter.

As such, for the above reasons, Defendant, Jason F. Giles, is liable *in solido* with Defendants, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Mr. Giles' unlawful conduct in violation of 18 U.S.C. Section 1962(c).

Moreover, since at least 2015, all Defendants herein and their agents, including Jason F. Giles, have willfully combined, conspired and agreed with one another and with others to violate Title 18, United States Code, Section 1962(c), that is, to conduct and/or participate, directly or indirectly, in the affairs of the Enterprise, the activities of which were conducted through a pattern of racketeering activities, in violation of U.S.C. Section 1962(d). The object of this conspiracy was to defraud Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents as set forth herein. As such, for the above reasons, Defendant, Jason F. Giles, is liable *in solido* with Defendants, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira

Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Mr. Giles' unlawful conduct in violation of 18 U.S.C. Section 1962(d).

<b><u>Alleged Misconduct and Basis of Liability Regarding<br>Defendant, DAMIAN K. LABEAUD</u></b>

Defendant, Damian K. Labeaud, is also a Defendant within C.R. England's RICO action pursuant to 18 U.S.C. Section 1962(c) and (d). The alleged misconduct of Damian K. Labeaud and factual basis regarding the same, is the same as set forth above in the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if copied *in extenso*. In fact, as set forth above, Mr. Labeaud has already signed his confession/Factual Basis regarding his guilty plea, and plead guilty to his role in the staging of accidents set forth above and violation of conspiracy to commit wire fraud in connection with these staged accidents.

As set forth in the factual reasons above, there was a racketeering enterprise and scheme existing between Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire and mail fraud in connection with the staged accidents in violation of 18 U.S.C. 371 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, and transfer of

2033285.v1

funds by wire and check, which crossed state lines. In fact, the "spotter" and recruiter in the staged accidents, Mr. Labeaud, the "slammer" and get away driver in the staged accident, Mr. Hickman, along with all four (4) of the occupants in the vehicle involved in the staged accident on October 13, 2015 (Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson), have all plead guilty to their roles in conspiracy to commit wire fraud in connection with these staged accidents, and have signed detailed statements/factual basis outlining their roles in the scheme.

For the reasons set forth above, the misconduct and basis of liability against Defendant, Damian K. Labeaud, in violation of 18 U.S.C. 1962(c) and (d), arises out of Mr. Labeaud establishing, financing, owning, operating and/or participating in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) staging numerous accidents, including at least one hundred (100) staged accidents with tractor-trailers for attorney, Jason Giles, the law firm of The King Firm, LLC, Giles Law, LLC, and other attorneys and law firms in and around the New Orleans area, including but not limited to the staged accident at issue of October 13, 2015, (b) conspiring with and receiving payment attorney, Jason Giles, the law firm of The King Firm, LLC, Giles Law, LLC, and other attorneys and law firms in and around the New Orleans area, to recruit individuals to knowingly participate in a scheme to stage at least one hundred (100) automobile accidents in the New Orleans area in an effort to defraud insurance and trucking companies, including the staged accident of October 13, 2015, (c) actively recruiting individuals to knowingly participate in the staged accidents, (d) acting as either the driver or "slammer" of the vehicle used in the staged accidents, or, acting as the "spotter" or the person driving the getaway vehicle following the staged accident including the accident at issue of October 13, 2015, (e) conspiring with, recruiting and paying other

2033285.v1

individuals, including Roderick Hickman and others, to act as a "slammer" or a "spotter" in the staged accidents, including the accident at issue of October 13, 2015, (f) directing the individuals who participated in the staged accidents to Defendants, Jason Giles and The King Firm, for representation of them in the fraudulent personal injury claims and lawsuits arising out of the staged accidents, (g) conspiring with all Defendants and their agents to conceal their fraudulent activity and evade detection of the fraudulent scheme and Enterprise, (h) knowingly lying to law enforcement officers at the scene of the staged accidents in furtherance of the Enterprise and to deceive the law enforcement officers, (i) conspiring with Jason Giles, The King Firm, their agents, other attorneys and law firms and their agents, and the individuals involved in the staged accidents and suborning these individuals to commit perjury in deposition testimony arising out of the staged accidents, (j) conspiring with Jason Giles, The King Firm, their agents and the individuals involved in the staged accidents to commit wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, and (k) receiving monies and payments from Jason Giles, The King Firm, Giles Law, LLC, and their agents, and the individuals involved in the staged accidents, in exchange for this services and participation in the fraudulent scheme and Enterprise.

Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are an association in fact and "Enterprise" as that term is defined in Title 18, United States Code, Section 1961(4). The Enterprise has an identifiable structure, with each member fulfilling a specific role to carry out and facilitate its purpose. The Enterprise described herein engages in, and its activities affect, interstate commerce Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman,

2033285.v1

Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, have all been employed by and/or associated with the Enterprise, have participated in the management and operation of the Enterprise, and have deliberately caused fraud to be perpetrated upon Plaintiff herein, C.R. England, and other 18-wheeler trucking companies, drivers and insurers through the scheme of staging numerous automobile accidents throughout the New Orleans area for the purpose of pursuing fraudulent personal injury claims against the victims of the fraud, which includes the staged accident of October 13, 2015, involving Plaintiff herein, C.R. England.

The purpose of the scheme was to illicitly and illegally enrich the Defendants at the expense of Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents. As set forth above, which includes but it not limited to the signed confessions and "Factual Basis" of the guilty pleas of six of the individual Defendants herein, the scheme was created to pursue fraudulent bodily injury claims against tractor trailer trucking companies, drivers and their insurers. All Defendants herein have knowingly conducted and/or participated, directly and indirectly, in the conduct of the affairs of the above described Enterprise through a "pattern of racketeering activity" as defined by Title 18, United States Code, Section 1961(5). All Defendants herein conspired to commit and actually committed wire and mail fraud in furtherance of the fraudulent scheme and Enterprise in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1341 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, and Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, and conspiracy to commit Federal Wire and Mail Fraud arising out of staged

2033285.v1

accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, transfer of funds by wire and check, and use of the postal service and/or private or commercial interstate carriers, which crossed state lines.

These predicate acts are part of a scheme and are not isolated events. Furthermore, the Defendants' pattern of racketeering activity has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise alone, as confessed to by Damian Labeaud and Roderick Hickman, and as alleged in the indictment at issue of October 16, 2020, and other indictments and guilty pleas set forth herein, is potentially ongoing, and amounts to or poses a threat of continued criminal activity.

As a direct and proximate result of the Defendants' conduct set forth herein, Plaintiff herein, C.R. England, Inc., was injured by paying sums of money in the settlement of the fraudulent bodily injury claims herein and attorney's fees, costs and expenses in the investigation and defense of the fraudulent bodily injury claims, as a direct result of the pattern of racketeering activity, in addition to damage to its reputation, lost income, internal expenses, increase in insurance premiums, and other actual and pecuniary injury and damages which will be shown at the trial on this matter.

As such, for the above reasons, Defendant, Damian K. Labeaud, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Mr. Labeaud's unlawful conduct in violation of 18 U.S.C. Section 1962(c).

Moreover, since at least 2015, all Defendants herein and their agents, including Damian K. Labeaud, have willfully combined, conspired and agreed with one another and with others to

2033285.v1

violate Title 18, United States Code, Section 1962(c), that is, to conduct and/or participate, directly or indirectly, in the affairs of the Enterprise, the activities of which were conducted through a pattern of racketeering activities, in violation of U.S.C. Section 1962(d). The object of this conspiracy was to defraud Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents as set forth herein. As such, for the above reasons, Defendant, Damian K. Labeaud, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Mr. Labeaud's unlawful conduct in violation of 18 U.S.C. Section 1962(d).

### Alleged Misconduct and Basis of Liability Regarding Defendant, RODERICK HICKMAN

Defendant, Roderick Hickman, is also a Defendant within C.R. England's RICO action pursuant to 18 U.S.C. Section 1962(c) and (d). The alleged misconduct of Roderick Hickman and factual basis regarding the same, is the same as set forth above in the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if copied *in extenso*. In fact, as set forth above, Mr. Hickman has already signed his confession/Factual Basis regarding his guilty plea, and plead guilty to his role in the staging of accidents set forth above and violation of conspiracy to commit wire fraud in connection with these staged accidents.

As set forth in the factual reasons above, there was a racketeering enterprise and scheme existing between Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud,

2033285.v1

Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire and mail fraud in connection with the staged accidents in violation of 18 U.S.C. 371 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, and transfer of funds by wire and check, which crossed state lines. In fact, the "spotter" and recruiter in the staged accidents, Mr. Labeaud, the "slammer" and get away driver in the staged accident, Mr. Hickman, along with all four (4) of the occupants in the vehicle involved in the staged accident on October 13, 2015 (Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson), have all plead guilty to their roles in conspiracy to commit wire fraud in connection with these staged accidents, and have signed detailed statements/factual basis outlining their roles in the scheme.

For the reasons set forth above, the misconduct and basis of liability against Defendant, Roderick Hickman, in violation of 18 U.S.C. 1962(c) and (d), arises out of Mr. Hickman establishing, financing, owning, operating and/or participating in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) conspiring with Damian Labeaud, Jason Giles, The King Firm, their agents, other attorneys and law firms and their agents, and the individuals involved in the staged accidents, and participating in the staging of at least one hundred (100) accidents, including but not limited to the staged accident at issue

of October 13, 2015, (b) conspiring with and receiving payment from Damian Labeaud to knowingly participate in a scheme to stage automobile accidents in the New Orleans area in an effort to defraud insurance and trucking companies, including the staged accident of October 13, 2015, (c) acting as either the "spotter" or the person driving the getaway vehicle following the staged accidents, or acting as the driver or "slammer" of the vehicle used in the staged accidents, including the accident at issue of October 13, 2015, (d) conspiring with and accepting payment from Damian Labeaud to act as "spotter" or "slammer" in staged accidents, including the accident at issue of October 13, 2015, (e) conspiring with Damian Labeaud and the individuals who participated in the staged accidents to knowingly help them participate in staged accidents for the purpose of the individuals making fraudulent personal injury claims and lawsuits arising out of the staged accidents, (f) conspiring with Damian Labeaud to change the locations of the staged accidents, to vary the number of passengers, to avoid talking to the police, and to avoid cameras, etc., to conceal their fraudulent activity and evade detection of the fraudulent scheme and Enterprise, (g) knowingly lying to law enforcement officers at the scene of the staged accidents in furtherance of the Enterprise and to deceive the law enforcement officers, (h) conspiring with Damian Labeaud, Jason Giles, The King Firm, their agents, other attorneys and law firms and their agents, and the individuals involved in the staged accidents to commit wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, and (i) receiving monies and payments from Damian Labeaud in exchange for this services and participation in the fraudulent scheme and Enterprise.

Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are an association in fact and "Enterprise" as that term is defined in

2033285.v1

Title 18, United States Code, Section 1961(4). The Enterprise has an identifiable structure, with each member fulfilling a specific role to carry out and facilitate its purpose. The Enterprise described herein engages in, and its activities affect, interstate commerce Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, have all been employed by and/or associated with the Enterprise, have participated in the management and operation of the Enterprise, and have deliberately caused fraud to be perpetrated upon Plaintiff herein, C.R. England, and other 18-wheeler trucking companies, drivers and insurers through the scheme of staging numerous automobile accidents throughout the New Orleans area for the purpose of pursuing fraudulent personal injury claims against the victims of the fraud, which includes the staged accident of October 13, 2015, involving Plaintiff herein, C.R. England.

The purpose of the scheme was to illicitly and illegally enrich the Defendants at the expense of Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents. As set forth above, which includes but it not limited to the signed confessions and "Factual Basis" of the guilty pleas of six of the individual Defendants herein, the scheme was created to pursue fraudulent bodily injury claims against tractor trailer trucking companies, drivers and their insurers. All Defendants herein have knowingly conducted and/or participated, directly and indirectly, in the conduct of the affairs of the above described Enterprise through a "pattern of racketeering activity" as defined by Title 18, United States Code, Section 1961(5). All Defendants herein conspired to commit and actually committed wire and mail fraud in furtherance of the fraudulent scheme and Enterprise in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1341 and 18 U.S.C. 1343, thus constituting a pattern of

2033285.v1

racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, and Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, and conspiracy to commit Federal Wire and Mail Fraud arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, transfer of funds by wire and check, and use of the postal service and/or private or commercial interstate carriers, which crossed state lines.

These predicate acts are part of a scheme and are not isolated events. Furthermore, the Defendants' pattern of racketeering activity has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise alone, as confessed to by Damian Labeaud and Roderick Hickman, and as alleged in the indictment at issue of October 16, 2020, and other indictments and guilty pleas set forth herein, is potentially ongoing, and amounts to or poses a threat of continued criminal activity.

As a direct and proximate result of the Defendants' conduct set forth herein, Plaintiff herein, C.R. England, Inc., was injured by paying sums of money in the settlement of the fraudulent bodily injury claims herein and attorney's fees, costs and expenses in the investigation and defense of the fraudulent bodily injury claims, as a direct result of the pattern of racketeering activity, in addition to damage to its reputation, lost income, internal expenses, increase in insurance premiums, and other actual and pecuniary injury and damages which will be shown at the trial on this matter.

As such, for the above reasons, Defendant, Roderick Hickman, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to

2033285.v1

Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Mr. Hickman's unlawful conduct in violation of 18 U.S.C. Section 1962(c).

Moreover, since at least 2015, all Defendants herein and their agents, including Roderick Hickman, have willfully combined, conspired and agreed with one another and with others to violate Title 18, United States Code, Section 1962(c), that is, to conduct and/or participate, directly or indirectly, in the affairs of the Enterprise, the activities of which were conducted through a pattern of racketeering activities, in violation of U.S.C. Section 1962(d). The object of this conspiracy was to defraud Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents as set forth herein. As such, for the above reasons, Defendant, Roderick Hickman, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Mr. Hickman's unlawful conduct in violation of 18 U.S.C. Section 1962(d).

**Alleged Misconduct and Basis of Liability Regarding
Defendant, THE KING FIRM, LLC**

Defendant, The King Firm, LLC, is also a Defendant within C.R. England's RICO action pursuant to 18 U.S.C. Section 1962(c) and (d). The alleged misconduct of The King Firm, LLC, and factual basis regarding the same, is the same as set forth above in the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if copied *in extenso*.

As set forth in the factual reasons above, there was a racketeering enterprise and scheme

2033285.v1

existing between Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire and mail fraud in connection with the staged accidents in violation of 18 U.S.C. 371 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, and transfer of funds by wire and check, which crossed state lines. In fact, the "spotter" and recruiter in the staged accidents, Mr. Labeaud, the "slammer" and get away driver in the staged accident, Mr. Hickman, along with all four (4) of the occupants in the vehicle involved in the staged accident on October 13, 2015 (Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson), have all plead guilty to their roles in conspiracy to commit wire fraud in connection with these staged accidents, and have signed detailed statements/factual basis outlining their roles in the scheme.

For the reasons set forth above, the misconduct and basis of liability against Defendant, The King Firm, LLC, in violation of 18 U.S.C. 1962(c) and (d), arises out of The King Firm, LLC, through its agents, establishing, financing, owning, operating and/or participating in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) recruitment of, conspiring with and paying Damian Labeaud, Roderick Hickman and others to recruit individuals to knowingly participate in a scheme to stage numerous automobile

2033285.v1

accidents in the New Orleans area in an effort to defraud insurance and trucking companies, including the staged accident of October 13, 2015, (b) employing and otherwise paying Damian Labeaud and others through The King Firm, LLC, to complete various tasks at The King Firm, LLC, as another way to conceal payment to Damian Labeaud and others for staging accidents, (c) employing attorneys through The King Firm, LLC, and/or referring claimants to other attorneys as agents of The King Firm, LLC, to either knowingly or unknowingly provide legal representation of and file personal injury claims and lawsuits on behalf of the individuals which The King Firm, LLC, knew were involved in staged accidents, and using those employees and/or agents to present false and fraudulent claims on their behalf, (d) making monetary loans and/or advances through The King Firm, LLC, and/or its agents, to Damian Labeaud, Roderick Hickman and participants in the staged accidents as part of the scheme and artifice to defraud, (e) depositing settlement checks issued to Keishira Robinson, Audrey Harris, and Jerry Schaffer arising out of their fraudulent claims from staged accident of October 13, 2015, and issuing settlement checks to each out of the account of The King Firm, LLC, (f) accepting a checks in the amount of $135,386.64, from the law firm of Arnona Rose, LLC, for fees and costs associated with representing Anthony Robinson in the staged accident, who was referred to Arnona Rose, LLC, by The King Firm, LLC, (g) issuing checks to the personal law firm of Jason Giles for attorney fees in the amount of approximately $481,338.14 related to the staged accident of October 13, 2015, (h) issuing checks to the personal law firm of Mr. Courtenay for attorney fees in the amount of approximately $233,865.78 related to the staged accident of October 13, 2015, (i) issuing checks to associates of The King Firm, LLC, for attorney fees in the amount of approximately $235,164.35 related to the staged accident of October 13, 2015, (j) directing Damian Labeaud, Roderick Hickman and others to conceal their fraudulent activity and evade

2033285.v1

detection of the fraudulent scheme and Enterprise; (k) conspiring with the individuals involved in the staged accidents and directing their medical treatment at an inflated cost in order to maximize the fraudulent recovery of monies from the trucking company and/or insurance company, (l) conspiring with the individuals involved in the staged accidents and suborning these individuals to commit perjury in deposition testimony arising out of the staged accidents, (m) conspiring with the individuals involved in the staged accidents to commit, and actually committing wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, (n) making monetary demands for settlement of fraudulent personal injury claims arising out of the staged accident, and (o) receiving monies in settlement of the fraudulent personal injury claims arising out of the staged accident.

Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are an association in fact and "Enterprise" as that term is defined in Title 18, United States Code, Section 1961(4). The Enterprise has an identifiable structure, with each member fulfilling a specific role to carry out and facilitate its purpose. The Enterprise described herein engages in, and its activities affect, interstate commerce Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, have all been employed by and/or associated with the Enterprise, have participated in the management and operation of the Enterprise, and have deliberately caused fraud to be perpetrated upon Plaintiff herein, C.R. England, and other 18-wheeler trucking companies, drivers and insurers through the scheme of staging numerous automobile accidents throughout the New Orleans area for the purpose of pursuing fraudulent personal injury claims against the victims of the fraud,

2033285.v1

which includes the staged accident of October 13, 2015, involving Plaintiff herein, C.R. England.

The purpose of the scheme was to illicitly and illegally enrich the Defendants at the expense of Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents. As set forth above, which includes but it not limited to the signed confessions and "Factual Basis" of the guilty pleas of six of the individual Defendants herein, the scheme was created to pursue fraudulent bodily injury claims against tractor trailer trucking companies, drivers and their insurers. All Defendants herein have knowingly conducted and/or participated, directly and indirectly, in the conduct of the affairs of the above described Enterprise through a "pattern of racketeering activity" as defined by Title 18, United States Code, Section 1961(5). All Defendants herein conspired to commit and actually committed wire and mail fraud in furtherance of the fraudulent scheme and Enterprise in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1341 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, and Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, and conspiracy to commit Federal Wire and Mail Fraud arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, transfer of funds by wire and check, and use of the postal service and/or private or commercial interstate carriers, which crossed state lines.

These predicate acts are part of a scheme and are not isolated events. Furthermore, the Defendants' pattern of racketeering activity has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise alone, as

2033285.v1

confessed to by Damian Labeaud and Roderick Hickman, and as alleged in the indictment at issue of October 16, 2020, and other indictments and guilty pleas set forth herein, is potentially ongoing, and amounts to or poses a threat of continued criminal activity.

As a direct and proximate result of the Defendants' conduct set forth herein, Plaintiff herein, C.R. England, Inc., was injured by paying sums of money in the settlement of the fraudulent bodily injury claims herein and attorney's fees, costs and expenses in the investigation and defense of the fraudulent bodily injury claims, as a direct result of the pattern of racketeering activity, in addition to damage to its reputation, lost income, internal expenses, increase in insurance premiums, and other actual and pecuniary injury and damages which will be shown at the trial on this matter.

As such, for the above reasons, Defendant, The King Firm, LLC, is liable *in solido* with Defendants, Jason F. Giles, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of The King Firm, LLC's unlawful conduct in violation of 18 U.S.C. Section 1962(c).

Moreover, since at least 2015, all Defendants herein and their agents, including The King Firm, LLC, through its agents, have willfully combined, conspired and agreed with one another and with others to violate Title 18, United States Code, Section 1962(c), that is, to conduct and/or participate, directly or indirectly, in the affairs of the Enterprise, the activities of which were conducted through a pattern of racketeering activities, in violation of U.S.C. Section 1962(d). The object of this conspiracy was to defraud Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents as set forth herein. As such, for the above

2033285.v1

reasons, Defendant, The King Firm, LLC, is liable *in solido* with Defendants, Jason F. Giles, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of The King Firm, LLC's unlawful conduct in violation of 18 U.S.C. Section 1962(d).

**<u>Alleged Misconduct and Basis of Liability Regarding<br>Defendant, GILES LAW, LLC</u>**

Defendant, Giles Law, LLC, is also a Defendant within C.R. England's RICO action pursuant to 18 U.S.C. Section 1962(c) and (d). The alleged misconduct of Giles Law, LLC, and factual basis regarding the same, is the same as set forth above in the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if copied *in extenso*.

As set forth in the factual reasons above, there was a racketeering enterprise and scheme existing between Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire and mail fraud in connection with the staged accidents in violation of 18 U.S.C. 371 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, and transfer of

2033285.v1

funds by wire and check, which crossed state lines. In fact, the "spotter" and recruiter in the staged accidents, Mr. Labeaud, the "slammer" and get away driver in the staged accident, Mr. Hickman, along with all four (4) of the occupants in the vehicle involved in the staged accident on October 13, 2015 (Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson), have all plead guilty to their roles in conspiracy to commit wire fraud in connection with these staged accidents, and have signed detailed statements/factual basis outlining their roles in the scheme.

For the reasons set forth above, the misconduct and basis of liability against Defendant, Giles Law, LLC, in violation of 18 U.S.C. 1962(c) and (d), arises out of Giles Law, LLC, through its agents, establishing, financing, owning, operating and/or participating in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) recruitment of, conspiring with and paying Damian Labeaud, Roderick Hickman and others to recruit individuals to knowingly participate in a scheme to stage numerous automobile accidents in the New Orleans area in an effort to defraud insurance and trucking companies, including the staged accident of October 13, 2015, (b) employing and otherwise paying Damian Labeaud and others, to complete various tasks at The King Firm, LLC, as another way to conceal payment to Damian Labeaud and others for staging accidents, (c) making monetary loans and/or advances through Giles Law, LLC, and/or its agents, to Damian Labeaud as part of the scheme and artifice to defraud, (d) depositing checks from The King Firm, LLC, into the account of Giles Law, LLC, for payment of attorneys fees in the approximate amount of $481,338.14 regarding the representation of Jason Giles of the claimants arising out of the fraudulent staged accident of October 13, 2015, as part of the scheme and artifice to defraud.

Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K.

2033285.v1

Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are an association in fact and "Enterprise" as that term is defined in Title 18, United States Code, Section 1961(4). The Enterprise has an identifiable structure, with each member fulfilling a specific role to carry out and facilitate its purpose. The Enterprise described herein engages in, and its activities affect, interstate commerce Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, have all been employed by and/or associated with the Enterprise, have participated in the management and operation of the Enterprise, and have deliberately caused fraud to be perpetrated upon Plaintiff herein, C.R. England, and other 18-wheeler trucking companies, drivers and insurers through the scheme of staging numerous automobile accidents throughout the New Orleans area for the purpose of pursuing fraudulent personal injury claims against the victims of the fraud, which includes the staged accident of October 13, 2015, involving Plaintiff herein, C.R. England.

The purpose of the scheme was to illicitly and illegally enrich the Defendants at the expense of Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents. As set forth above, which includes but it not limited to the signed confessions and "Factual Basis" of the guilty pleas of six of the individual Defendants herein, the scheme was created to pursue fraudulent bodily injury claims against tractor trailer trucking companies, drivers and their insurers. All Defendants herein have knowingly conducted and/or participated, directly and indirectly, in the conduct of the affairs of the above described Enterprise through a "pattern of racketeering activity" as defined by Title 18, United States Code, Section 1961(5). All Defendants herein conspired to commit and actually committed wire and mail fraud in

2033285.v1

furtherance of the fraudulent scheme and Enterprise in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1341 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, and Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, and conspiracy to commit Federal Wire and Mail Fraud arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, transfer of funds by wire and check, and use of the postal service and/or private or commercial interstate carriers, which crossed state lines.

These predicate acts are part of a scheme and are not isolated events. Furthermore, the Defendants' pattern of racketeering activity has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise alone, as confessed to by Damian Labeaud and Roderick Hickman, and as alleged in the indictment at issue of October 16, 2020, and other indictments and guilty pleas set forth herein, is potentially ongoing, and amounts to or poses a threat of continued criminal activity.

As a direct and proximate result of the Defendants' conduct set forth herein, Plaintiff herein, C.R. England, Inc., was injured by paying sums of money in the settlement of the fraudulent bodily injury claims herein and attorney's fees, costs and expenses in the investigation and defense of the fraudulent bodily injury claims, as a direct result of the pattern of racketeering activity, in addition to damage to its reputation, lost income, internal expenses, increase in insurance premiums, and other actual and pecuniary injury and damages which will be shown at the trial on this matter.

As such, for the above reasons, Defendant, Giles Law, LLC, is liable *in solido* with

2033285.v1

Defendants, Jason F. Giles, The King Firm, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Giles Law, LLC's unlawful conduct in violation of 18 U.S.C. Section 1962(c).

Moreover, since at least 2015, all Defendants herein and their agents, including Giles Law, LLC, have willfully combined, conspired and agreed with one another and with others to violate Title 18, United States Code, Section 1962(c), that is, to conduct and/or participate, directly or indirectly, in the affairs of the Enterprise, the activities of which were conducted through a pattern of racketeering activities, in violation of U.S.C. Section 1962(d). The object of this conspiracy was to defraud Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents as set forth herein. As such, for the above reasons, Defendant, Giles Law, LLC, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Giles Law, LLC's unlawful conduct in violation of 18 U.S.C. Section 1962(d).

### Alleged Misconduct and Basis of Liability Regarding Defendant, ANTHONY ROBINSON

Defendant, Anthony Robinson, is also a Defendant within C.R. England's RICO action pursuant to 18 U.S.C. Section 1962(c) and (d). The alleged misconduct of Anthony Robinson and factual basis regarding the same, is the same as set forth above in the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if

2033285.v1

copied *in extenso*. In fact, as set forth above, Mr. Robinson has already signed his confession/Factual Basis regarding his guilty plea, and plead guilty to his role in the staging of accidents set forth above and violation of conspiracy to commit wire fraud in connection with these staged accidents.

As set forth in the factual reasons above, there was a racketeering enterprise and scheme existing between Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire and mail fraud in connection with the staged accidents in violation of 18 U.S.C. 371 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, and transfer of funds by wire and check, which crossed state lines. In fact, the "spotter" and recruiter in the staged accidents, Mr. Labeaud, the "slammer" and get away driver in the staged accident, Mr. Hickman, along with all four (4) of the occupants in the vehicle involved in the staged accident on October 13, 2015 (Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson), have all plead guilty to their roles in conspiracy to commit wire fraud in connection with these staged accidents, and have signed detailed statements/factual basis outlining their roles in the scheme.

For the reasons set forth above, the misconduct and basis of liability against Defendant,

2033285.v1

Anthony Robinson, in violation of 18 U.S.C. 1962(c) and (d), arises out of Mr. Robinson, individually and through his agents, establishing, financing, owning, operating and/or participating in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) conspiring with Damian Labeaud, Roderick Hickman, Jason Giles, The King Firm, their agents, other attorneys and law firms and their agents, and the other individuals and occupants of the staged accident October 13, 2015, to knowingly participate in the staging of the accident of October 13, 2015, for the purpose of bringing a fraudulent bodily injury claim against the tractor trailer trucking company and its insurer, (b) conspiring with and paying Damian Labeaud to participate in the staged accident of October 13, 2015, (c) conspiring with Damian Labeaud and the individuals who participated in the staged accidents to knowingly help them participate in staged accidents for the purpose of the individuals making fraudulent personal injury claims and lawsuits arising out of the staged accidents, (d) knowingly lying to law enforcement officers at the scene of the staged accidents in furtherance of the Enterprise and to deceive the law enforcement officers, (e) knowingly and intentionally presenting false and perjured testimony in deposition regarding how the "accident" occurred in furtherance of the Enterprise and to deceive the defendant trucking company and its insurer, (f) employing attorneys through The King Firm, LLC, and/or other attorneys as agents of The King Firm, LLC, to either knowingly or unknowingly provide legal representation of and file personal injury claims and lawsuits on his behalf arising out of the staged accident, and using those attorneys to present false and fraudulent claims on his behalf, (g) conspiring with Damian Labeaud, Roderick Hickman, Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to commit, and actually committing, wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, (h) conspiring with Jason Giles, The King Firm, their agents,

2033285.v1

and the other individuals involved in the staged accidents to undergo medical treatment at an inflated cost and allege that said treatment was a result of the October 13, 2015, collision at issue, in order to maximize the fraudulent recovery of monies from the trucking company and/or insurance company, (i) accepting monetary loans and/or advances from Jason Giles, The King Firm, LLC, and/or its agents such as Arnona Rose, LLC, as loans and/or advancements on the settlement of his fraudulent claims, (j) authorizing his attorney agents to make monetary demands for settlement of fraudulent personal injury claims arising out of the staged accident, (k) authorizing his attorney agents to enter into a settlement agreement of his fraudulent personal injury claims arising out of the staged accident for a payment of $1,500,000.00, and (l) receiving monies in settlement of the fraudulent personal injury claims arising out of the staged accident, including endorsing a settlement check in the amount of approximately $534,983.33, of which he deposited approximately $524,983.33 and withheld approximately $10,000.00 in cash, and of which the remainder of the settlement monies was paid to the attorneys and/or other knowing or unknowing participants of the Enterprise.

Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are an association in fact and "Enterprise" as that term is defined in Title 18, United States Code, Section 1961(4). The Enterprise has an identifiable structure, with each member fulfilling a specific role to carry out and facilitate its purpose. The Enterprise described herein engages in, and its activities affect, interstate commerce Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, have all been employed by and/or associated with the Enterprise, have participated in the management

2033285.v1

and operation of the Enterprise, and have deliberately caused fraud to be perpetrated upon Plaintiff herein, C.R. England, and other 18-wheeler trucking companies, drivers and insurers through the scheme of staging numerous automobile accidents throughout the New Orleans area for the purpose of pursuing fraudulent personal injury claims against the victims of the fraud, which includes the staged accident of October 13, 2015, involving Plaintiff herein, C.R. England.

The purpose of the scheme was to illicitly and illegally enrich the Defendants at the expense of Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents. As set forth above, which includes but it not limited to the signed confessions and "Factual Basis" of the guilty pleas of six of the individual Defendants herein, the scheme was created to pursue fraudulent bodily injury claims against tractor trailer trucking companies, drivers and their insurers. All Defendants herein have knowingly conducted and/or participated, directly and indirectly, in the conduct of the affairs of the above described Enterprise through a "pattern of racketeering activity" as defined by Title 18, United States Code, Section 1961(5). All Defendants herein conspired to commit and actually committed wire and mail fraud in furtherance of the fraudulent scheme and Enterprise in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1341 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, and Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, and conspiracy to commit Federal Wire and Mail Fraud arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, transfer of funds by wire and check, and use of the

2033285.v1

postal service and/or private or commercial interstate carriers, which crossed state lines.

These predicate acts are part of a scheme and are not isolated events. Furthermore, the Defendants' pattern of racketeering activity has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise alone, as confessed to by Damian Labeaud and Roderick Hickman, and as alleged in the indictment at issue of October 16, 2020, and other indictments and guilty pleas set forth herein, is potentially ongoing, and amounts to or poses a threat of continued criminal activity.

As a direct and proximate result of the Defendants' conduct set forth herein, Plaintiff herein, C.R. England, Inc., was injured by paying sums of money in the settlement of the fraudulent bodily injury claims herein and attorney's fees, costs and expenses in the investigation and defense of the fraudulent bodily injury claims, as a direct result of the pattern of racketeering activity, in addition to damage to its reputation, lost income, internal expenses, increase in insurance premiums, and other actual and pecuniary injury and damages which will be shown at the trial on this matter.

As such, for the above reasons, Defendant, Anthony Robinson, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Mr. Robinson's unlawful conduct in violation of 18 U.S.C. Section 1962(c).

Moreover, since at least 2015, all Defendants herein and their agents, including Anthony Robinson, have willfully combined, conspired and agreed with one another and with others to violate Title 18, United States Code, Section 1962(c), that is, to conduct and/or participate, directly or indirectly, in the affairs of the Enterprise, the activities of which were conducted

2033285.v1

through a pattern of racketeering activities, in violation of U.S.C. Section 1962(d). The object of this conspiracy was to defraud Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents as set forth herein. As such, for the above reasons, Defendant, Anthony Robinson, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Mr. Robinson's unlawful conduct in violation of 18 U.S.C. Section 1962(d).

### Alleged Misconduct and Basis of Liability Regarding Defendant, AUDREY HARRIS

Defendant, Audrey Harris, is also a Defendant within C.R. England's RICO action pursuant to 18 U.S.C. Section 1962(c) and (d). The alleged misconduct of Audrey Harris and factual basis regarding the same, is the same as set forth above in the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if copied *in extenso*. In fact, as set forth above, Ms. Harris has already signed her confession/Factual Basis regarding her guilty plea, and plead guilty to her role in the staging of accidents set forth above and violation of conspiracy to commit wire fraud in connection with these staged accidents.

As set forth in the factual reasons above, there was a racketeering enterprise and scheme existing between Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of

2033285.v1

the staged accident, and to conspire to commit wire and mail fraud in connection with the staged accidents in violation of 18 U.S.C. 371 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, and transfer of funds by wire and check, which crossed state lines. In fact, the "spotter" and recruiter in the staged accidents, Mr. Labeaud, the "slammer" and get away driver in the staged accident, Mr. Hickman, along with all four (4) of the occupants in the vehicle involved in the staged accident on October 13, 2015 (Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson), have all plead guilty to their roles in conspiracy to commit wire fraud in connection with these staged accidents, and have signed detailed statements/factual basis outlining their roles in the scheme.

For the reasons set forth above, the misconduct and basis of liability against Defendant, Audrey Harris, in violation of 18 U.S.C. 1962(c) and (d), arises out of Ms. Harris, individually and through her agents, establishing, financing, owning, operating and/or participating in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) conspiring with Damian Labeaud, Roderick Hickman, Jason Giles, The King Firm, their agents, other attorneys and law firms and their agents, and the other individuals and occupants of the staged accident October 13, 2015, to knowingly participate in the staging of the accident of October 13, 2015, for the purpose of bringing a fraudulent bodily injury claim against the tractor trailer trucking company and its insurer, (b) conspiring with and paying Damian Labeaud to participate in the staged accident of October 13, 2015, (c) conspiring with Damian Labeaud and

2033285.v1

the individuals who participated in the staged accidents to knowingly help them participate in staged accidents for the purpose of the individuals making fraudulent personal injury claims and lawsuits arising out of the staged accidents, (d) knowingly lying to law enforcement officers at the scene of the staged accidents in furtherance of the Enterprise and to deceive the law enforcement officers, (e) knowingly and intentionally presenting false and perjured testimony in deposition regarding how the "accident" occurred in furtherance of the Enterprise and to deceive the defendant trucking company and its insurer, (f) employing attorneys through The King Firm, LLC, and/or other attorneys as agents of The King Firm, LLC, to either knowingly or unknowingly provide legal representation of and file personal injury claims and lawsuits on her behalf arising out of the staged accident, and using those attorneys to present false and fraudulent claims on her behalf, (g) conspiring with Damian Labeaud, Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to commit, and actually committing, wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, (h) conspiring with Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to undergo medical treatment at an inflated cost and allege that said treatment was a result of the October 13, 2015, collision at issue, in order to maximize the fraudulent recovery of monies from the trucking company and/or insurance company, (i) accepting monetary loans and/or advances from Jason Giles, The King Firm, LLC, and/or its agents, as loans and/or advancements on the settlement of her fraudulent claims, (j) authorizing her attorney agents to make monetary demands for settlement of fraudulent personal injury claims arising out of the staged accident, (k) authorizing her attorney agents to enter into a settlement agreement of her fraudulent personal injury claims arising out of the staged accident for a payment of $2,100,000.00, and (l) receiving monies in settlement of the fraudulent personal

injury claims arising out of the staged accident, including endorsing and depositing a settlement check in the amount of approximately $675,000.00, and of which the remainder of the settlement monies was paid to the attorneys and/or other knowing or unknowing participants of the Enterprise.

Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are an association in fact and "Enterprise" as that term is defined in Title 18, United States Code, Section 1961(4). The Enterprise has an identifiable structure, with each member fulfilling a specific role to carry out and facilitate its purpose. The Enterprise described herein engages in, and its activities affect, interstate commerce Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, have all been employed by and/or associated with the Enterprise, have participated in the management and operation of the Enterprise, and have deliberately caused fraud to be perpetrated upon Plaintiff herein, C.R. England, and other 18-wheeler trucking companies, drivers and insurers through the scheme of staging numerous automobile accidents throughout the New Orleans area for the purpose of pursuing fraudulent personal injury claims against the victims of the fraud, which includes the staged accident of October 13, 2015, involving Plaintiff herein, C.R. England.

The purpose of the scheme was to illicitly and illegally enrich the Defendants at the expense of Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents. As set forth above, which includes but it not limited to the signed confessions and "Factual Basis" of the guilty pleas of six of the individual Defendants herein, the scheme was

2033285.v1

created to pursue fraudulent bodily injury claims against tractor trailer trucking companies, drivers and their insurers. All Defendants herein have knowingly conducted and/or participated, directly and indirectly, in the conduct of the affairs of the above described Enterprise through a "pattern of racketeering activity" as defined by Title 18, United States Code, Section 1961(5). All Defendants herein conspired to commit and actually committed wire and mail fraud in furtherance of the fraudulent scheme and Enterprise in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1341 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, and Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, and conspiracy to commit Federal Wire and Mail Fraud arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, transfer of funds by wire and check, and use of the postal service and/or private or commercial interstate carriers, which crossed state lines.

These predicate acts are part of a scheme and are not isolated events. Furthermore, the Defendants' pattern of racketeering activity has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise alone, as confessed to by Damian Labeaud and Roderick Hickman, and as alleged in the indictment at issue of October 16, 2020, and other indictments and guilty pleas set forth herein, is potentially ongoing, and amounts to or poses a threat of continued criminal activity.

As a direct and proximate result of the Defendants' conduct set forth herein, Plaintiff herein, C.R. England, Inc., was injured by paying sums of money in the settlement of the fraudulent bodily injury claims herein and attorney's fees, costs and expenses in the investigation

2033285.v1

and defense of the fraudulent bodily injury claims, as a direct result of the pattern of racketeering activity, in addition to damage to its reputation, lost income, internal expenses, increase in insurance premiums, and other actual and pecuniary injury and damages which will be shown at the trial on this matter.

As such, for the above reasons, Defendant, Audrey Harris, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Jerry Schaffer and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Ms. Harris' unlawful conduct in violation of 18 U.S.C. Section 1962(c).

Moreover, since at least 2015, all Defendants herein and their agents, including Audrey Harris, have willfully combined, conspired and agreed with one another and with others to violate Title 18, United States Code, Section 1962(c), that is, to conduct and/or participate, directly or indirectly, in the affairs of the Enterprise, the activities of which were conducted through a pattern of racketeering activities, in violation of U.S.C. Section 1962(d). The object of this conspiracy was to defraud Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents as set forth herein. As such, for the above reasons, Defendant, Audrey Harris, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Jerry Schaffer and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Ms. Harris' unlawful conduct in violation of 18 U.S.C. Section 1962(d).

2033285.v1

<u>**Alleged Misconduct and Basis of Liability Regarding**</u>
<u>**Defendant, JERRY SCHAFFER**</u>

Defendant, Jerry Schaffer, is also a Defendant within C.R. England's RICO action pursuant to 18 U.S.C. Section 1962(c) and (d). The alleged misconduct of Jerry Schaffer and factual basis regarding the same, is the same as set forth above in the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if copied *in extenso*. In fact, as set forth above, Mr. Schaffer has already signed his confession/Factual Basis regarding his guilty plea, and plead guilty to his role in the staging of accidents set forth above and violation of conspiracy to commit wire fraud in connection with these staged accidents.

As set forth in the factual reasons above, there was a racketeering enterprise and scheme existing between Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire and mail fraud in connection with the staged accidents in violation of 18 U.S.C. 371 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, and transfer of funds by wire and check, which crossed state lines. In fact, the "spotter" and recruiter in the staged accidents, Mr. Labeaud, the "slammer" and get away driver in the staged accident, Mr. Hickman, along with all four (4) of the occupants in the vehicle involved in the staged accident

2033285.v1

on October 13, 2015 (Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson), have all plead guilty to their roles in conspiracy to commit wire fraud in connection with these staged accidents, and have signed detailed statements/factual basis outlining their roles in the scheme.

For the reasons set forth above, the misconduct and basis of liability against Defendant, Jerry Schaffer, in violation of 18 U.S.C. 1962(c) and (d), arises out of Mr. Schaffer, individually and through his agents, establishing, financing, owning, operating and/or participating in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) conspiring with Damian Labeaud, Roderick Hickman, Jason Giles, The King Firm, their agents, other attorneys and law firms and their agents, and the other individuals and occupants of the staged accident October 13, 2015, to knowingly participate in the staging of the accident of October 13, 2015, for the purpose of bringing a fraudulent bodily injury claim against the tractor trailer trucking company and its insurer, (b) conspiring with and paying Damian Labeaud to participate in the staged accident of October 13, 2015, (c) conspiring with Damian Labeaud and the individuals who participated in the staged accidents to knowingly help them participate in staged accidents for the purpose of the individuals making fraudulent personal injury claims and lawsuits arising out of the staged accidents, (d) knowingly lying to law enforcement officers at the scene of the staged accidents in furtherance of the Enterprise and to deceive the law enforcement officers, (e) knowingly and intentionally presenting false and perjured testimony in deposition regarding how the "accident" occurred in furtherance of the Enterprise and to deceive the defendant trucking company and its insurer, (f) employing attorneys through The King Firm, LLC, and/or other attorneys as agents of The King Firm, LLC, to either knowingly or unknowingly provide legal representation of and file personal injury claims and lawsuits on his

behalf arising out of the staged accident, and using those attorneys to present false and fraudulent claims on his behalf, (g) conspiring with Damian Labeaud, Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to commit, and actually committing, wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, (h) conspiring with Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to undergo medical treatment at an inflated cost and allege that said treatment was a result of the October 13, 2015, collision at issue, in order to maximize the fraudulent recovery of monies from the trucking company and/or insurance company, (i) accepting monetary loans and/or advances from Jason Giles, The King Firm, LLC, and/or its agents, as loans and/or advancements on the settlement of his fraudulent claims, (j) authorizing his attorney agents to make monetary demands for settlement of fraudulent personal injury claims arising out of the staged accident, (k) authorizing his attorney agents to enter into a settlement agreement of his fraudulent personal injury claims arising out of the staged accident for a payment of $1,000,000.00, and (l) receiving monies in settlement of the fraudulent personal injury claims arising out of the staged accident, including endorsing and depositing a settlement check in the amount of approximately $430,463.99, of which the remainder of the settlement monies was paid to the attorneys and/or other knowing or unknowing participants of the Enterprise.

Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are an association in fact and "Enterprise" as that term is defined in Title 18, United States Code, Section 1961(4). The Enterprise has an identifiable structure, with each member fulfilling a specific role to carry out and facilitate its purpose. The Enterprise

2033285.v1

described herein engages in, and its activities affect, interstate commerce Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, have all been employed by and/or associated with the Enterprise, have participated in the management and operation of the Enterprise, and have deliberately caused fraud to be perpetrated upon Plaintiff herein, C.R. England, and other 18-wheeler trucking companies, drivers and insurers through the scheme of staging numerous automobile accidents throughout the New Orleans area for the purpose of pursuing fraudulent personal injury claims against the victims of the fraud, which includes the staged accident of October 13, 2015, involving Plaintiff herein, C.R. England.

The purpose of the scheme was to illicitly and illegally enrich the Defendants at the expense of Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents. As set forth above, which includes but it not limited to the signed confessions and "Factual Basis" of the guilty pleas of six of the individual Defendants herein, the scheme was created to pursue fraudulent bodily injury claims against tractor trailer trucking companies, drivers and their insurers. All Defendants herein have knowingly conducted and/or participated, directly and indirectly, in the conduct of the affairs of the above described Enterprise through a "pattern of racketeering activity" as defined by Title 18, United States Code, Section 1961(5). All Defendants herein conspired to commit and actually committed wire and mail fraud in furtherance of the fraudulent scheme and Enterprise in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1341 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States

Code, Section 1343, and Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, and conspiracy to commit Federal Wire and Mail Fraud arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, transfer of funds by wire and check, and use of the postal service and/or private or commercial interstate carriers, which crossed state lines.

These predicate acts are part of a scheme and are not isolated events. Furthermore, the Defendants' pattern of racketeering activity has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise alone, as confessed to by Damian Labeaud and Roderick Hickman, and as alleged in the indictment at issue of October 16, 2020, and other indictments and guilty pleas set forth herein, is potentially ongoing, and amounts to or poses a threat of continued criminal activity.

As a direct and proximate result of the Defendants' conduct set forth herein, Plaintiff herein, C.R. England, Inc., was injured by paying sums of money in the settlement of the fraudulent bodily injury claims herein and attorney's fees, costs and expenses in the investigation and defense of the fraudulent bodily injury claims, as a direct result of the pattern of racketeering activity, in addition to damage to its reputation, lost income, internal expenses, increase in insurance premiums, and other actual and pecuniary injury and damages which will be shown at the trial on this matter.

As such, for the above reasons, Defendant, Jerry Schaffer, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Mr. Schaffer's unlawful conduct in violation of 18 U.S.C. Section 1962(c).

2033285.v1

Moreover, since at least 2015, all Defendants herein and their agents, including Jerry Schaffer, have willfully combined, conspired and agreed with one another and with others to violate Title 18, United States Code, Section 1962(c), that is, to conduct and/or participate, directly or indirectly, in the affairs of the Enterprise, the activities of which were conducted through a pattern of racketeering activities, in violation of U.S.C. Section 1962(d). The object of this conspiracy was to defraud Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents as set forth herein. As such, for the above reasons, Defendant, Jerry Schaffer, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, and Keishira Robinson, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Mr. Schaffer's unlawful conduct in violation of 18 U.S.C. Section 1962(d).

### Alleged Misconduct and Basis of Liability Regarding Defendant, KEISHIRA ROBINSON

Defendant, Keishira Robinson, is also a Defendant within C.R. England's RICO action pursuant to 18 U.S.C. Section 1962(c) and (d). The alleged misconduct of Keishira Robinson and factual basis regarding the same, is the same as set forth above in the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if copied *in extenso*. In fact, as set forth above, Ms. Robinson has already signed her confession/Factual Basis regarding her guilty plea, and plead guilty to her role in the staging of accidents set forth above and violation of conspiracy to commit wire fraud in connection with these staged accidents.

2033285.v1

As set forth in the factual reasons above, there was a racketeering enterprise and scheme existing between Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire and mail fraud in connection with the staged accidents in violation of 18 U.S.C. 371 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, and transfer of funds by wire and check, which crossed state lines. In fact, the "spotter" and recruiter in the staged accidents, Mr. Labeaud, the "slammer" and get away driver in the staged accident, Mr. Hickman, along with all four (4) of the occupants in the vehicle involved in the staged accident on October 13, 2015 (Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson), have all plead guilty to their roles in conspiracy to commit wire fraud in connection with these staged accidents, and have signed detailed statements/factual basis outlining their roles in the scheme.

For the reasons set forth above, the misconduct and basis of liability against Defendant, Keishira Robinson, in violation of 18 U.S.C. 1962(c) and (d), arises out of Ms. Robinson, individually and through her agents, establishing, financing, owning, operating and/or participating in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) conspiring with Damian Labeaud, Roderick Hickman, Jason Giles, The

King Firm, their agents, other attorneys and law firms and their agents, and the other individuals and occupants of the staged accident October 13, 2015, to knowingly participate in the staging of the accident of October 13, 2015, for the purpose of bringing a fraudulent bodily injury claim against the tractor trailer trucking company and its insurer, (b) conspiring with and paying Damian Labeaud to participate in the staged accident of October 13, 2015, (c) conspiring with Damian Labeaud and the individuals who participated in the staged accidents to knowingly help them participate in staged accidents for the purpose of the individuals making fraudulent personal injury claims and lawsuits arising out of the staged accidents, (d) knowingly lying to law enforcement officers at the scene of the staged accidents in furtherance of the Enterprise and to deceive the law enforcement officers, (e) knowingly and intentionally presenting false and perjured testimony in deposition regarding how the "accident" occurred in furtherance of the Enterprise and to deceive the defendant trucking company and its insurer, (f) employing attorneys through The King Firm, LLC, and/or other attorneys as agents of The King Firm, LLC, to either knowingly or unknowingly provide legal representation of and file personal injury claims and lawsuits on her behalf arising out of the staged accident, and using those attorneys to present false and fraudulent claims on her behalf, (g) conspiring with Damian Labeaud, Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to commit, and actually committing, wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, (h) conspiring with Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to undergo medical treatment at an inflated cost and allege that said treatment was a result of the October 13, 2015, collision at issue, in order to maximize the fraudulent recovery of monies from the trucking company and/or insurance company, (i) accepting monetary loans and/or advances from Jason Giles, The King Firm, LLC,

2033285.v1

and/or its agents, as loans and/or advancements on the settlement of her fraudulent claims, (j) authorizing her attorney agents to make monetary demands for settlement of fraudulent personal injury claims arising out of the staged accident, (k) authorizing her attorney agents to enter into a settlement agreement of her fraudulent personal injury claims arising out of the staged accident for a payment of $125,000.00, and (l) receiving monies in settlement of the fraudulent personal injury claims arising out of the staged accident, including endorsing and cashing a settlement check in the amount of approximately $40,080.84.00, and of which the remainder of the settlement monies was paid to the attorneys and/or other knowing or unknowing participants of the Enterprise.

Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are an association in fact and "Enterprise" as that term is defined in Title 18, United States Code, Section 1961(4). The Enterprise has an identifiable structure, with each member fulfilling a specific role to carry out and facilitate its purpose. The Enterprise described herein engages in, and its activities affect, interstate commerce Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, have all been employed by and/or associated with the Enterprise, have participated in the management and operation of the Enterprise, and have deliberately caused fraud to be perpetrated upon Plaintiff herein, C.R. England, and other 18-wheeler trucking companies, drivers and insurers through the scheme of staging numerous automobile accidents throughout the New Orleans area for the purpose of pursuing fraudulent personal injury claims against the victims of the fraud, which includes the staged accident of October 13, 2015, involving Plaintiff herein, C.R. England.

2033285.v1

The purpose of the scheme was to illicitly and illegally enrich the Defendants at the expense of Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents. As set forth above, which includes but it not limited to the signed confessions and "Factual Basis" of the guilty pleas of six of the individual Defendants herein, the scheme was created to pursue fraudulent bodily injury claims against tractor trailer trucking companies, drivers and their insurers. All Defendants herein have knowingly conducted and/or participated, directly and indirectly, in the conduct of the affairs of the above described Enterprise through a "pattern of racketeering activity" as defined by Title 18, United States Code, Section 1961(5). All Defendants herein conspired to commit and actually committed wire and mail fraud in furtherance of the fraudulent scheme and Enterprise in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1341 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, and Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, and conspiracy to commit Federal Wire and Mail Fraud arising out of staged accidents at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, transfer of funds by wire and check, and use of the postal service and/or private or commercial interstate carriers, which crossed state lines.

These predicate acts are part of a scheme and are not isolated events. Furthermore, the Defendants' pattern of racketeering activity has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise alone, as confessed to by Damian Labeaud and Roderick Hickman, and as alleged in the indictment at

2033285.v1

issue of October 16, 2020, and other indictments and guilty pleas set forth herein, is potentially ongoing, and amounts to or poses a threat of continued criminal activity.

As a direct and proximate result of the Defendants' conduct set forth herein, Plaintiff herein, C.R. England, Inc., was injured by paying sums of money in the settlement of the fraudulent bodily injury claims herein and attorney's fees, costs and expenses in the investigation and defense of the fraudulent bodily injury claims, as a direct result of the pattern of racketeering activity, in addition to damage to its reputation, lost income, internal expenses, increase in insurance premiums, and other actual and pecuniary injury and damages which will be shown at the trial on this matter.

As such, for the above reasons, Defendant, Keishira Robinson, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris and Jerry Schaffer, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Ms. Robinson's unlawful conduct in violation of 18 U.S.C. Section 1962(c).

Moreover, since at least 2015, all Defendants herein and their agents, including Keishira Robinson, have willfully combined, conspired and agreed with one another and with others to violate Title 18, United States Code, Section 1962(c), that is, to conduct and/or participate, directly or indirectly, in the affairs of the Enterprise, the activities of which were conducted through a pattern of racketeering activities, in violation of U.S.C. Section 1962(d). The object of this conspiracy was to defraud Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents as set forth herein. As such, for the above reasons, Defendant, Keishira Robinson, is liable *in solido* with Defendants, Jason F. Giles, The King Firm, LLC,

2033285.v1

Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris and Jerry Schaffer, and their agents, to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a result of Ms. Robinson's unlawful conduct in violation of 18 U.S.C. Section 1962(d).

3. **List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.**

As set forth above within the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if copied *in extenso*, there was a racketeering enterprise and scheme existing between Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage multiple accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire fraud in connection with the staged accidents. In fact, based upon the guilty pleas noted above, some or all of the Defendants herein together conspired to stage at least one hundred (100) automobile accidents, including but not limited to the staged accident at issue herein of October 13, 2015. As indicated within the "Factual Basis" and confessions regarding these staged accidents as set forth above, there were multiple occupants within each subject vehicle in each of the one hundred (100) accidents staged by Mr. Labeaud and Mr. Hickman, including those staged for Mr. Giles and his law firms, all of whom are believed to be willing and knowing participants in the Enterprise and pattern of racketeering set forth herein. Additionally, according to the "Factual Basis" and confession of Mr. Labeaud set for above, Mr. Labeaud also allegedly staged accidents for other attorneys, in addition to the accidents staged

- 107 -

for attorney/Defendant, Mr. Giles, and his law firms. As such, Plaintiff herein, C.R. England, believes that numerous other individuals not named as defendants herein actively and knowingly participated in the one hundred (100) staged accidents admitted to (but not specifically named) by Mr. Labeaud and Mr. Hickman within each of their "Factual Basis" and confessions regarding their guilty pleas arising from the staged accidents and Enterprise with Defendants herein.

C.R. England believes there are potentially dozens of other individuals/vehicle occupants/personal injury plaintiffs not named as Defendants herein who participated in the potentially one hundred (100) accidents which were staged by Defendants, Mr. Labeaud and Mr. Hickman, in addition to potentially other attorneys and/or other third parties which also participated in this scheme and/or a similar scheme(s) to stage accidents. However, in accordance with Federal Rule of Civil Procedure 11 and in consideration of the laws regarding the predicate factual basis necessary to make such claims, the wrongdoers other than the Defendants named within C.R. England's Complaint (R. Doc. 1), which C.R. England has a sufficient factual basis to name herein, along with the misconduct of each, were involved in the Enterprise regarding the staged accident of October 13, 2015, are as follows:

**JAMES E. COURTENAY** – James E. Courtenay (Mr. Courtenay) is an attorney licensed to practice law in the State of Louisiana, who, at all times at issue herein, operated The King Firm, LLC, together with other attorneys in New Orleans, along with his personal law firm through which he was paid by The King Firm, LLC. Mr. Courtenay, upon information and belief, is "Attorney B" in the indictments and guilty pleas set forth above. Mr. Courtenay's conduct in filing the lawsuits set forth herein which arose out of the staged accidents, participating in the litigation of the fraudulent claims and making settlement offers, etc., is set forth in detail above. The extent of Mr. Courtenay's involvement in the Enterprise as set forth above, if any, is

2033285.v1

unknown at this time. However, the conduct of Mr. Courtenay as a passive instrument of the racketeering activity in the fraudulent scheme arising out of the staged accident of October 13, 2015, is set forth herein and within the "Factual Basis" and confessions noted above within the guilty pleas of Damian Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson. Moreover, upon information and belief, the cell phone records of Damian Labeaud indicate communications with the cell phone of Mr. Courtenay.

**ANTHONY J. MILAZZO, III** – Anthony J. Milazzo, III (Mr. Milazzo) is an attorney licensed to practice law in the State of Louisiana, who, at all times at issue herein, operated The King Firm, LLC, together with other attorneys in New Orleans, along with his personal law firm through which he was paid by The King Firm, LLC. Mr. Milazzo's conduct in participating in the litigation of the fraudulent claims is set forth in detail above. The extent of Mr. Milazzo's involvement in the Enterprise as set forth above, if any, is unknown at this time. However, the conduct of Mr. Milazzo as a passive instrument of the racketeering activity in the fraudulent scheme arising out of the staged accident of October 13, 2015, is set forth herein and within the "Factual Basis" and confessions noted above within the guilty pleas of Damian Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson. Moreover, upon information and belief, the cell phone records of Damian Labeaud indicate communications with the cell phone of Mr. Milazzo.

**TONI ARNONA** – Toni Arnona (Ms. Arnona) is an attorney licensed to practice law in the State of Louisiana, who, at all times at issue herein, operated the law firm of Arnona Rose, LLC, together with other attorneys in New Orleans. Ms. Arnona, upon information and belief, is "Attorney C" in the indictments and guilty pleas set forth above. Ms. Arnona's conduct in filing the lawsuits set forth herein which arose out of the staged accidents, participating in the litigation

of the fraudulent claims and making settlement offers, etc., is set forth in detail above. The extent of Ms. Arnona's involvement in the Enterprise as set forth above, if any, is unknown at this time. However, the conduct of Ms. Arnona as a passive instrument of the racketeering activity in the fraudulent scheme arising out of the staged accident of October 13, 2015, is set forth herein and within the "Factual Basis" and confessions noted above within the guilty pleas of Damian Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson.

4. **List the alleged victims and state how each victim allegedly was injured.**

As set forth above within the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if copied *in extenso*, there was a racketeering enterprise and scheme existing between Defendants herein, Jason Giles, The King Firm, LLC, Giles Law, LLC, Damian Labeaud and Roderick Hickman, to conspire to stage multiple accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire fraud in connection with the staged accidents. This conspiracy included numerous occupants of numerous vehicles in numerous staged accidents on whose behalf personal injury lawsuits were filed, which included Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson. In fact, based upon the guilty pleas noted above, Defendants herein, Jason Giles, The King Firm, LLC, Giles Law, LLC, Damian Labeaud and Roderick Hickman, together conspired to stage approximately one hundred (100) automobile accidents, including but not limited to the staged accident at issue of October 13, 2015. As such, Plaintiff herein, C.R. England, believes that there are numerous victims arising out of the one hundred (100) staged accidents admitted to (but not specifically named) by Mr. Labeaud and Mr.

Hickman within the "Factual Basis" and confessions they signed regarding their guilty pleas arising from the staged accidents and Enterprise with Defendants herein. The known victims to this scheme to stage accidents include the trucking companies and their insurers to the numerous staged accidents set forth within the indictments issued to date, which includes Plaintiff herein, C.R. England, which was a victim of the staged accident of October 13, 2015. Moreover, C.R. England's driver and its excess insurer, Chubb/Ace, were also victims of the staged accident of October 13, 2015.

Plaintiff herein, C.R. England, was a victim of, and has been damaged by, Defendants' practices outlined herein and within the Complaint (R. Doc. 1). These include, but are not limited to, Defendants' intentionally causing and conspiring to cause a staged accident involving the use of a motor vehicle to crash into a tractor-trailer owned by Plaintiff and operated by Plaintiff's employee on October 13, 2015, for the purpose of fraudulently manufacturing bodily injury claims on behalf of the four occupants of the vehicle who were also knowingly complicit in the fraudulently staged accident and Enterprise, and directing the medical treatment of the occupants at inflated costs to further the Enterprise to attempt to increase the fraudulent damages.

Plaintiff herein, C.R. England, was forced to pay substantial sums in settlement of the fraudulent claims, and attorney's fees, costs and expenses in the investigation and defense of the lawsuit filed against Plaintiff and Plaintiff's employee driver by Defendants on behalf of the four alleged occupants of the staged accident of October 13, 2015, in addition to damage to its reputation, lost income, internal expenses, increase in insurance premiums, and other actual and pecuniary injury and damages which will be shown at the trial on this matter, including treble damages and punitive damages as allowed by law, all for which Defendants are liable herein, *in solido*.

2033285.v1

Moreover, C.R. England, Inc., and its excess insurer were fraudulently induced to accept a settlement offer in the total amount of $4,725,000.00, for the combined claims of all four claimants in the staged accident of October 13, 2020. The proceeds of this settlement agreement were funded as follows: (1) a C.R. England check in the amount of $898,422.87 made payable to Anthony Robinson and Arnona Rose; (2) an ACE American check in the amount of $601,577.13 made payable to Anthony Robinson and Arnona Rose; (3) an ACE American check in the amount of $2,100,000.00 made payable to Audrey Harris and The King Law Firm; (4) a C.R. England check in the amount of $125,000.00 made payable to Keishira Robinson and The King Firm; and (5) a C.R. England check in the amount of $1,000,000.00 made payable to Jerry Schaffer and The King Law Firm.

C.R. England, Inc. is also entitled herein to a damage award against Defendants for all attorney's fees, costs and expenses incurred in investigating and litigating these instant claims against Defendants, for which Defendants are liable, *in solido*.

In addition to the above victims arising out of only one (1) of at least one hundred (100) staged accidents which Defendants herein, Damian Labeaud and Roderick Hickman, have plead guilty to their roles in staging with Defendants herein, Jason Giles, The King Firm, LLC, and Giles Law, LLC, C.R. England shows herein that there are numerous other victims of the criminal Enterprise of Defendants herein to stage automobile accidents which will be discovered with additional discovery. Based upon the guilty pleas, it is believed that there are at least ninety-nine (99) other victims of this criminal Enterprise of these Defendants.

2033285.v1

5. **Describe in detail the pattern of racketeering activity or collection of an unlawful debt alleged for each RICO claim. A description of the pattern of racketeering activity shall include the following information:**

   a. **List the alleged acts and the specific statutes allegedly violated:**

As set forth above within the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if copied *in extenso*, there was a racketeering enterprise and scheme existing between Defendants herein, Jason Giles, The King Firm, LLC, Giles Law, LLC, Damian Labeaud and Roderick Hickman, to conspire to stage multiple accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire fraud and mail fraud in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1343 and 18 U.S.C. 1341, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. This conspiracy included numerous occupants of numerous vehicles in numerous staged accidents on whose behalf personal injury lawsuits were filed, which included Defendants herein, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, arising out of the staged accident at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, and transfer of funds by wire and check, which crossed state lines, and repeated violations of the Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, arising out of staged accident at issue, as set forth at length above, based upon the repeated willful causing pf mail matter to be delivered by the United States Postal Service and/or private or commercial interstate carriers for the purpose of executing or attempting to execute the scheme and artifice to defraud as set forth herein.

2033285.v1

In fact, both the "slammer" and "spotter" in this and other staged accidents (Damian Labeaud and Roderick Hickman), along with all four of the occupants of the vehicle involved in the staged accident of October 13, 2015, have plead guilty to their roles in conspiracy to commit wire fraud in connection with these staged accidents, and have signed detailed statements/factual basis outlining their roles in the scheme. The only named defendants who have not yet plead guilty are the attorneys and law firms named herein which were implicated in the guilty pleas and signed confessions regarding the roles of the attorneys and law firms herein.

C.R. England shows herein that Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud and Roderick Hickman, along with their co-conspirators set forth in Section 3 above and possibly others, beginning in approximately 2015, and continuing through the present, in the Eastern District of Louisiana, and elsewhere, conspired to commit wire fraud and mail fraud in violation of Title 18, United States Code, Sections 371, 1341 and 1343, in connection with approximately one hundred (100) staged accidents, including staged accident which occurred on October 13, 2015, which was knowingly participated in by Defendants herein, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson. These predicate acts are part of a scheme, and are not isolated events. Furthermore, the pattern of racketeering activity by Defendants has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise, is potentially ongoing, and amounts to or poses a threat of continued criminal activity. As such, for the above reasons, all Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are in violation of 18 U.S.C. Section 1962(c), and are liable *in solido* to Plaintiff, C.R. England, for the damages suffered by C.R. England and as allowed by law as a

- 114 -

result of their unlawful conduct. Moreover, since at least 2015, all Defendants, have willfully combined, conspired and agreed with one another and with others to violate Title 18, United States Code, Section 1962(c), that is, to conduct and/or participate, directly or indirectly, in the affairs of the Enterprise, the activities of which were conducted through a pattern of racketeering activities, in violation of U.S.C. Section 1962(d).

b. **Provide the dates of the predicate acts, the participants in the predicate acts and a description of the facts surrounding each predicate act:**

As set forth above within the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if copied *in extenso*, there was a racketeering enterprise and scheme existing between Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire fraud and mail fraud in connection with the staged accidents. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, arising out of the staged accident at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, and transfer of funds by wire and check, which crossed state lines, and repeated violations of the Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, arising out of staged accident at issue, as set forth at length above, based upon the repeated willful causing pf mail matter to be delivered by the United States Postal Service and/or private

- 115 -

or commercial interstate carriers for the purpose of executing or attempting to execute the scheme and artifice to defraud as set forth herein.

In fact, both the "slammer" and "spotter" in this and other staged accidents (Damian Labeaud and Roderick Hickman), along with all four of the occupants of the vehicle involved in the staged accident of October 13, 2015, have plead guilty to their roles in conspiracy to commit wire fraud in connection with these staged accidents, and have signed detailed statements/factual basis outlining their roles in the fraudulent Enterprise and scheme and detailing their roles in the conspiracy to commit wire fraud, along with the facts concerning the role of Defendants, Jason Giles, The King Firm, LLC and Giles Law, LLC, which are incorporated herein as if copied *in extenso*. The only named defendants who have not yet plead guilty are the attorneys and law firms named herein which were implicated in the guilty pleas and signed confessions regarding the roles of the attorneys and law firms herein.

C.R. England shows herein that Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud and Roderick Hickman, along with their co-conspirators set forth in Section 3 above and possibly others, beginning in approximately 2015, and continuing through the present, in the Eastern District of Louisiana, and elsewhere, conspired to commit wire fraud and mail fraud in violation of Title 18, United States Code, Sections 371, 1341 and 1343, in connection with approximately one hundred (100) staged accidents, including staged accident which occurred on October 13, 2015, which was knowingly participated in by Defendants herein, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson. These predicate acts are part of a scheme, and are not isolated events.

2033285.v1

c. **If the RICO claim is based upon the predicated offenses of wire fraud, mail fraud, fraud in the sale of securities, or fraud in connection with a case under U.S.C. Title II, the "circumstances constituting fraud or mistake shall be stated with particularity," Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentation or omissions, and the identity of the persons to whom and by whom the alleged misrepresentations or omissions were made:**

As set forth above within the "Alleged Misconduct and Basis of Liability Regarding Defendant, Jason Giles," which is incorporated herein as if copied *in extenso*, there was a racketeering enterprise and scheme existing between Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire fraud and mail fraud in connection with the staged accidents. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, arising out of the staged accident at issue, as set forth at length above, based upon the repeated interstate telephone communications, email communications, and transfer of funds by wire and check, which crossed state lines, and repeated violations of the Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, arising out of staged accident at issue, as set forth at length above, based upon the repeated willful causing pf mail matter to be delivered by the United States Postal Service and/or private or commercial interstate carriers for the purpose of executing or attempting to execute the scheme and artifice to defraud as set forth herein.

In fact, both the "slammer" and "spotter" in this and other staged accidents (Damian Labeaud and Roderick Hickman), along with all four of the occupants of the vehicle involved in the staged accident of October 13, 2015, have plead guilty to their roles in conspiracy to commit

- 117 -

wire fraud in connection with these staged accidents, and have signed detailed statements/factual basis outlining their roles in the fraudulent Enterprise and scheme and detailing their roles in the conspiracy to commit wire fraud, along with the facts concerning the role of Defendants, Jason Giles, The King Firm, LLC and Giles Law, LLC, which are incorporated herein as if copied *in extenso*. The only named defendants who have not yet plead guilty are the attorneys and law firms named herein which were implicated in the guilty pleas and signed confessions regarding the roles of the attorneys and law firms herein.

C.R. England shows herein that Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud and Roderick Hickman, along with their co-conspirators set forth in Section 3 above and possibly others, beginning in approximately 2015, and continuing through the present, in the Eastern District of Louisiana, and elsewhere, conspired to commit wire fraud and mail fraud in violation of Title 18, United States Code, Sections 371, 1341 and 1343, in connection with approximately one hundred (100) staged accidents, including staged accident which occurred on October 13, 2015, which was knowingly participated in by Defendants herein, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson. These predicate acts are part of a scheme, and are not isolated events.

Upon information and belief, these predicate acts constituting wire fraud include, but are not limited to the following:

The following telephone calls and text messages, and particularly the content of the same, between and among Defendants herein constituting wire fraud and/or mail fraud in furtherance of this scheme, will be discovered in more detail in the discovery of this matter, particularly as these phone calls, text messages, money transfers, wire transfers, email transmissions and items placed in the mail are detailed within the guilty pleas of Damian Labeaud, Roderick Hickman,

Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson. Likewise, the following phone calls, text messages, money transfers, wire transfers, email transmissions and items placed in the mail, and particularly the content of the same, which Defendants herein exchanged with one another and the occupants of the vehicle involved in the staged accident of October 13, 2015, and at least ninety-nine (99) other accidents, which were for the purpose of communicating to plan and intentionally stage these accidents and to fraudulently induce settlement of fraudulent bodily injury claims, thereby constituting wire fraud and/or mail fraud in furtherance of this scheme, will be discovered in more detail in the discovery of this matter, particularly as these phone calls, text messages, money transfers, wire transfers, email transmissions and items placed in the mail are detailed within the guilty pleas of Damian Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson. Upon information and belief, these phone calls, text messages, money transfers, wire transfers, email transmissions and items placed in the mail included the following:

Between December 15 to 17, 2020, guilty pleas were signed and formally entered by all four of the Plaintiffs in "the Harris Lawsuit" and "the Robinson Cross Claim" arising out of the October 13, 2015, staged accident; i.e., Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson all plead guilty to Conspiracy to Commit Mail Fraud, in violation of Title 18, United States Code, Section 371, arising out of staged accident at issue, which said guilty pleas and Factual Basis for the same were filed on December 17, 2020. Each of the four (4) signed extensive confessions as a "Factual Basis" regarding their guilty pleas, which admitted to the facts set forth above regarding the indictments, their respective involvement in staging the accident of October 13, 2015, along with the conspiracy to commit wire fraud in connection with these staged accidents, and the involvement of the attorneys, Damian Labeaud and Roderick

- 119 -

Hickman (referred to as "Co-Conspirator A" within the indictment) in coordinating the scheme to stage these accidents and commit mail fraud in connection with these staged accidents. The "Factual Basis" and confessions signed between December 15 to 17, 2020, by Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, are all plead herein as if copied *in extenso*.

In the separate "Factual Basis" documents signed by Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, regarding each of their guilty pleas signed between December 15 to 17, 2020, each one of them admitted to the following facts in their confessions regarding their involvement in the staged accident of October 13, 2015, which targeted the tractor trailer owned by C.R. England, Inc., and operated by an employee of C.R. England, Inc.:

That Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, along with their co-conspirators and others, beginning at a time unknown and continuing through the present, in the Eastern District of Louisiana, and elsewhere, conspired to commit mail fraud in connection with a staged accident that occurred on October 13, 2015, in which Mr. Robinson was a purported passenger, and Audrey Harris, Jerry Schaffer and Keishira Robinson were passengers.

That, prior to October 13, 2015, Mr. Robinson knew Mr. Labeaud through one of his daughters, was aware that Mr. Labeaud staged automobile accidents, and agreed on a plan in which Mr. Labeaud and Mr. Hickman would intentionally collide with a tractor-trailer with Mr. Robinson and others purportedly being in the vehicle at the time of the staged accident. That, as part of this agreement, following the staged accident, Mr. Robinson would attempt to recover monetary damages from the owner and insurer of the tractor-trailer in connection with purported injuries suffered as a result of the staged accident. That, on October 13, 2015, Mr. Robinson met

2033285.v1

with Mr. Labeaud, who was accompanied by Mr. Hickman, at Mr. Robinson's apartment to discuss staging an automobile accident with a tractor-trailer in order to obtain money through fraud. That, Mr. Labeaud told Mr. Robinson that he had a good lawyer on Canal Street, and that they needed four participants in total. That, for the purposes of this accident, Mr. Hickman would serve as a "slammer," or an individual who drove vehicles and intentionally collided with tractor-trailers in order to stage accidents. That, Mr. Labeaud would serve as a "spotter," or an individual who would follow in a separate vehicle and would pick up the slammer after the accident in order to flee the scene and evade detection.

That, Mr. Robinson paid Mr. Labeaud $2,000.00 in cash in order to participate in a staged accident on October 13, 2015. That, Mr. Robinson arranged for his wife, Audrey Harris, his friend and neighbor, Jerry Schaffer, and his daughter, Keishira Robinson, to go for a ride in his vehicle. That, Mr. Robinson, Mr. Labeaud and Mr. Hickman agreed that the accident would be staged with a burgundy 2002 Chevrolet Tahoe that belonged to Mr. Robinson. That, Mr. Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson departed from the apartment complex in the Tahoe with Mr. Robinson. That, Mr. Labeaud and Mr. Hickman followed the Tahoe in a separate vehicle. That, when they initially got in the car, Ms. Harris, Mr. Schaffer and Ms. Robinson did not know that they were going to participate in a staged accident. That, after departing the apartment complex but before the staged accident, the two vehicles pulled over so that Mr. Robinson and Mr. Hickman could switch places. That, Mr. Hickman got into the driver's seat of the Tahoe, and Mr. Robinson got into the passenger seat of Mr. Labeaud's vehicle. That, Mr. Labeaud and Mr. Robinson followed behind the Tahoe.

That, at approximately 6:18 p.m. on October 13, 2015, while driving southbound on Alvar Street near the intersection of France Road, Mr. Hickman observed the 2016 Freightliner

2033285.v1

semi tractor-trailer operated by C.R. England changing lanes from right to left, and that Mr. Hickman intentionally collided with the C.R. England tractor-trailer. That, Mr. Hickman accelerated towards the C.R. England tractor-trailer and caused minimal impact between the Tahoe and the left rear side of the tractor-trailer.

That, after the collision, Mr. Robinson exited Mr. Labeaud's vehicle and resumed his position as the driver of the Tahoe, and Mr. Hickman fled the scene and returned to Mr. Labeaud's vehicle. That, Ms. Harris called 9-1-1 and contacted the New Orleans Police Department to report that she and others in the Tahoe had been involved in an automobile accident with a tractor-trailer and required an ambulance. That, at approximately 7:45 p.m., the NOPD arrived at the scene of the staged accident, and during the investigation, Mr. Robinson falsely reported to the NOPD that he had been the driver of the Tahoe and that the C.R. England tractor-trailer had struck his vehicle. That, after the NOPD left the scene, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson rendezvoused with Mr. Labeaud at a gas station on Louisa Street and Almonaster Street. That, while at the gas station, Mr. Labeaud placed a call to "Attorney A"/Mr. Jason Giles of The King Firm, and told him that he had some "fish" for "Attorney A"/Mr. Jason Giles. That, on the day of the accident, October 13, 2015, Mr. Labeaud and "Attorney A"/Mr. Jason Giles spoke approximately three times. That, phone records also indicate that Mr. Labeaud and "Attorney A"/Mr. Jason Giles spoke on the days before and after the accident.

That, after meeting at the gas station, Mr. Labeaud instructed Mr. Robinson, Ms. Harris, Mr. Schaffer and Ms. Robinson to follow him to The King Firm in order to discuss "Attorney A"/Mr. Jason Giles' representation of them in connection with the staged accident. That, Mr. Robinson, Ms. Harris, Mr. Schaffer and Ms. Robinson followed Mr. Labeaud to The King Firm.

2033285.v1

That, later that same evening, Mr. Robinson, Ms. Harris, Mr. Schaffer and Ms. Robinson entered The King Firm through the rear stair entrance, and once inside, met with "Attorney A"/Mr. Jason Giles. "Attorney A"/Mr. Jason Giles and Mr. Labeaud were the only other people present for the meeting. That, in addition to discussing "Attorney A"/Mr. Jason Giles' representation of them in connection with the accident and completing related paperwork, "Attorney A"/Mr. Jason Giles discussed setting up immediate medical treatment for Mr. Robinson, Ms. Harris, Mr. Schaffer and Ms. Robinson.

That, "Attorney A"/Mr. Giles paid Mr. Labeaud in cash and check for staging the accident. That, on October 14, 2015, the day after the staged accident, "Attorney A"/Mr. Giles paid Mr. Labeaud approximately $1,500.00 from "Attorney A"/Mr. Giles and "Attorney B"/Mr. Courtenay's law firm's account, The King Firm. That, additionally, "Attorney A"/Mr. Giles made several cash withdrawals' from his personal law firm account, Giles Law, LLC, on the day of the accident and later the same week.

That, on September 26, 2016, "Attorney B"/Mr. Courtenay of The King Firm filed the Harris Lawsuit in the Civil District Court for the Parish of Orleans on behalf of Ms. Harris, Mr. Schaffer and Ms. Keishira Robinson. That, approximately six months after the staged accident, "Attorney A"/Mr. Giles referred Anthony Robinson to "Attorney C"/Ms. Arnona of the law firm of Arnona Rose, LLC, for representation arising out of the staged accident. That, on or about October 3, 2016, "Attorney C"/Ms. Arnona of Arnona Rose filed the Robinson Cross-Claim in the Civil District Court for the Parish of Orleans on behalf of Mr. Robinson as a personal injury lawsuit seeking damages from C.R. England arising out of the staged accident. That, the allegations in these lawsuits were false in that they did not contain information about how Mr. Hickman intentionally caused the October 13, 2015, accident between the Tahoe and the C.R.

2033285.v1

England tractor-trailer. That, the lawsuits falsely alleged that Mr. Robinson had been the driver of the Tahoe during the accident and omitted material information about how the passengers had agreed to stage the accident with Mr. Labeaud and Mr. Hickman.

That, before the lawsuits were filed, and throughout the time they were pending, "Attorney A"/Mr. Giles and "Attorney B"/Mr. Courtenay referred Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson to medical providers for "treatment" due to the staged accident. That, Mr. Robinson, Ms. Harris, and Mr. Schaffer underwent extensive medical treatment, including chiropractic treatment, injections, and eventually surgery. That, Mr. Robinson and Ms. Harris both underwent neck and back surgery performed by "Physician A"/Dr. Samer Shamieh to whom they were referred by "Attorney A"/Mr. Giles and "Attorney B"/Mr. Courtenay. That, Mr. Schaffer also underwent back surgery performed by "Physician B"/Dr. Marco Rodriguez to whom he was referred to by "Attorney B"/Mr. Courtenay. That, Keishira Robinson agreed to chiropractic treatment and an injection, but refused to undergo surgery. That, all four individuals (Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson) were either directly told or understood that agreeing to more medical treatment would increase the value of their lawsuits.

That, while the lawsuits were pending, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson were given loans or advances on their settlement by Mr. Giles of The King Firm, Mr. Courtenay of The King Firm, and Ms. Arnona of Arnona Rose. That, Anthony Robinson received checks totaling approximately $3,000.00 as advances on his settlement from The King Firm, and approximately $32,700.00 in loans or advances on his settlement from the law firm of Arnona Rose, LLC. That, Audrey Harris, Jerry Schaffer and Keishira Robinson received approximately $14,600.00, $11,650.00 and $2,620.00, respectively, from The King

2033285.v1

Firm.

That, on September 28, 2017, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson each provided false testimony in depositions taken in conjunction with the Harris Lawsuit and Robinson Cross-Claim. That, all four individuals lied during their deposition and omitted key material facts. That, they provided false testimony about the circumstances of the October 13, 2015, accident, and covered-up the fact that Mr. Hickman had been the driver in this staged accident and that Mr. Robinson was not in the vehicle at the time of the intentional collision.

That, on August 21, 2017, "Attorney B"/Mr. Courtenay of The King Firm demanded approximately $4,000,000.00 in settlement for Audrey Harris, approximately $1,000,000.00 in settlement for Jerry Schaffer, and approximately $175,000.00 in settlement for Keishira Robinson. That, on August 21, 2017, "Attorney C"/Ms. Arnona of Arnona Rose demanded approximately $4,800,000.00 in settlement for Anthony Robinson.

That, on June 13, 2019, the case went to mediation. That, around the tie of the mediation, "Attorney A"/Mr. Giles and "Attorney B"/Mr. Courtenay, told Ms. Harris and Mr. Schaffer to settle their case because the Federal Bureau of Investigation ("FBI") was investigating staged accidents, and that C.R. England suspected that their case was fraudulent. That, shortly after the mediation, on June 19, 2019, the parties agreed to a settlement of the claims of all four (4) claimants for a total of $4,725,000.00 plus the costs of mediation. That, the settlement consisted of $1,500,000.00 for Anthony Robinson, $2,100,000.00 for Audrey Harris, $1,000,000.00 for Jerry Schaffer, and $125,000.00 for Keishira Robinson.

That, in effectuating the settlement, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, their co-conspirators and others caused C.R. England and its excess

2033285.v1

insurer, ACE American, to issue settlement checks to be delivered by mail to New Orleans. That, (1) on July 17, 2019, C.R. England mailed an envelope via FedEx from West Valley City, Utah, to their counsel in the underlying proceeding in New Orleans, Louisiana, containing three settlement checks in the amount of $1,000,000.00 for Jerry Schaffer and The King Firm, $125,000.00 for Keishira Robinson and The King Firm and $898,422.87 for Anthony Robinson and Arnona Rose/The King Firm, and (2) on July 17, 2019, ACE American mailed an envelope via FedEx from Wilmington, Delaware, to counsel for C.R. England in the underlying proceeding in New Orleans, Louisiana, containing two settlement checks in the amount of $2,100,000.00 for Audrey Harris and The King Firm, and for $601,577.13 for Anthony Robinson and Arnona Rose/The King Firm. That, on July 18, 2019, "Attorney B"/Mr. Courtenay of The King Firm picked up from counsel for C.R. England's office five (5) settlement checks in settlement of the claims of all four (4) claimants, which are described as follows: (1) a C.R. England check in the amount of $898,422.87 made payable to Anthony Robinson and Arnona Rose; (2) an ACE American check in the amount of $601,577.13 made payable to Anthony Robinson and Arnona Rose; (3) an ACE American check in the amount of $2,100,000.00 made payable to Audrey Harris and The King Law Firm; (4) a C.R. England check in the amount of $125,000.00 made payable to Keishira Robinson and The King Firm; and (5) a C.R. England check in the amount of $1,000,000.00 made payable to Jerry Schaffer and The King Law Firm.

That, on July 19, 2019, the law firm of Arnona Rose, LLC, deposited the following settlement checks: (1) a C.R. England check in the amount of $898,422.87 made payable to Anthony Robinson and Arnona Rose; and (2) an ACE American check in the amount of $601,577.13 made payable to Anthony Robinson and Arnona Rose. That, on July 19, 2019, The King Firm deposited the following settlement checks: (1) an ACE American check in the amount

2033285.v1

of $2,100,000.00 made payable to Audrey Harris and The King Law Firm; (2) a C.R. England check in the amount of $125,000.00 made payable to Keishira Robinson and The King Firm; and (3) a C.R. England check in the amount of $1,000,000.00 made payable to Jerry Schaffer and The King Law Firm.

That, on or about July 24, 2019, Keishira Robinson cashed a settlement check in the amount of approximately $40,080.84 from The King Firm. That, on or about July 29, 2019, Audrey Harris deposited a settlement check in the amount of approximately $675,000.00 from The King Firm. That, on or about July 29, 2019, Jerry Schaffer deposited a settlement check in the amount of approximately $430,463.99 from The King Firm. That, on or about July 30, 2019, Anthony Robinson endorsed a settlement check in the amount of approximately $534,983.33 from the law firm of Arnona Rose, LLC, of which he deposited approximately $524,983.33 and withheld approximately $10,000.00 in cash.

That, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson each admit that they conspired to commit mail fraud by causing the filing of the Harris Lawsuit and Robinson Cross-Claim seeking monetary damages that were premised on falsehoods in connection with the October 13, 2015, staged automobile accident, providing false information during the course of the lawsuit in an effort to recover monetary damages against the owner and insurer of the C.R. England tractor-trailer, and causing the use of the mailings to facilitate recovery with this staged accident.

Moreover, prior to the indictment at issue being filed on October 16, 2020, Damian Labeaud had already plead guilty to his role in this fraudulent scheme to stage automobile accidents arising out of an earlier indictment related to this scheme. Within Mr. Labeaud's signed Factual Basis for his guilty plea of August 6, 2020, he admitted to staging numerous

2033285.v1

accidents for various attorneys and acting as the "slammer" and the "spotter," including at least forty (40) staged accidents with tractor-trailers for a _single_ attorney (Mr. Keating), that he recruited several others to serve as his spotter, and that he understood that as part of the scheme, that the attorney would instruct the passengers to be treated by certain doctors and healthcare providers, often at an inflated cost, in order to obtain larger settlements.

Furthermore, days after the indictment at issue being filed on October 16, 2020, Roderick Hickman also plead guilty to his role in this fraudulent scheme to stage automobile accidents arising out of an earlier indictment related to this scheme. Within Mr. Hickman's signed Factual Basis for his guilty plea of October 21, 2020, he admitted to being trained by Damian Labeaud to stage accidents, and further admitted that he and Damian Labeaud worked together to stage at least one hundred (100) accidents with tractor trailers for attorneys, including for Mr. Giles. Furthermore, in the indictment at issue herein, Mr. Hickman was referred to as "Co-Conspirator A," and it was alleged that Mr. Labeaud and "Co-Conspirator A" worked as runners for The King Firm, that Mr. Giles of The King Firm had represented both Mr. Labeaud and "Co-Conspirator A" in accidents that each were involved in and concealed subsequent payments to them for staging accidents as advances on their settlement and/or loans, and that The King Firm would employ Mr. Labeaud at the law firm to complete various tasks as another way to conceal payments to him for staging accidents.

    d. **Describe whether the alleged predicate acts relate to the enterprise as part of a common plan. If so, describe in detail:**

The predicate acts described herein are relate to the enterprise as part of a common plan. The object of this conspiracy was to defraud Plaintiff, Plaintiff's insurers and other similarly situated 18-wheeler trucking companies, drivers and their insurers which were the victims of the

2033285.v1

numerous staged automobile accidents. The purpose of the scheme was to illicitly and illegally enrich the Defendants at the expense of Plaintiff, Plaintiff's insurers and other similarly situated 18-wheeler trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents. As set forth at length in the guilty pleas of two of the three individual Defendants herein, the scheme was to create and pursue fraudulent bodily injury claims against 18-wheeler trucking companies, drivers and their insurers. These predicate acts are part of a scheme, and are not isolated events. The Defendants herein have been employed by and/or associated with the Enterprise, have participated in the management and operation of the Enterprise, and have deliberately caused fraud to be perpetrated upon Plaintiff and other 18-wheeler trucking companies, drivers and insurers through the scheme of staging numerous automobile accidents throughout the New Orleans area for the purpose of pursuing fraudulent personal injury claims against the victims of the fraud, which includes the staged accident of October 13, 2015, involving Plaintiff. Furthermore, the Defendants' pattern of racketeering activity has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise alone as confessed to by Damian Labeaud and Roderick Hickman, is potentially ongoing, and amounts to or poses a threat of continued criminal activity. The Enterprise engages in, and its activities affect, interstate commerce.

6. **Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:**

   a. **State the names of the individuals, partnerships, corporations, associations or other entities allegedly constituting the enterprise:**

   Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira

Robinson, and their agents, are an association in fact and "Enterprise" as that term is defined in Title 18, United States Code, Section 1961(4). Other potential members of the "Enterprise" not named as Defendants herein are set forth in Section 3 above, which is incorporated herein as if copied *in extenso*.

b. **Describe the structure, purpose, roles, function and course of conduct of the enterprise:**

The Enterprise has an identifiable structure, with each member fulfilling a specific role to carry out and facilitate its purpose as follows:

Defendant, Jason F. Giles, established, financed, owned, operated and/or participated in the management of law offices of Giles Law, LLC, and The King Firm, LLC, presenting the fraudulent claims at issue and/or in the providing of legal services to personal injury plaintiffs for the fraudulent claims at issue in furtherance of the Enterprise. This includes, but is not limited to: (a) recruitment of, conspiring with and paying Damian Labeaud, Roderick Hickman and others to recruit individuals to knowingly participate in a scheme to stage numerous automobile accidents in the New Orleans area in an effort to defraud insurance and trucking companies, including the staged accident of October 13, 2015, (b) paying Damian Labeaud, Roderick Hickman and others via cash and check to commit staged automobile accidents, (c) loaning Damian Labeaud, Roderick Hickman and others money and then subtracting the loan amount when calculating how much was owed to Mr. Labeaud, Roderick Hickman and others for a staged accident, (d) providing legal representation to Mr. Labeaud and Roderick Hickman in accidents they were each involved in, and concealing the subsequent payments to them for staging accidents as advances on their settlement and/or loans, (e) employing and otherwise paying Damian Labeaud and others personally and/or through The King Firm, LLC, to complete

2033285.v1

various tasks at The King Firm, LLC, as another way to conceal payment to Damian Labeaud and others for staging accidents, (f) using other attorneys at The King Firm, LLC, and/or referring claimants to other attorneys as agents of The King Firm, LLC, to either knowingly or unknowingly provide legal representation of and file personal injury claims and lawsuits on behalf of the individuals which he knew were involved in staged accidents, and using those employees and/or agents to present false and fraudulent claims on their behalf, (g) directing Damian Labeaud, Roderick Hickman and others to conceal their fraudulent activity and evade detection of the fraudulent scheme and Enterprise, (h) conspiring with and agreeing to act as the legal representative of and file personal injury claims and lawsuits on behalf of the individuals which they knew were involved in staged accidents, and knowingly presenting false and fraudulent claims on their behalf, (i) conspiring with the individuals involved in the staged accidents and directing their medical treatment at an inflated cost in order to maximize the fraudulent recovery of monies from the trucking company and/or insurance company, (j) conspiring with the individuals involved in the staged accidents and suborning these individuals to commit perjury in deposition testimony arising out of the staged accidents, (k) conspiring with the individuals involved in the staged accidents to commit, and actually committing wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, (l) making monetary demands for settlement of fraudulent personal injury claims arising out of the staged accident, (m) receiving monies in settlement of the fraudulent personal injury claims arising out of the staged accident, (n) filing and arguing an Opposition to C.R. England's Motion to Continue Trial and falsely certifying to the Court that the "accident" was not a fraudulent or staged accident, for the purpose of preventing C.R. England from discovering evidence of the fraudulent activities in order to prevail on the fraudulent claims at the trial set to begin in weeks, or force a settlement of

the fraudulent claims, (o) accepting and depositing checks to the personal law firm of Jason Giles from The King Firm for attorney fees in the amount of approximately $481,338.14 related to the staged accident of October 13, 2015, and (p) causing checks to be issued to other attorneys within and outside of The King Firm, LLC, as payment of attorney fees related to the staged accident of October 13, 2015.

Defendant, Damian Labeaud, has established, financed, owned, operated and/or participated in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) staging numerous accidents, including at least one hundred (100) staged accidents with tractor-trailers for attorney, Jason Giles, the law firm of The King Firm, LLC, Giles Law, LLC, and other attorneys and law firms in and around the New Orleans area, including but not limited to the staged accident at issue of October 13, 2015, (b) conspiring with and receiving payment attorney, Jason Giles, the law firm of The King Firm, LLC, Giles Law, LLC, and other attorneys and law firms in and around the New Orleans area, to recruit individuals to knowingly participate in a scheme to stage at least one hundred (100) automobile accidents in the New Orleans area in an effort to defraud insurance and trucking companies, including the staged accident of October 13, 2015, (c) actively recruiting individuals to knowingly participate in the staged accidents, (d) acting as either the driver or "slammer" of the vehicle used in the staged accidents, or, acting as the "spotter" or the person driving the getaway vehicle following the staged accident including the accident at issue of October 13, 2015, (e) conspiring with, recruiting and paying other individuals, including Roderick Hickman and others, to act as a "slammer" or a "spotter" in the staged accidents, including the accident at issue of October 13, 2015, (f) directing the individuals who participated in the staged accidents to Defendants, Jason Giles and The King Firm, for representation of them in the fraudulent personal

2033285.v1

injury claims and lawsuits arising out of the staged accidents, (g) conspiring with all Defendants and their agents to conceal their fraudulent activity and evade detection of the fraudulent scheme and Enterprise, (h) knowingly lying to law enforcement officers at the scene of the staged accidents in furtherance of the Enterprise and to deceive the law enforcement officers, (i) conspiring with Jason Giles, The King Firm, their agents, other attorneys and law firms and their agents, and the individuals involved in the staged accidents and suborning these individuals to commit perjury in deposition testimony arising out of the staged accidents, (j) conspiring with Jason Giles, The King Firm, their agents and the individuals involved in the staged accidents to commit wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, and (k) receiving monies and payments from Jason Giles, The King Firm, Giles Law, LLC, and their agents, and the individuals involved in the staged accidents, in exchange for this services and participation in the fraudulent scheme and Enterprise.

Defendant, Roderick Hickman, has established, financed, owned, operated and/or participated in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) conspiring with Damian Labeaud, Jason Giles, The King Firm, their agents, other attorneys and law firms and their agents, and the individuals involved in the staged accidents, and participating in the staging of at least one hundred (100) accidents, including but not limited to the staged accident at issue of October 13, 2015, (b) conspiring with and receiving payment from Damian Labeaud to knowingly participate in a scheme to stage automobile accidents in the New Orleans area in an effort to defraud insurance and trucking companies, including the staged accident of October 13, 2015, (c) acting as either the "spotter" or the person driving the getaway vehicle following the staged accidents, or acting as the driver or "slammer" of the vehicle used in the staged accidents, including the accident at issue of October 13, 2015,

2033285.v1

(d) conspiring with and accepting payment from Damian Labeaud to act as "spotter" or "slammer" in staged accidents, including the accident at issue of October 13, 2015, (e) conspiring with Damian Labeaud and the individuals who participated in the staged accidents to knowingly help them participate in staged accidents for the purpose of the individuals making fraudulent personal injury claims and lawsuits arising out of the staged accidents, (f) conspiring with Damian Labeaud to change the locations of the staged accidents, to vary the number of passengers, to avoid talking to the police, and to avoid cameras, etc., to conceal their fraudulent activity and evade detection of the fraudulent scheme and Enterprise, (g) knowingly lying to law enforcement officers at the scene of the staged accidents in furtherance of the Enterprise and to deceive the law enforcement officers, (h) conspiring with Damian Labeaud, Jason Giles, The King Firm, their agents, other attorneys and law firms and their agents, and the individuals involved in the staged accidents to commit wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, and (i) receiving monies and payments from Damian Labeaud in exchange for this services and participation in the fraudulent scheme and Enterprise.

Defendant, The King Firm, LLC, through its agents, has established, financed, owned, operated and/or participated in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) recruitment of, conspiring with and paying Damian Labeaud, Roderick Hickman and others to recruit individuals to knowingly participate in a scheme to stage numerous automobile accidents in the New Orleans area in an effort to defraud insurance and trucking companies, including the staged accident of October 13, 2015, (b) employing and otherwise paying Damian Labeaud and others through The King Firm, LLC, to complete various tasks at The King Firm, LLC, as another way to conceal payment to Damian Labeaud and others for staging accidents, (c) employing attorneys through The King Firm, LLC,

2033285.v1

and/or referring claimants to other attorneys as agents of The King Firm, LLC, to either knowingly or unknowingly provide legal representation of and file personal injury claims and lawsuits on behalf of the individuals which The King Firm, LLC, knew were involved in staged accidents, and using those employees and/or agents to present false and fraudulent claims on their behalf, (d) making monetary loans and/or advances through The King Firm, LLC, and/or its agents, to Damian Labeaud, Roderick Hickman and participants in the staged accidents as part of the scheme and artifice to defraud, (e) depositing settlement checks issued to Keishira Robinson, Audrey Harris, and Jerry Schaffer arising out of their fraudulent claims from staged accident of October 13, 2015, and issuing settlement checks to each out of the account of The King Firm, LLC, (f) accepting a checks in the amount of $135,386.64, from the law firm of Arnona Rose, LLC, for fees and costs associated with representing Anthony Robinson in the staged accident, who was referred to Arnona Rose, LLC, by The King Firm, LLC, (g) issuing checks to the personal law firm of Jason Giles for attorney fees in the amount of approximately $481,338.14 related to the staged accident of October 13, 2015, (h) issuing checks to the personal law firm of Mr. Courtenay for attorney fees in the amount of approximately $233,865.78 related to the staged accident of October 13, 2015, (i) issuing checks to associates of The King Firm, LLC, for attorney fees in the amount of approximately $235,164.35 related to the staged accident of October 13, 2015, (j) directing Damian Labeaud, Roderick Hickman and others to conceal their fraudulent activity and evade detection of the fraudulent scheme and Enterprise; (k) conspiring with the individuals involved in the staged accidents and directing their medical treatment at an inflated cost in order to maximize the fraudulent recovery of monies from the trucking company and/or insurance company, (l) conspiring with the individuals involved in the staged accidents and suborning these individuals to commit perjury in deposition testimony arising out of the

2033285.v1

staged accidents, (m) conspiring with the individuals involved in the staged accidents to commit, and actually committing wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, (n) making monetary demands for settlement of fraudulent personal injury claims arising out of the staged accident, and (o) receiving monies in settlement of the fraudulent personal injury claims arising out of the staged accident.

Defendant, Giles Law, LLC, through its agents, has established, financed, owned, operated and/or participated in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) recruitment of, conspiring with and paying Damian Labeaud, Roderick Hickman and others to recruit individuals to knowingly participate in a scheme to stage numerous automobile accidents in the New Orleans area in an effort to defraud insurance and trucking companies, including the staged accident of October 13, 2015, (b) employing and otherwise paying Damian Labeaud and others, to complete various tasks at The King Firm, LLC, as another way to conceal payment to Damian Labeaud and others for staging accidents, (c) making monetary loans and/or advances through Giles Law, LLC, and/or its agents, to Damian Labeaud as part of the scheme and artifice to defraud, (d) depositing checks from The King Firm, LLC, into the account of Giles Law, LLC, for payment of attorneys fees in the approximate amount of $481,338.14 regarding the representation of Jason Giles of the claimants arising out of the fraudulent staged accident of October 13, 2015, as part of the scheme and artifice to defraud.

Defendant, Anthony Robinson, individually and through his agents, has established, financed, owned, operated and/or participated in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) conspiring with Damian Labeaud, Roderick Hickman, Jason Giles, The King Firm, their agents, other attorneys and law firms and

2033285.v1

their agents, and the other individuals and occupants of the staged accident October 13, 2015, to knowingly participate in the staging of the accident of October 13, 2015, for the purpose of bringing a fraudulent bodily injury claim against the tractor trailer trucking company and its insurer, (b) conspiring with and paying Damian Labeaud to participate in the staged accident of October 13, 2015, (c) conspiring with Damian Labeaud and the individuals who participated in the staged accidents to knowingly help them participate in staged accidents for the purpose of the individuals making fraudulent personal injury claims and lawsuits arising out of the staged accidents, (d) knowingly lying to law enforcement officers at the scene of the staged accidents in furtherance of the Enterprise and to deceive the law enforcement officers, (e) knowingly and intentionally presenting false and perjured testimony in deposition regarding how the "accident" occurred in furtherance of the Enterprise and to deceive the defendant trucking company and its insurer, (f) employing attorneys through The King Firm, LLC, and/or other attorneys as agents of The King Firm, LLC, to either knowingly or unknowingly provide legal representation of and file personal injury claims and lawsuits on his behalf arising out of the staged accident, and using those attorneys to present false and fraudulent claims on his behalf, (g) conspiring with Damian Labeaud, Roderick Hickman, Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to commit, and actually committing, wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, (h) conspiring with Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to undergo medical treatment at an inflated cost and allege that said treatment was a result of the October 13, 2015, collision at issue, in order to maximize the fraudulent recovery of monies from the trucking company and/or insurance company, (i) accepting monetary loans and/or advances from Jason Giles, The King Firm, LLC, and/or its agents such as Arnona Rose, LLC, as loans and/or

2033285.v1

advancements on the settlement of his fraudulent claims, (j) authorizing his attorney agents to make monetary demands for settlement of fraudulent personal injury claims arising out of the staged accident, (k) authorizing his attorney agents to enter into a settlement agreement of his fraudulent personal injury claims arising out of the staged accident for a payment of $1,500,000.00, and (l) receiving monies in settlement of the fraudulent personal injury claims arising out of the staged accident, including endorsing a settlement check in the amount of approximately $534,983.33, of which he deposited approximately $524,983.33 and withheld approximately $10,000.00 in cash, and of which the remainder of the settlement monies was paid to the attorneys and/or other knowing or unknowing participants of the Enterprise.

Defendant, Audrey Harris, individually and through her agents, has established, financed, owned, operated and/or participated in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) conspiring with Damian Labeaud, Roderick Hickman, Jason Giles, The King Firm, their agents, other attorneys and law firms and their agents, and the other individuals and occupants of the staged accident October 13, 2015, to knowingly participate in the staging of the accident of October 13, 2015, for the purpose of bringing a fraudulent bodily injury claim against the tractor trailer trucking company and its insurer, (b) conspiring with and paying Damian Labeaud to participate in the staged accident of October 13, 2015, (c) conspiring with Damian Labeaud and the individuals who participated in the staged accidents to knowingly help them participate in staged accidents for the purpose of the individuals making fraudulent personal injury claims and lawsuits arising out of the staged accidents, (d) knowingly lying to law enforcement officers at the scene of the staged accidents in furtherance of the Enterprise and to deceive the law enforcement officers, (e) knowingly and intentionally presenting false and perjured testimony in deposition regarding how the "accident"

- 138 -

occurred in furtherance of the Enterprise and to deceive the defendant trucking company and its insurer, (f) employing attorneys through The King Firm, LLC, and/or other attorneys as agents of The King Firm, LLC, to either knowingly or unknowingly provide legal representation of and file personal injury claims and lawsuits on her behalf arising out of the staged accident, and using those attorneys to present false and fraudulent claims on her behalf, (g) conspiring with Damian Labeaud, Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to commit, and actually committing, wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, (h) conspiring with Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to undergo medical treatment at an inflated cost and allege that said treatment was a result of the October 13, 2015, collision at issue, in order to maximize the fraudulent recovery of monies from the trucking company and/or insurance company, (i) accepting monetary loans and/or advances from Jason Giles, The King Firm, LLC, and/or its agents, as loans and/or advancements on the settlement of her fraudulent claims, (j) authorizing her attorney agents to make monetary demands for settlement of fraudulent personal injury claims arising out of the staged accident, (k) authorizing her attorney agents to enter into a settlement agreement of her fraudulent personal injury claims arising out of the staged accident for a payment of $2,100,000.00, and (l) receiving monies in settlement of the fraudulent personal injury claims arising out of the staged accident, including endorsing and depositing a settlement check in the amount of approximately $675,000.00, and of which the remainder of the settlement monies was paid to the attorneys and/or other knowing or unknowing participants of the Enterprise.

Defendant, Jerry Schaffer, individually and through his agents, has established, financed, owned, operated and/or participated in the fraudulent claims at issue and in furtherance of the

2033285.v1

Enterprise. This includes, but is not limited to: (a) conspiring with Damian Labeaud, Roderick Hickman, Jason Giles, The King Firm, their agents, other attorneys and law firms and their agents, and the other individuals and occupants of the staged accident October 13, 2015, to knowingly participate in the staging of the accident of October 13, 2015, for the purpose of bringing a fraudulent bodily injury claim against the tractor trailer trucking company and its insurer, (b) conspiring with and paying Damian Labeaud to participate in the staged accident of October 13, 2015, (c) conspiring with Damian Labeaud and the individuals who participated in the staged accidents to knowingly help them participate in staged accidents for the purpose of the individuals making fraudulent personal injury claims and lawsuits arising out of the staged accidents, (d) knowingly lying to law enforcement officers at the scene of the staged accidents in furtherance of the Enterprise and to deceive the law enforcement officers, (e) knowingly and intentionally presenting false and perjured testimony in deposition regarding how the "accident" occurred in furtherance of the Enterprise and to deceive the defendant trucking company and its insurer, (f) employing attorneys through The King Firm, LLC, and/or other attorneys as agents of The King Firm, LLC, to either knowingly or unknowingly provide legal representation of and file personal injury claims and lawsuits on his behalf arising out of the staged accident, and using those attorneys to present false and fraudulent claims on his behalf, (g) conspiring with Damian Labeaud, Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to commit, and actually committing, wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, (h) conspiring with Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to undergo medical treatment at an inflated cost and allege that said treatment was a result of the October 13, 2015, collision at issue, in order to maximize the fraudulent recovery of monies from the trucking company and/or

2033285.v1

insurance company, (i) accepting monetary loans and/or advances from Jason Giles, The King Firm, LLC, and/or its agents, as loans and/or advancements on the settlement of his fraudulent claims, (j) authorizing his attorney agents to make monetary demands for settlement of fraudulent personal injury claims arising out of the staged accident, (k) authorizing his attorney agents to enter into a settlement agreement of his fraudulent personal injury claims arising out of the staged accident for a payment of $1,000,000.00, and (l) receiving monies in settlement of the fraudulent personal injury claims arising out of the staged accident, including endorsing and depositing a settlement check in the amount of approximately $430,463.99, of which the remainder of the settlement monies was paid to the attorneys and/or other knowing or unknowing participants of the Enterprise.

Defendant, Keishira Robinson, individually and through her agents, has established, financed, owned, operated and/or participated in the fraudulent claims at issue and in furtherance of the Enterprise. This includes, but is not limited to: (a) conspiring with Damian Labeaud, Roderick Hickman, Jason Giles, The King Firm, their agents, other attorneys and law firms and their agents, and the other individuals and occupants of the staged accident October 13, 2015, to knowingly participate in the staging of the accident of October 13, 2015, for the purpose of bringing a fraudulent bodily injury claim against the tractor trailer trucking company and its insurer, (b) conspiring with and paying Damian Labeaud to participate in the staged accident of October 13, 2015, (c) conspiring with Damian Labeaud and the individuals who participated in the staged accidents to knowingly help them participate in staged accidents for the purpose of the individuals making fraudulent personal injury claims and lawsuits arising out of the staged accidents, (d) knowingly lying to law enforcement officers at the scene of the staged accidents in furtherance of the Enterprise and to deceive the law enforcement officers, (e) knowingly and

2033285.v1

intentionally presenting false and perjured testimony in deposition regarding how the "accident" occurred in furtherance of the Enterprise and to deceive the defendant trucking company and its insurer, (f) employing attorneys through The King Firm, LLC, and/or other attorneys as agents of The King Firm, LLC, to either knowingly or unknowingly provide legal representation of and file personal injury claims and lawsuits on her behalf arising out of the staged accident, and using those attorneys to present false and fraudulent claims on her behalf, (g) conspiring with Damian Labeaud, Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to commit, and actually committing, wire and mail fraud in furtherance of the fraudulent scheme and Enterprise, (h) conspiring with Jason Giles, The King Firm, their agents, and the other individuals involved in the staged accidents to undergo medical treatment at an inflated cost and allege that said treatment was a result of the October 13, 2015, collision at issue, in order to maximize the fraudulent recovery of monies from the trucking company and/or insurance company, (i) accepting monetary loans and/or advances from Jason Giles, The King Firm, LLC, and/or its agents, as loans and/or advancements on the settlement of her fraudulent claims, (j) authorizing her attorney agents to make monetary demands for settlement of fraudulent personal injury claims arising out of the staged accident, (k) authorizing her attorney agents to enter into a settlement agreement of her fraudulent personal injury claims arising out of the staged accident for a payment of $125,000.00, and (l) receiving monies in settlement of the fraudulent personal injury claims arising out of the staged accident, including endorsing and cashing a settlement check in the amount of approximately $40,080.84.00, and of which the remainder of the settlement monies was paid to the attorneys and/or other knowing or unknowing participants of the Enterprise.

2033285.v1

Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are an association in fact and "Enterprise" as that term is defined in Title 18, United States Code, Section 1961(4). The Enterprise described herein engages in, and its activities affect, interstate commerce.

    c.  **State whether any defendants are employees, officers or directors of the alleged enterprise:**

Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, have all been employed by and/or associated with the Enterprise, have participated in the management and operation of the Enterprise, and have deliberately caused fraud to be perpetrated upon Plaintiff herein, C.R. England, and other tractor trailer trucking companies, drivers and insurers through the scheme of staging numerous automobile accidents throughout the New Orleans area for the purpose of pursuing fraudulent personal injury claims against the victims of the fraud, which includes the staged accident of October 13, 2015, involving Plaintiff herein, C.R. England.

    d.  **State whether any defendants are associated with the alleged enterprise, and if so, how:**

Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, have all been employed by and/or associated with the Enterprise, have participated in the management and operation of the Enterprise, and have deliberately caused fraud to be perpetrated upon Plaintiff herein, C.R. England, and other tractor trailer trucking companies, drivers and insurers through the scheme of staging numerous automobile

2033285.v1

accidents throughout the New Orleans area for the purpose of pursuing fraudulent personal injury claims against the victims of the fraud, which includes the staged accident of October 13, 2015, involving Plaintiff herein, C.R. England.

The purpose of the Enterprise and scheme was to illicitly and illegally enrich the Defendants at the expense of Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents. As set forth at length above and incorporated herein, which includes but it not limited to the signed confessions and "Factual Basis" of the guilty pleas of six of the individual Defendants herein, the scheme was created to pursue fraudulent bodily injury claims against tractor trailer trucking companies, drivers and their insurers. Defendants have knowingly conducted and/or participated, directly and indirectly, in the conduct of the affairs of the above described Enterprise through a "pattern of racketeering activity" as defined by Title 18, United States Code, Section 1961(5). The Defendants herein conspired to commit and actually committed wire and mail fraud in furtherance of the fraudulent scheme and Enterprise in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1341 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, and Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, and conspiracy to commit Federal Wire and Mail Fraud arising out of staged accidents at issue, as set forth at above, based upon the repeated interstate telephone communications, email communications, transfer of funds by wire and check, and use of the postal service and/or private or commercial interstate carriers, which crossed state lines. These predicate acts are part of a scheme and are not isolated events.

2033285.v1

Furthermore, the Defendants' pattern of racketeering activity has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise alone, as confessed to by Damian Labeaud and Roderick Hickman, and as alleged in the indictment at issue of October 16, 2020, and other indictments and guilty pleas set forth herein, is potentially ongoing, and amounts to or poses a threat of continued criminal activity.

e. **State whether you allege that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise:**

Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are members of the Enterprise.

f. **If you allege any defendants to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity:**

Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are members of the Enterprise. Each Defendant as a member of the Enterprise are perpetrators of the racketeering activity.

7. **State whether you allege and describe in detail how the pattern of racketeering activity and the enterprise are separate or have merged into one entity.**

The pattern of racketeering activity and the Enterprise have merged into one entity. Defendant, Jason Giles, operated his personal law practice, Giles Law, LLC, along with operating The King Firm, LLC, with other attorneys. These law firms were established as a legitimate business activity in the practice of law. However, this legitimate business activity has

2033285.v1

merged into the Enterprise as a pattern of racketeering activity and scheme existing between all Defendants herein to conspire to stage multiple accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire fraud in connection with the staged accidents.

8. **Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.**

The purpose of the Enterprise and scheme was to illicitly and illegally enrich the Defendants at the expense of Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents. As set forth at length above and incorporated herein, which includes but it not limited to the signed confessions and "Factual Basis" of the guilty pleas of six of the individual Defendants herein, the scheme was created to pursue fraudulent bodily injury claims against tractor trailer trucking companies, drivers and their insurers. Defendants have knowingly conducted and/or participated, directly and indirectly, in the conduct of the affairs of the above described Enterprise through a "pattern of racketeering activity" as defined by Title 18, United States Code, Section 1961(5). The Defendants herein conspired to commit and actually committed wire and mail fraud in furtherance of the fraudulent scheme and Enterprise in connection with the staged accidents in violation of 18 U.S.C. 371, 18 U.S.C. 1341 and 18 U.S.C. 1343, thus constituting a pattern of racketeering activity as defined in 18 U.S.C. 1961. The racketeering activity also consists of repeated violations of the Federal Wire Fraud Statute, in violation of Title 18, United States Code, Section 1343, and Federal Mail Fraud Statute, in violation of Title 18, United States Code, Section 1341, and conspiracy to commit Federal Wire

- 146 -

and Mail Fraud arising out of staged accidents at issue, as set forth at above, based upon the repeated interstate telephone communications, email communications, transfer of funds by wire and check, and use of the postal service and/or private or commercial interstate carriers, which crossed state lines. These predicate acts are part of a scheme and are not isolated events. Furthermore, the Defendants' pattern of racketeering activity has involved at least one hundred (100) staged accidents involving multiple occupants in each accident within this specific Enterprise alone, as confessed to by Damian Labeaud and Roderick Hickman, and as alleged in the indictment at issue of October 16, 2020, and other indictments and guilty pleas set forth herein, is potentially ongoing, and amounts to or poses a threat of continued criminal activity.

The pattern of racketeering activity does not differ from the usual and daily activities of the Enterprise. The Enterprise itself is a racketeering enterprise and scheme existing between Defendants herein, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, to conspire to stage multiple accidents involving tractor trailers for the purpose of defrauding the owner of the tractor trailer and its insurer in a bodily injury claim arising out of the staged accident, and to conspire to commit wire fraud and mail fraud in connection with the staged accidents.

9. **Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering activity.**

The purpose of the Enterprise and scheme was to illicitly and illegally enrich the Defendants at the expense of Plaintiff, Plaintiff's insurers and other similarly situated tractor trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents, by creating and pursuing fraudulent bodily injury claims against

- 147 -

18-wheeler trucking companies, drivers and their insurers, for the purpose of receiving money and benefits in settlement of the fraudulent bodily injury claims and/or a money judgment at trial regarding the fraudulent bodily injury claims. The members of the Enterprise, Damian Labeaud and Roderick Hickman, were also paid by Anthony Robinson, Jason F. Giles, The King Firm, LLC, and/or Giles Law, LLC, as reimbursement for/benefits for Mr. Labeaud and Mr. Hickman's roles in perpetrating the staged accidents in the pattern of racketeering activity. The members of the Enterprise, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, were given advances and/or loans by Jason F. Giles, The King Firm, LLC, Giles Law, LLC, and/or their attorney agents, as reimbursement for/benefits for their roles in perpetrating the staged accidents in the pattern of racketeering activity, in addition to being paid monies arising out of the settlement of their personal injury claims. The members of the Enterprise, Jason F. Giles and/through Giles Law, LLC, were paid by The King Firm, LLC, as reimbursement for/benefits for Jason F. Giles and Giles Law, LLC's roles in perpetrating the staged accidents in the pattern of racketeering activity. The member of the Enterprise, The King Firm, LLC, was paid through the settlement of the fraudulent claims and by other law firms for referral fees for fraudulent claims, as reimbursement for/benefits for The King Firm, LLC, for its role in perpetrating the staged accidents in the pattern of racketeering activity.

Through the pattern of racketeering activity, the Enterprise has received the benefit of significant income derived from staging numerous accidents described herein.

10. **Describe the effect of the activities of the enterprise on interstate or foreign commerce:**

The Enterprise targeted tractor-trailers involved in interstate commerce to stage an accident. Intentionally colliding with a tractor-trailer involved in interstate commerce as part of a

2033285.v1

fraudulent scheme disrupts interstate commerce. Additionally, Plaintiff, C.R. England, Inc., and many other trucking companies involved in interstate commerce which were victims of this scheme, have been injured by paying sums of money in settlement and in the defense of the fraudulent bodily injury claims as a direct result of the pattern of racketeering activity, in addition to damage to its reputation, lost income, internal expenses, increase in insurance premiums, and other actual and pecuniary injury and damages which effect interstate commerce. Additionally, the pattern of wire fraud and mail fraud, and conspiracy to commit wire fraud and mail fraud, effects interstate commerce.

11. **If the complaint alleges a violation of 18 U.S.C. Section 1962(a), provide the following information:**

Not Applicable.

12. **If the complaint alleges a violation of 18 U.S.C. Section 1962(b), provide the following information:**

Not Applicable.

13. **If the complaint alleges a violation of 18 U.S.C. Section 1962(c), provide the following information:**

   a. **State who is employed by or associated with the enterprise;**

All Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are employed by and/or associated with the Enterprise.

2033285.v1

b. **State whether the same entity is both the liable "person" and the "enterprise" under Section 1962(c).**

All Defendants, Jason F. Giles, The King Firm, LLC, Giles Law, LLC, Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson, and their agents, are employed by and/or associated with the Enterprise. As set forth above, all Defendants herein are separate legal entities from the Enterprise, and each is personally liable for any damages awarded. Each of the Defendants, personally or through their agents, has established, financed, owned, operated and/or participated in the fraudulent claims at issue and in furtherance of the Enterprise through their employment by and/or association with the Enterprise, and participated in the pattern of racketeering activity and the scheme of the Enterprise designed to defraud Plaintiff herein, C.R. England. Moreover, six of the individual defendants herein (Damian K. Labeaud, Roderick Hickman, Anthony Robinson, Audrey Harris, Jerry Schaffer and Keishira Robinson) have already plead guilty to their roles in the conspiracy to commit fraud, and actually committing fraud, in the furtherance of Enterprise arising out of staging accidents including the staged accident at issue of October 13, 2015.

14. **If the complaint alleges a violation of 18 U.S.C. Section 1962(d), describe in detail the alleged conspiracy:**

A conspiracy consists between the Defendants whereby they have come together to operate and control an Enterprise that has violated 18 U.S.C. Section 1962(c). Since at least 2017, Defendants willfully combined, conspired and agreed with one another and with others to violate Title 18, United States Code, Section 1962(c), that is, to conduct and/or participate, directly or indirectly, in the affairs of the Enterprise, the activities of which were conducted through a pattern of racketeering activities, in violation of U.S.C. Section 1962(d). The object of this conspiracy was to defraud Plaintiff, Plaintiff's insurers and other similarly situated tractor

- 150 -

trailer trucking companies, drivers and their insurers which were the victims of the numerous staged automobile accidents.

15. **Describe the alleged injury to business or property:**

As a direct and proximate result of the Defendants' conduct, Plaintiff herein, C.R. England, Inc., was injured by paying sums of money in the settlement of the fraudulent bodily injury claims herein and attorney's fees, costs and expenses in the investigation and defense of the fraudulent bodily injury claims, as a direct result of the pattern of racketeering activity, in addition to damage to its reputation, lost income, internal expenses, increase in insurance premiums, and other actual and pecuniary injury and damages which will be shown at the trial on this matter. Plaintiff herein, C.R. England, has also suffered the legal expense to pursue the current action.

16. **Describe the relationship between the alleged injury and violation of the RICO statute:**

But for the fraudulent practices of the Defendants, there would not have been a fraudulently staged accident involving a tractor-trailer owned by Plaintiff, C.R. England, and operated by C.R. England's employee, there would not have been a fraudulent lawsuit and bodily injury claims filed against C.R. England by the willing occupants in the staged accident, and C.R. England would not have suffered injury and damages as set forth herein.

17. **List the damages sustained by reason of the violation of Section 1962, indicating the amount for which each defendant is allegedly liable:**

Total settlement amount of all four claimants which was paid by C.R. England – contribution of $2,013,422.87 of the total settlement amount of $4,725,000.00, in settlement of

the entirety of the fraudulent claims made in the Harris Lawsuit and Robinson Cross-Claim, with the remainder being paid by C.R. England's excess insurer, ACE American.

Cost of legal defense of the fraudulent bodily injury claims – To be determined.

Damage to reputation as a result of the fraudulent bodily injury claims – To be determined.

Lost income as a result of the fraudulent bodily injury claims and this current action – To be determined.

Internal expenses as a result of the fraudulent bodily injury claims and this current action – To be determined.

Increase in insurance premiums as a result of the fraudulent bodily injury claims – To be determined.

Other actual and pecuniary injury and damages – To be determined.

Legal expenses to pursue the current action – To be determined.

Treble damages.

All Defendants are liable *in solido* for the above damages.

18. **List all other federal causes of action, if any, and provide the relevant statute numbers:**

Not applicable.

19. **List all pendant state claims, if any:**

(1)    Third Claim for Relief within the RICO Complaint, for all damages resulting from Defendants' fraudulent conduct including but not to damages resulting from Defendants' violation of La. Civ. Code art. 1953, *et seq*., including prejudgment interest, costs, expenses, and attorneys' fees;

(2)    Fourth Claim for Relief within the RICO Complaint, for all damages resulting from Defendants' conspiracy to commit intentional staged accidents and fraud claims,

2033285.v1

including but not to damages resulting from Defendants' violation of La. Civ. Code art. 2324, *et seq.*, including prejudgment interest, costs, expenses, and attorneys' fees;

(3) Fifth Claim for Relief within the RICO Complaint, for all damages resulting from Defendants' violation of La. R.S. 15:1353(A), including prejudgment interest, costs, expenses, and attorneys' fees, the sum trebled pursuant to La. R.S. 15:1356 *et seq.*;

(4) Sixth Claim for Relief within the RICO Complaint, for all damages resulting from Defendants' violation of La. R.S. 15:1353(B), including prejudgment interest, costs, expenses, and attorneys' fees, the sum trebled pursuant to La. R.S. 15:1356 *et seq.*;

(5) Seventh Claim for Relief within the RICO Complaint, for all damages resulting from Defendants' violation of La. R.S. 15:1353(C), including prejudgment interest, costs, expenses, and attorneys' fees, the sum trebled pursuant to La. R.S. 15:1356 *et seq.*;

(6) Eighth Claim for Relief within the RICO Complaint, for all damages resulting from Defendants' violation of La. R.S. 15:1353(D), by conspiracy to violate La. R.S. 15:1353(A), including prejudgment interest, costs, expenses, and attorneys' fees, the sum trebled pursuant to La. R.S. 15:1356 *et seq.*;

(7) Ninth Claim for Relief within the RICO Complaint, for all damages resulting from Defendants' violation of La. R.S. 15:1353(D), by conspiracy to violate La. R.S. 15:1353(B), including prejudgment interest, costs, expenses, and attorneys' fees, the sum trebled pursuant to La. R.S. 15:1356 *et seq.*; and

(8) Tenth Claim for Relief within the RICO Complaint, for all damages resulting from Defendants' violation of La. R.S. 15:1353(D), by conspiracy to violate La. R.S. 15:1353(C), including prejudgment interest, costs, expenses, and attorneys' fees, the sum trebled pursuant to La. R.S. 15:1356 *et seq.*

20. **Provide any additional information you feel would be helpful to the Court in processing your RICO claim:**

Plaintiff believes that a significant volume of highly relevant evidence further supporting these claims (in addition to the guilty pleas of six of the defendants herein) will be obtained through discovery. Plaintiff reserves it right to supplement this form as this information comes to light so as to provide the Court with additional facts.

2033285.v1

Plaintiff further believes that additional indictments arising out of these staged accidents will arise, which could potentially result in the identification of additional primary members of the Enterprise at issue. Additionally, Plaintiff shows that there are many additional victims of this fraudulent Enterprise which may file similar RICO Complaints.

Respectfully submitted:
BREAZEALE, SACHSE & WILSON, L.L.P.
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone:  225-387-4000
Fax:  225-381-8029
E: doug.williams@bswllp.com;
chris.mason@bswllp.com

*/s/ Douglas K. Williams*
Douglas K. Williams, T.A., La Bar Roll No. 2187
Christopher A. Mason, La Bar Roll No. 29328
Kelsey A. Clark, La. Bar Roll No. 36413
Katherine M. Cook, La. Bar Roll No. 37640
*Attorneys for Plaintiff, C.R. England, Inc.*

2033285.v1