CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2016-0968                                                    DIVISION: "J-15"

AUDREY HARRIS, ET AL

VERSUS

C.R. ENGLAND, ET AL

### MOTION TO CONTINUE TRIAL AND REQUEST FOR EXPEDITED HEARING WITH INCORPORATED MEMORANDUM

NOW INTO COURT, through undersigned counsel, come Defendants, C.R. ENGLAND, INC. and RONAN RYAN ("collectively referred to as the "C.R. England Defendants"), to move this Honorable Court for a continuance of the current June 24, 2019 trial date, as well as all pre-trial deadlines.

### INTRODUCTION AND SUMMARY OF ARGUMENT

This is a trucking accident case set for a June 24, 2019 jury trial. Newly-acquired information previously unavailable to C.R. England Defendants relating to potential fraud and newly-discovered medical treatment has rendered the current trial date untenable. For the reasons explained below, the interests of justice require a short continuance and an extension of discovery for two reasons.

First, the C.R. England Defendants recently—on May 24, 2019—appeared in Court to argue Motions *in Limine*. In Court, C.R. England Defendants' counsel learned from another local defense attorney that this case fits into a pattern of **pre-planned and fraudulent accidents** carried out against trucking companies in New Orleans. Since that time, Defendants investigated the information received on May 24, 2019, and confirmed that **this case is the subject of a fraud investigation by Federal Bureau of Investigation, State Police, and U.S. Attorney's office.**[1] As it stands now, C.R. England Defendants are headed to trial with newly-acquired knowledge of potential fraud in a serious case where liability is contested and Plaintiffs seek millions of dollars in damages. And the C.R. England Defendants are without sufficient information to mount a

---

[1] The C.R. England Defendants do not believe that Plaintiffs' counsel is involved in any potential fraudulent activity. In fact, this motion may be the first instance where Plaintiffs' counsel is put on notice of a potential issue of fraud or "pre-staging" of the accident at issue.

1

Exhibit 1

defense and to prevent a potential fraud against them and this Court. The interests of justice require that this trial be continued so that Defendants can investigate this matter.

Second, counsel for Audrey Harris sent an email on April 23, 2019 advising that Ms. Harris was having a surgery on July 9, 2019.[2] This surgery, which is after the trial of this matter, may obviate the need for future medical care alleged to cost in the millions of dollars. This information alone is sufficient to warrant a trial continuance as the future surgery, if successful, may obviate the need for future medical care costs that may otherwise be recovered at trial.

## FACTUAL BACKGROUND

The subject accident occurred on October 13, 2015 on Alvar Street near France Road in New Orleans. Anthony Robinson was driving a vehicle occupied by Plaintiffs, Audrey Harris, Jerry Schaffer, and Kiershira Robinson. Anthony Robinson is also a Cross-Claim Plaintiff in this suit. Ronan Ryan operated the tractor-trailer in the course and scope of his employment for C.R. England. This was a low impact accident. Just before the accident, Mr. Ryan was in the far right lane, and the delivery location was on the opposite side of the road such that he needed to cross over the left lane and into the left turning lane. Mr. Ryan fully stopped his vehicle in the right lane while waiting for traffic to clear in the left lane. Once all the cars traveling in the left lane had passed, Mr. Ryan began to accelerate. He was traveling no more than 5 mph when he started to enter the left lane. He then saw Mr. Robinson's SUV approaching at a fast pace in his side mirror. He then stopped his tractor-trailer and waited for the impact. Mr. Ryan has consistently maintained that **Mr. Robinson stopped his vehicle for approximately fifteen seconds and then accelerated and slammed into the back of his trailer.**

## LAW & ARGUMENT

Louisiana Code of Civil Procedure article 1601 provides that a continuance may be granted in any case if there is good ground therefor, and that the decision to grant a continuance rests within the sound discretion of the trial court. *See, e.g. Sauce v. Bussell,* 298 So.2d 832 (La. 1974); *Bryer Insurance Agency, Inc. v. Bruno,* 259 So.2d 55, 57 (1972). A trial judge must look to the facts of each case when a continuance is requested. *E.g., Davis v. Mayberry,* 2000-1266 (La. App. 4th Cir. 11/28/01), 802 So.2d 974, 978; *Board of Supervisors of LSU v. Hol,* 572 So.2d 759, 761 (La. App.

---

[2] Exhibit A, Email from Plaintiffs' Counsel dated April 23, 2019.

2

4th Cir. 1990). In this case, there are several reasons the Court should continue the current trial as well as all pre-trial deadlines.

**I.      Newly-discovered information of possible fraud requires a continuance.**

As stated previously, on May 24, 2019, C.R. England Defendants learned that this case fits a pattern of a long line of fraudulent trucking accident cases. It is also under active investigation by multiple federal and state agencies. At the outset, undersigned does not believe and is not suggesting that opposing counsel is in anyway involved with the possible fraudulent activity possibly undertaken by their clients. However, the facts of this accident share certain similarities between this case and the other alleged fraudulent cases ("fraud cases"), which are worth noting.

This case and the fraud cases both involve big truck accidents, involving multiple plaintiffs in a single vehicle. Minimal damage to Plaintiffs' vehicles were reported in each case, which is also the case here. The similarity of the type of accident, a sideswipe, is similar across virtually all cases. All of the accidents occurred in a similar geographic area in Orleans Parish. Further, this accident occurred in 2015 around the same time that many of the other accidents in the fraud cases occurred. Additionally, in speaking with other defense counsel who have defended fraud cases, the Plaintiff driver, Anthony Robinson, and Plaintiff passenger Keishira Robinson, may be involved in, or have a relationship to, Plaintiffs in other fraud cases. The investigating officer in this case is also listed as a witness in other cases in divisions of this same Court. In addition, Defendant driver Ronan Ryan has maintained, from his time talking to the police, and through his deposition, that he believed the other driver in this accident purposefully collided with his vehicle after first coming to a complete stop. Only now have the C.R. England Defendants learned of possible extrinsic evidence to corroborate Mr. Ryan's claims.

The CR England Defendants, having just learned of a pattern of possible fraud involving similar accident, are entitled to a short continuance to do discovery on the narrow topic of possible fraud and the pre-staging of these accidents. Continuances have been granted by other divisions of this Court under similar circumstances, and rightfully so.

It would be a grave injustice for this case to proceed to trial and a judgment be entered against the CR England defendants, only later to learn that the ongoing investigation showed that the Plaintiffs are engaged in fraud. In fact, such a finding without proper chance to investigate

3

would warrant a new trial, even after the rendering of a final judgment.[3] This would result in a new trial on the same facts before the same Court, amounting to a pointless waste of judicial resources. The Plaintiffs would not be prejudiced by a short continuance. Conversely, forcing this case to trial without allowing the C.R. England Defendants to explore a potential affirmative defense based on **new information**, could result in a judgment of millions of dollars against innocent victims of fraud. Such a result would only encourage others to commit fraud on the Court.

The discovery, investigation, and motion practice necessary to properly prepare this case for trial in less than a month is insurmountable. Investigating officers from this and other cases must be called to testify. Phone records must be subpoenaed. The Plaintiffs must be re-deposed. And undoubtedly, if new information is discovered related to fraud, motion practice will ensue as to what information the jury will hear at trial. Therefore, if the Court finds the C.R. England Defendants are owed an opportunity to investigate this matter, then the current trial deadline must be moved.

The unusual circumstances of this case and the extensive discovery, investigation, and motion practice necessary to prepare this case for trial, warrant a continuance. If this case is ordered to proceed to trial without further discovery, it would assuredly implicate constitutional due process right to present a defense, which includes a requirement for the adequate opportunity to conduct meaningful discovery. *See, e.g., Zarek v. Sanders*, 94-188 (La. App. 5 Cir. 10/12/94), 656 So.2d 1038, 1041 (denying civil litigant opportunity to present a defense violates La. Const. art. I, § 22); *State, Dep't of Transp. & Dev. v. Stumpf*, 458 So.2d 448, 452 (La. 1984) (discovery articles enacted to ensure due process).

## II.    Newly-discovered medical information about a scheduled surgery of Audrey Harris also requires a continuance.

Undersigned counsel received the attached medical records of Audrey Harris, which, for the first time, informed C.R. England Defendants that she has a surgery "scheduled" for the July, which is directly after this trial.[4] This information comes on the heels of Ms. Harris' expert reports which project millions of dollars in costs for future medical care related to pain management.

---

[3] Such a finding would result in an annulment for vice of substance under Louisiana Code of Civil Procedure article 2004, which allows "[a] final judgment obtained by fraud or ill practices" to be "annulled."

[4] *See* Exhibit A.

4

However, if this surgery is successful, Ms. Harris' pain is likely to subside, and the need for future pain management, and the costs associated therewith, would be eliminated. The C.R. England Defendants suggest that a continuance is warranted based on these facts alone. And because Ms. Harris' surgery is scheduled for the same month that trial is set to conclude, the continuance would not necessarily need to be prolonged.

## CONCLUSION

This is an unusual case, and the facts supporting the continuance were newly-acquired and previously unavailable to C.R. England Defendants. At the very least, C.R. England Defendants should be granted a short continuance pending the outcome of Ms. Harris' surgery, during which time they conduct discovery to determine if in fact the Plaintiffs are involved in the pre-staging of this accident. The Plaintiffs will not be unduly prejudiced by this continuance, but the C.R. England defendants surely would be prejudiced by the denial of this motion.

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by either e-mail, facsimile, or mailing the same to each by First Class United States Mail, properly addressed and postage prepaid on this 3rd day of June, 2019.

_____
Matthew W. Bailey

Respectfully Submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

BY: _____
MATTHEW W. BAILEY (#21459)
SHANNON M. JAECKEL (#37738)
400 Convention Street, Suite 1001
Baton Rouge, Louisiana 70802
Telephone: (225) 615-7150
Facsimile: (504) 310-2101
mbailey@irwinllc.com
sjaeckel@irwinllc.com

5

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO.: 2016-0968                                              DIVISION: "J-15"

### AUDREY HARRIS, ET AL

### VERSUS

### C.R. ENGLAND, ET AL

### <u>RULE TO SHOW CAUSE</u>

Considering the foregoing MOTION TO CONTINUE TRIAL AND REQUEST FOR EXPEDITED HEARING on behalf of Defendants, C.R. England, Inc. and Ronan Ryan;

**IT IS HEREBY ORDERED** that Plaintiffs, Audrey Harris, Jerry Schaffer, and Keishira Robinson, and Defendant/Cross-Claim Plaintiff, Anthony Robinson, show cause at 9:00 o'clock a.m. on the 12th day of June, 2019 why C.R. England, Inc. and Ronan Ryan's Motion to Continue Trial should not be granted.

Signed this _____ day of _____, 2019, New Orleans, Louisiana.


_____
**JUDGE D. NICOLE SHEPPARD**


**SERVICE TO BE ACCOMPLISHED PURSUANT
TO LA. C.C.P. ART. 1313**

6

## Matthew Bailey

| | |
|---|---|
| **From:** | Jimmy Courtenay <jimmy@kinginjuryfirm.com> |
| **Sent:** | Tuesday, April 23, 2019 1:36 PM |
| **To:** | Kelly Pertuit |
| **Cc:** | Matthew Bailey; Lizzi Richard Showalter; Arnona Toni; Matthew E. Simmons; Jason Giles; Brian King |
| **Subject:** | Audrey Harris Medical/Surgery - Harris, et al v. C.R. England, et al |

All,

Audrey Harris is scheduled to have a C4-5-6 ACDF & C6-7 Exploration of Fusion w/ Dr. Shamieh @ Avala on 07/09/2019.

I found out late yesterday.

Thanks,

**Jimmy Courtenay**
Attorney
The King Firm
2912 Canal Street
New Orleans, LA 70119
Main: 504-909-5464
Fax: 800-901-6470
jimmy@kinginjuryfirm.com

1



EXHIBIT
A